IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATERA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-125 (LPS) |
| | ) | (CONSOLIDATED) |
| ARCHERDX, INC., ARCHERDX, LLC and | ) | |
| INVITAE CORP. | ) | |
| | ) | |
| Defendants. | ) | |

### NATERA, INC.'S LETTER BRIEF IN OPPOSITION TO
### DEFENDANTS' DISCOVERY DISPUTE LETTER

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Jack B. Blumenfeld (#1014) |
|  | Derek J. Fahnestock (#4705) |
|  | Antony D. Raucci (#5948) |
|  | 1201 North Market Street |
| OF COUNSEL: | P.O. Box 1347 |
|  | Wilmington, DE 19899 |
| MCDERMOTT WILL & EMERY LLP | (302) 685-9200 |
| William G. Gaede, III | jblumenfeld@morrisnichols.com |
| Bhanu K. Sadasivan | dfahnestock@morrisnichols.com |
| Jodi L. Benassi | araucci@morrisnichols.com |
| 415 Mission Street, Suite 5600 |  |
| San Francisco, CA 94105 | *Attorneys for Natera, Inc.* |
| (650) 815-7400 |  |

MCDERMOTT WILL & EMERY LLP
Mandy H. Kim
18565 Jamboree Road, Suite 250
Irvine, CA 92612
(949) 757-6061

June 16, 2021

Dear Chief Judge Stark:

Plaintiff Natera, Inc. ("Natera") submits this response to Defendants' ArcherDX, Inc., ArcherDX, LLC and Invitae Corp. (collectively, "Defendants") request to vacate the long-set May 2022 trial date and coordinate discovery with the *Genosity* case still in the pleading stage. Defendants' three page letter (i) violates the Court's Order specifically denying a request to brief through 3-page letters, (ii) attempts to obscure Defendants' tactical delay and lack of diligence in seeking to vacate the May 2022 trial date in this competitor litigation over the fast-emerging liquid biopsy market, and (iii) improperly seeks to compel Natera to supplement discovery responses for which the parties had not reached impasse (D.I. 224).

## I. DEFENDANTS DISREGARDED THE ORDER REQUIRING A MOTION TO MODIFY THE EXISTING SCHEDULE AND/OR SEEK COORDINATION

Defendants seek to coordinate two cases and set a trial in both a full year after the original trial date in a competitor case in a three-page letter – a format they already requested and the Court rejected last week. The Order denied Defendants' request for "*submission of 3-page letters*" to move to coordinate this instant action ("Archer action") with the separate action, *Natera, Inc. v. Genosity*, Inc., No. 20-1352-LPS ("Genosity action") and directed Defendants to "file a motion" should they "wish to modify an existing schedule and/or seek coordination or consolidation." D.I. 220. Natera objected to Defendants' attempt to use the Court's discovery dispute procedure both during the parties' June 10 meet and confer and in the parties' joint letter to the Court. D.I. 222. Defendants chose to ignore the Order and present Natera and the Court with a three-page motion as a *fait accompli*. Natera effectively has been forced into preparing a 3-page letter response in 24 hours despite the Court's Order denying this procedural mechanism. Defendants' request should be denied on this basis alone.

## II. DEFENDANTS' ATTEMPT TO VACATE THE MAY 2022 TRIAL DATE UNDER THE GUISE OF DISCOVERY COORDINATION SHOULD BE DENIED

Rule 16 requires good cause to modify a case schedule and continue a trial date. "Good cause" exists when the Schedule cannot reasonably be met despite the diligence of the party seeking the extension. Fed. R. Civ. P. 16(b)(4) Advisory Committee's Notes (1983 amendments). Defendants' own letter establishes their lack of diligence. *MacQueen v. Union Carbide Corp.*, 2015 WL 167674 at *8 (D. Del. Jan. 8, 2015) (denied motion to modify the case schedule because the moving party's "lack of diligence – not good cause" gave rise to the extension sought). Defendants admit they were long aware of the October 2020-filed Genosity action, *e.g.*, by the fact that Genosity was a customer of Defendants and by Natera's October Notice of Related case. Yet with these facts firmly in hand, at no time until last week did Defendants seek to move to coordinate the Archer action with the Genosity action. Even in the parties' Joint Status letter of May 7, Defendants were silent on the issue of coordinating the Genosity action and vacating the trial date for a year. D.I. 190.[1] In fact, Genosity and Invitae further delayed and

