IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATERA, INC.,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>ARCHERDX, INC., ARCHERDX, LLC,<br>AND INVITAE CORPORATION<br><br>　　　Defendants. | C.A. No. 20-cv-125-LPS<br>(Consolidated)<br><br>**REDACTED - PUBLIC VERSION** |

TJUH'S RESPONSE TO PLAINTIFF'S JUNE 15, 2021
DISCOVERY DISPUTE LETTER

Dated: June 16, 2021

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
Kaitlin Paulson (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

*Attorneys for TJUH*

Dear Chief Judge Stark,

Third party Thomas Jefferson University Hospital ("TJUH") writes in response to Natera Inc.'s ("Natera") June 15 letter seeking to compel a deposition of one of TJUH's laboratory testing staff members.

Natera's demand for a deposition of TJUH is disproportionate to the needs of the case and unjustified. ██████████████████████████████████████████████████████████████ At the same time, TJUH is a non-profit hospital with stretched resources as the country emerges from a pandemic.

Nevertheless, Natera has subpoenaed TJUH for documents, ostensibly to show third-party use for the purpose of proving inducement. In response to Natera's subpoena, ██████████████████████████████████████████████████████████████ This is all that Natera needs.

Natera nonetheless insists upon burdening TJUH and deposing one of its laboratory staff members, whose time spent providing medical services is undoubtedly far more critical than Natera's thirst for discovery. A "party seeking discovery from a third party is required to show the relevance **and need** of the discovery sought." *Avago Techs. U.S., Inc v. IPtronics Inc.*, 309 F.R.D. 294, 299 (E.D. Pa. 2015) (emphasis added). "In assessing the burden of complying with a subpoena, a court may consider as one factor that a deponent is not a party." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987).

Natera offers no justification for imposing the burden of a deposition upon TJUH. As to the element of burden, Natera has asserted in this case that "[d]epositions under oath remain a significant undertaking for witnesses and counsel apart from travel and lodging." D.I. 142 at 3. Natera thus cannot deny that the burden of a deposition would be significant, particularly for a third party witness engaged in important medical work, who will need to take time from this work to both prepare for and sit for the deposition. This consideration decidedly weighs against a deposition. *See id*.

As to the required need element, Natera has steadfastly refused to explain in meet and confer why a TJUH deposition is needed. *See* Ex. 4. In its letter, Natera does no better. Natera does not even assert need. D.I. 255 at 3. Natera simply asserts that the requested discovery is "relevant to Natera's indirect infringement and damage claims against Defendants." *Id*. Merely asserting relevance, however, is not enough. *See Avago*, 309 F.R.D. at 299. Natera does not identify any information that is uniquely in the hands of TJUH that it has not received from ArcherDX or that may be additive after meaningful opportunities to query ArcherDX and review the extensive internal documents already provided by TJUH to Natera. Natera knows how much

TJUH has bought, it has the details of the products, and it has ArcherDX's communications regarding the products. Natera will likely get dozens of hours of deposition from ArcherDX witnesses regarding these products. Nothing else is needed.[1]

In fact, Natera has acknowledged that a TJUH deposition is unnecessary because it has already offered to accept a declaration from TJUH in lieu of a deposition. *See* Ex. 4. Given the weak showing in Natera's letter, TJUH probably should not even be required to prepare this declaration. If Natera is given any further discovery, it should be directed to accept this declaration, together with all the materials produced in response to its subpoena, as sufficient. In no circumstances is an intrusive deposition warranted.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Mail)

---

[1] Natera's letter suggests that a TJUH in-house attorney with first interfaced with Natera previously agreed to a deposition. The cited correspondence, however, is hardly clear on this point and is simply focused on extension of response deadlines. D.I. 225, Ex. 5. Regardless, Natera does not contend that TJUH has waived any right to object to a burdensome deposition.