---

[1] Defendants' letter brief accuses Natera of delay in discovery, particularly on depositions. Yet (i) Natera served its Rule 30(b)(6) notice in early May, (ii) served its Rule 30(b)(1) notices in late-May, (iii) immediately provided dates for the vast majority of its noticed witnesses, (iv) all

contributed to the asynchrony in the schedules of the two cases. Genosity asked for a number of extensions, delaying the Genosity case schedule, and the case is still in the pleading stage. *See* D.I. 7, 8, 12 & 15 (Genosity action). Invitae announced its Genosity acquisition in early April, but refused Natera's reasonable May 7 offer to coordinate the cases in a manner that would maintain the trial date. Ex. 1. The delay in requesting coordination and vacating the trial date rests firmly at the feet of Defendants – ensuring maximum prejudice to Natera. There is no diligence here.

Defendants' letter seeks to place the onus on Natera for "creating asynchrony" "by delaying nine months to sue Genosity" as justification for vacating the trial date and imposing coordination. D.I. 224 at 1. The charge is meritless, and any "asynchrony" is due to Defendants' palpable delay. Natera sued Genosity on October 6, 2020 for infringing *the August 2020 issued '220 Patent*. There was no "nine month[]" delay. Defendants paint a picture that Natera has unreasonably delayed in asserting its patents, including strained arguments that Natera knew of Archer's activities as of 2014. D.I. 224 at 2. In fact, Natera sued its competitor Archer within days of the January 21, 2020, issuance of Natera's U.S. Patent No. 10,538,814. D.I. 1. Three additional patents issued shortly thereafter, and were added by amendment on April 15, 2020. D.I. 17. Likewise, upon issuance of the final '220 Patent in August 2020, Natera immediately filed suit against Archer and that action was immediately consolidated into the first action. D.I. 46. Natera could not have sued Archer in 2014 on patents that had not issued, and Natera has been moving diligently since its patents have issued.

Pursuant to Natera's request and Court Order, Natera and Archer submitted a Scheduling Order on July 27, 2020, with Natera requesting a January 2022 trial date. D.I. 34. The Court ultimately entered a Scheduling Order on October 7 adopting Defendants' proposed May 2022 trial date, with fact discovery closing on July 9, 2021. D.I. 60. Since that time, discovery has proceeded in the Archer action, and a *Markman* hearing with full briefing and depositions concluded on April 26, 2021. D.I 182. Coordination with the Genosity action – which is still in the pleadings stage and no scheduling order entered – should be denied. *Boston Scientific Scimed, Inc. v. Edwards Lifesciences Corp.*, 2018 WL 6040261 (D. Del. Nov. 9, 2018) (court denied consolidation motion because the disparate stages of the proceedings would result in a delay of the trial in the first action, undermining the policy goals of efficiency, expense, and fairness).

The court should "balance considerations of efficiency, expense, and fairness" when considering coordination of cases under Rule 42. *Resnik v. Woertz*, 774 F. Supp. 2d 614, 624 (D. Del. 2011). Unfairness to Natera and unnecessary expense plummets the balance against any consideration of efficiency from consolidating the cases. The prejudice to Natera is manifest. The liquid biopsy market may ultimately expand to $15 billion. Ex. 2. Unnecessary expense could have been saved if Defendants accepted Natera's reasonable May 7 offer to coordinate the cases in a way that would preserve the trial date. Ex. 1. Instead, Defendants' untimely request ensures maximum prejudice by foisting on Natera a one year delay orchestrated by Defendant Invitae as it spends over $3 billion to move into the liquid biopsy market through its two acquisitions. Ex. 3.