# EXHIBIT 1

# REDACTED IN ITS ENTIRETY

# EXHIBIT 2

# REDACTED IN ITS ENTIRETY

# EXHIBIT 3

# REDACTED IN ITS ENTIRETY

# EXHIBIT 4

| | |
|---|---|
| **From:** | Walter, Derek |
| **Sent:** | Monday, June 7, 2021 10:27 PM |
| **To:** | Benassi, Jodi; ArcherDX Natera; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com |
| **Cc:** | Natera-ArcherDX MWE Team; dfahnestock; JBlumenfeld@MNAT.com; Raucci, Anthony D. |
| **Subject:** | RE: Subpoena to Genosity |

Jodi:

TJUH objects to the deposition at least on the basis we explained during our meet and confer. It's totally unnecessary for this case and disproportionate to the needs of the case for Natera to seek to depose a witness from a non-profit hospital that is a minor customer of Invitae. We disagree that you have not received substantial information. To the extent you need further clarification regarding the details of certain spreadsheets, such information can easily be provided via a declaration without forcing a hospital laboratory staff member to take time out of his or her work day to prepare for and sit for deposition. We've asked many times why such intrusive discovery from this third party is justified, and you've never explained it. Suggesting that you may force a witness from TJUH to actually attend trial is unjustified.

A declaration should be enough here.

Thanks,

Derek

---

**From:** Benassi, Jodi <Jbenassi@mwe.com>
**Sent:** Friday, June 4, 2021 4:14 PM
**To:** Walter, Derek <Derek.Walter@weil.com>; ArcherDX Natera <ArcherDX.Natera@weil.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Natera-ArcherDX MWE Team <Natera-ArcherDXMWETeam@mwe.com>; dfahnestock <dfahnestock@morrisnichols.com>; JBlumenfeld@MNAT.com; Raucci, Anthony D. <araucci@MNAT.com>
**Subject:** RE: Subpoena to Genosity

Derek,

First, Natera did not agree to a written declaration in lieu of a TJU deposition, we said we would consider it as an option. Natera will not accept a written declaration on the condition that it waive objections or not call TJU as a witness at the trial. Second, TJU has not provided substantial information, it has provided less than Natera requested and we pointed out Defendants deficiencies in a separate communication. As we've explained in prior correspondences and during our meet and confer, we believe a focused deposition is most efficient for all parties involved (rather than a written declaration) and we do not expect a full day deposition.

On what grounds is TJU objecting to a deposition at this point? TJU has already agreed to a deposition, as I pointed out in my earlier email. This is a large hospital with almost 10,000 employees and is one of Archer's top 30 customers.

Regards,
Jodi

1

JODI BENASSI
Associate

**McDermott Will & Emery LLP**  415 Mission Street, Suite 5600, San Francisco, CA 94105-2616
**Tel** +1 628 218 3896    **Mobile** +1 408 202 6601    **Email** jbenassi@mwe.com
Biography | Website | vCard | Twitter | LinkedIn

---

**From:** Walter, Derek <Derek.Walter@weil.com>
**Sent:** Thursday, June 3, 2021 8:26 PM
**To:** Benassi, Jodi <Jbenassi@mwe.com>; ArcherDX.Natera@weil.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Natera-ArcherDX MWE Team <Natera-ArcherDXMWETeam@mwe.com>; dfahnestock <dfahnestock@morrisnichols.com>; jblumenfeld@mnat.com; Raucci, Anthony D. <araucci@MNAT.com>
**Subject:** RE: Subpoena to Genosity

**[ External Email ]**
**[ External Email ]**

Jodi:

We've conferred with TJUH, and we do not believe a deposition is warranted here. As you suggested during our meet and confer, in lieu of a deposition, we'll work with you to prepare an appropriate declaration regarding the substance of the spreadsheets TJUH has been produced on the condition you'll agree not to attempt to call a TJUH witness at trial in the event this case proceeds to trial. Given that we've provided substantial information regarding the documents at issue, we expect Natera will prepare the first draft of the declaration for our review.