---

while Defendants have steadfastly refused to provide deposition dates for its noticed deponents. *See* D.I. 225 at 1. A modest 6-week schedule adjustment resolves deposition timing, *infra*.

3

Any purported efficiency from an extended trial date and consolidation inures solely to the benefit of Defendants. Natera would still need to gather discovery and prove infringement and damages. Defendants claim that the technology and Accused Products in the two cases are the same, but Paragraph 1 of Natera's Complaint against Genosity alleges the accused products are "Genosity's AsTra testing system, AsTra Profile, AsTra One, AsTra Next, Myeloid NGS Molecular Profile." D.I. 1 at ¶ 1 (Genosity action). These are not the same accused products in the Archer action, which accuses Archer's "LiquidPlex, Stratafide, Personalized Cancer Monitoring ("PCM"), ArcherMET, FusionPlex, and VariantPlex" products. *See* D.I. 17, ¶ 1. If Defendants' claim is true that the underlying methodologies for infringement are the same, Genosity and Invitae can agree to be bound by the Archer action judgment on infringement and validity – an option Natera explored with counsel last Spring but was refused. If it is not true, that is even more reason not to consolidate and delay the trial. In any event, Defendants admit that the "Genosity matter will have unique issues" requiring discovery that is not duplicative of the Archer action. D.I. 224 at 2.

### III. MODIFYING CASE SCHEDULE

Natera made a reasonable proposal to Defendants on amending the Schedule to extend close of fact discovery to August 20 to accommodate any difficulties in completing depositions while ensuring Natera has sufficient time following the close of fact discovery to complete its expert reports. As stated in Natera's letter brief of yesterday, Natera is very concerned that Defendants will continue to delay in providing dates for its witnesses. It is now 19 days since Natera served its Rule 30(b)(1) notices and well over 30 days since its Rule 30(b)(6) notice. Yet Defendants have provided only a date for one 30(b)(1) noticed witness and refuse to provide any witnesses or dates for the topics in Natera's Rule 30(b)(6) notice. As stated yesterday, Natera requests assistance from the Court to direct Defendants to provide dates for the majority of its witnesses in June and July so that all depositions are not forced into August. *See* D.I. 225 at 1.

### IV. DEFENDANTS' MOTION TO COMPEL IS UNWARRANTED BECAUSE NATERA NEVER REFUSED TO SUPPLEMENT INTERROGATORIES 3-7

Defendants continue to mischaracterize Natera's discovery responses and the parties' discussions around supplemental interrogatory responses. Defendants first raised their demand that Natera supplement on June 6 only after Natera raised deficiencies with Defendants' own interrogatory responses. Ex. 4. Although Interrogatory Nos. 3-6 seek validity and damages contentions that are more properly the subject of expert discovery, Natera agreed to consider Defendants' proposal for mutual supplementation of interrogatories during the parties' June 10 meet and confer. Defendants requested relief from the Court the very next day. As Defendants' letter acknowledges, Natera thereafter agreed to supplement its responses by June 25 absent an agreement by the parties regarding an extension of discovery. Ex. 5. In short, there is not – and was never – an impasse. Defendants' rush to include this issue has diverted the parties resources to unnecessary briefing. If the schedule for fact discovery is modified, the parties need to coordinate mutual supplementation, including Defendants' supplementation. Finally, Interrogatory No. 7 relates to Natera's prayer requesting exceptional case relief. While Natera is not refusing to supplement, Defendants' demand for a complete response now is unwarranted.

        Respectfully,

        */s/ Anthony D. Raucci*

        Anthony D. Raucci (#5948)

Enclosures

cc:    All Counsel of Record (w/enc.) – By E-Mail