Thanks,

Derek

---

**From:** Benassi, Jodi <Jbenassi@mwe.com>
**Sent:** Thursday, May 27, 2021 1:31 PM
**To:** ArcherDX Natera <ArcherDX.Natera@weil.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Natera-ArcherDX MWE Team <Natera-ArcherDXMWETeam@mwe.com>; dfahnestock <dfahnestock@morrisnichols.com>; JBlumenfeld@MNAT.com; Raucci, Anthony D. <araucci@MNAT.com>
**Subject:** RE: Subpoena to Genosity

Counsel,

We are concerned with Genosity's continued delay in providing the information it agreed to produce more than three months ago. We want to be reasonable and appreciate that Weil became counsel of record on April 26, but we informed you of Natera's pending request over a month ago and this request seeks information in Genosity's possession and maintained in the ordinary course of business. We need confirmation by COB tomorrow that no later than June 3 – Genosity will produce this information. As you know, the close of fact discovery is fast approaching. If we do not receive confirmation, we will have no choice but to seek the Court's assistance.

Regards,
Jodi

JODI BENASSI
Associate

**McDermott Will & Emery LLP**  415 Mission Street, Suite 5600, San Francisco, CA 94105-2616
**Tel** +1 628 218 3896    **Mobile** +1 408 202 6601    **Email** jbenassi@mwe.com
Biography | Website | vCard | Twitter | LinkedIn

**From:** Paulson, Kaitlin <Kaitlin.Paulson@weil.com>
**Sent:** Monday, May 24, 2021 5:07 PM
**To:** Benassi, Jodi <Jbenassi@mwe.com>; Natera-ArcherDX MWE Team <Natera-ArcherDXMWETeam@mwe.com>; dfahnestock <dfahnestock@morrisnichols.com>; jblumenfeld@mnat.com; Raucci, Anthony D. <araucci@MNAT.com>
**Cc:** ArcherDX.Natera@weil.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Subject:** RE: Subpoena to Genosity

**[ External Email ]**
Counsel:

We received your email. As you are aware, we only recently became counsel of record in this matter and are diligently endeavoring to get up to speed. Currently, Genosity is preparing the spreadsheet responsive to RFP No. 5 and we will provide it to you when it is complete.

Regards,
Kaitlin


**From:** Benassi, Jodi <Jbenassi@mwe.com>
**Sent:** Monday, May 24, 2021 6:06 AM
**To:** ArcherDX Natera <ArcherDX.Natera@weil.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Natera-ArcherDX MWE Team <Natera-ArcherDXMWETeam@mwe.com>; dfahnestock <dfahnestock@morrisnichols.com>; JBlumenfeld@MNAT.com; Raucci, Anthony D. <araucci@MNAT.com>
**Subject:** RE: Subpoena to Genosity

Counsel,

Please let us know your availability to meet and confer by COB today.

Regards,
Jodi

JODI BENASSI
Associate
**McDermott Will & Emery LLP**  415 Mission Street, Suite 5600, San Francisco, CA 94105-2616
**Tel** +1 628 218 3896     **Mobile** +1 408 202 6601     **Email** jbenassi@mwe.com
Biography | Website | vCard | Twitter | LinkedIn

**From:** Benassi, Jodi
**Sent:** Wednesday, May 19, 2021 6:21 PM
**To:** ArcherDX.Natera@weil.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Natera-ArcherDX MWE Team <Natera-ArcherDXMWETeam@mwe.com>; Fahnestock, Derek <dfahnestock@morrisnichols.com>; jblumenfeld@mnat.com; Raucci, Anthony D. <araucci@MNAT.com>
**Subject:** RE: Subpoena to Genosity

Counsel,

Archer has had ample time to investigate and respond to this request and close of fact discovery is fast approaching.

Please let us know your availability to meet and confer as it appears the parties are at an impasse on this issue.

Regards,
Jodi

JODI BENASSI
Associate
**McDermott Will & Emery LLP**  415 Mission Street, Suite 5600, San Francisco, CA 94105-2616
**Tel** +1 628 218 3896    **Mobile** +1 408 202 6601    **Email** jbenassi@mwe.com
Biography | Website | vCard | Twitter | LinkedIn

---

**From:** Reines, Edward <edward.reines@weil.com>
**Sent:** Friday, April 30, 2021 3:31 PM
**To:** Benassi, Jodi <Jbenassi@mwe.com>; ArcherDX.Natera@weil.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Natera-ArcherDX MWE Team <Natera-ArcherDXMWETeam@mwe.com>; Fahnestock, Derek <dfahnestock@morrisnichols.com>; jblumenfeld@mnat.com; Raucci, Anthony D. <araucci@MNAT.com>
**Subject:** RE: Subpoena to Genosity

**[ External Email ]**
Jodi, thanks for your note.   Yes, we are taking over the representation as I discussed with Bill earlier this week.   We will get our arms around the below issues and expect to respond shortly.   A good weekend to all.  Best, Ed

---

**From:** Benassi, Jodi <Jbenassi@mwe.com>
**Sent:** Friday, April 30, 2021 3:21 PM
**To:** ArcherDX Natera <ArcherDX.Natera@weil.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Natera-ArcherDX MWE Team <Natera-ArcherDXMWETeam@mwe.com>; Fahnestock, Derek <dfahnestock@morrisnichols.com>; JBlumenfeld@MNAT.com; Raucci, Anthony D. <araucci@MNAT.com>
**Subject:** RE: Subpoena to Genosity

Counsel,

We have not received a response to this email.

Please advise.

Regards,
Jodi

JODI BENASSI
Associate
**McDermott Will & Emery LLP**  415 Mission Street, Suite 5600, San Francisco, CA 94105-2616
**Tel** +1 628 218 3896    **Mobile** +1 408 202 6601    **Email** jbenassi@mwe.com
Biography | Website | vCard | Twitter | LinkedIn

---

**From:** Benassi, Jodi
**Sent:** Thursday, April 22, 2021 4:47 PM
**To:** ArcherDX.Natera@weil.com; bfarnan@farnanlaw.com; 'mfarnan@farnanlaw.com' <mfarnan@farnanlaw.com>
**Cc:** Natera-ArcherDX MWE Team <Natera-ArcherDXMWETeam@mwe.com>; Fahnestock, Derek <dfahnestock@morrisnichols.com>; jblumenfeld@mnat.com; Raucci, Anthony D. <araucci@MNAT.com>
**Subject:** Subpoena to Genosity

Counsel,

4

As you know, Genosity was recently purchased by Invitae and as such we understand that you will be taking over representation of Genosity in response to the subpoena issued by Natera. On Feb. 25, 2021, Genosity agreed to produce a spreadsheet or documents sufficient to show the number of times Genosity has performed the steps and/or process with the Accused Products, including the identity of primers, target loci, molecular barcodes, and PCR conditions in response to Natera's subpoena request no. 5. We still have not received these documents.  Please confirm Genosity will produce responsive documents by April 30, 2021 or let us know when we can expect to receive these documents.

On Feb. 25, 2021, Genosity also stated that it conferred with Archer and Archer has confirmed it will be producing documents responsive to subpoena Request Nos. 1, 2, and 4. Natera has not received responsive documents from Archer. As counsel for Archer (and Genosity), and pursuant to the parties' joint status report [D.I. 175], please confirm Archer will produce responsive documents by April 30, 2021.

Regards,
Jodi

JODI BENASSI
Associate
**McDermott Will & Emery LLP**  415 Mission Street, Suite 5600, San Francisco, CA 94105-2616
**Tel** +1 628 218 3896    **Mobile** +1 408 202 6601    **Email** jbenassi@mwe.com
Biography | Website | vCard | Twitter | LinkedIn

*********************************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
*********************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# EXHIBIT 5

# REDACTED IN ITS ENTIRETY