# Exhibit 1

# Redacted in Its Entirety

# Exhibit 2

# Redacted in Its Entirety

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATERA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 20-cv-125-LPS |
| | ) | (Consolidated) |
| ARCHERDX, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ARCHERDX, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-7)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, ArcherDX, Inc. ("Archer" or "Defendant") hereby requests that Plaintiff Natera, Inc. ("Natera" or "Plaintiff"), by officer or agent of Natera, answer the following interrogatories separately and fully, in writing and under oath, within thirty (30) days of service.

## DEFINITIONS

The following definitions apply to the Interrogatories set forth below and to the Instructions provided below.

1.      "Archer," "ArcherDX," "ArcherDX, Inc.," "ArcherDX LLC" or Defendant means ArcherDX LLC.

2.      "Natera," "Natera, Inc.," "You," "Your," or "Plaintiff" means Natera, Inc. and each of its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, partners, corporate parents, subsidiaries, affiliates, divisions, predecessors-in-interest (including Gene Security Network), or successors-in-interest and any person or entity, past or present, acting on its behalf.

2.      Each interrogatory shall be answered fully unless it is in good faith objected to, in which event the reasons for Natera's objections shall be stated in detail. If any objection pertains to only a portion of an interrogatory or to a word, phrase, or clause contained in it, Natera shall state its objection to that portion and respond to the remainder of the interrogatory, using good faith efforts to do so.

3.      If Natera elects to avail itself of the procedure authorized by Fed. R. Civ. P. 33(d) for answering interrogatories, Natera shall specify the production numbers or other identifying information of the documents from which the answer may be derived or ascertained.

4.      None of the definitions and instructions or the interrogatories should be construed as an admission relating to the existence of any evidence, to the relevance as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or interrogatory.

5.      Natera's answers hereto are to be signed and verified by the person making them, and objections signed by the attorney making them.

6.      These interrogatories are ongoing and continuing in nature. Natera is requested to promptly supplement its responses in accordance with Fed. R. Civ. P. 26(e).

## INTERROGATORIES

## INTERROGATORY NO. 1

Separately for each Asserted Claim of the Patents-In-Suit, on a claim-by-claim and element-by-element basis, describe the development of the alleged invention of each claim, including the identity of the alleged inventor(s) of each claim and facts, acts, circumstances, and corroborating evidence concerning the alleged invention of the subject matter of the claim. Your response should describe, without limitation, the events of conception, actual reduction to practice, constructive reduction to practice, diligence leading to reduction to practice, and lack of abandonment, suppression, and concealment, and identification of the dates on which these

events occurred and an identification of at least three persons most knowledgeable regarding the facts requested by this Interrogatory.

## INTERROGATORY NO. 2

Separately for each Asserted Claim of the Patents-In-Suit, describe in detail the facts and circumstances relating to the first written description, offer for sale, sale, public disclosure, public use, or disclosure to another of the alleged invention of the Patents-In-Suit, including the identity of the parties to each such event, the date on which each such event occurred, the three most knowledgeable persons regarding such event, and an identification of any documents demonstrating the existence of such event.

## INTERROGATORY NO. 3

Explain in detail facts and circumstances that support or otherwise relate to any alleged secondary considerations of non-obviousness of any Asserted Claim, including identification of Documents supporting or undermining Your contentions that the alleged invention: (a) satisfied a long-felt need, solved problems the industry failed to solve; (b) was the subject of skepticism expressed in the industry; (c) has been a commercial success; (d) has had its significance recognized by the industry; (e) has been copied by others; and/or (f) has achieved unexpected results; and further describe the alleged nexus between each such consideration and each Asserted Claim.

## INTERROGATORY NO. 4

To the extent Natera contends it is entitled to damages based on a reasonable royalty, identify the rate(s) of such royalty and describe in detail the bases for Natera's contention, including with reference to the factors outlined in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1119-20 (S.D.N.Y. 1970); identify the damages that Natera claims to have incurred as a result of any conduct of Archer that forms the basis of any asserted cause of action, including identifying with particularity the specific amount (including formula and method of calculation), theory, nature of, and each item of damage, including any factors concerning the entire market value rule as set forth in *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011); and identify the three persons most knowledgeable of the subject matter of this Interrogatory.

## INTERROGATORY NO. 5

Separately for each sale of an Accused Product alleged to infringe any of the Patents-In-Suit, describe in detail facts and circumstances concerning each sale allegedly lost by Natera as a result of the allegedly infringing sale, including an identification of the Natera product that Natera alleges would have been sold but for the allegedly infringing sale, the amount of that Natera product that Natera alleges would have been sold and the price, evidence of any offer made by Natera in competition with Archer to sell that Natera product to the customer, demand from the customer for that Natera product, the presence or absence of suitable non-infringing alternatives, the amount of the profit that was allegedly lost, the Natera corporate entity that lost that profit, and Natera's market share among competitors relevant to that Natera product, and identify the three persons most knowledgeable of the subject matter of this Interrogatory.

## INTERROGATORY NO. 6

Describe in detail facts and circumstances concerning any contention by You that Natera is entitled to injunctive relief as a remedy for infringement of any of the Patents-In-Suit, including an identification and description of all bases supporting any contention that (1) Natera has or will suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate Natera for that injury; (3) that considering the balance of hardships between the Natera and Archer, injunctive relief is warranted; and (4) that the public interest would not be disserved by the issuance of injunctive relief as a remedy for infringement of the Patents-In-Suit, and identify the three persons most knowledgeable of the subject matter of this Interrogatory.

## INTERROGATORY NO. 7

Describe in detail facts and circumstances concerning any contention by You that Archer's alleged infringement of the Patents-In-Suit has been willful and/or that this is an "exceptional case" under 35 U.S.C. § 285, including an identification and description of all bases supporting any contention that (1) this is an egregious case of misconduct beyond typical infringement; (2) Archer subjectively believed or believes that it is infringing any valid claim of the Patents-In-Suit; and (3) enhanced or treble damages are warranted, and identify the three persons most knowledgeable of the subject matter of this Interrogatory.

October 26, 2020

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com


Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
WEIL, GOTSHAL &MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000


*Attorneys for Defendant / Counterclaimant
ArcherDX, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I, Brian E. Farnan, hereby certify that on October 26, 2020, a copy of ArcherDX, Inc.'s

First Set of Interrogatories (Nos. 1-7) was served on the following as indicated:

<u>Via E-Mail</u>
Jack B. Blumenfeld
Derek J. Fahnestock
Anthony D. Raucci
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
dfahnestock@mnat.com
araucci@mnat.com

*Attorneys for Plaintiff Natera, Inc.*

<u>Via E-Mail</u>
William G. Gaede, III
Bhanu K. Sadasivan
Mandy H. Kim
Jodi Benassi
MCDERMOTT WILL & EMERY LLP
wgaede@mwe.com
bsadasivan@mwe.com
mhkim@mwe.com
jbenassi@mwe.com

*Attorneys for Plaintiff Natera, Inc.*

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)

# Exhibit 4

# Redacted in Its Entirety

# Exhibit 5

# Redacted in Its Entirety

# Exhibit 6

# Redacted in Its Entirety

# Exhibit 7

# Redacted in Its Entirety

# Exhibit 8

# Redacted in Its Entirety

# Exhibit 9

# Redacted in Its Entirety

# Exhibit 10

# Redacted in Its Entirety

# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATERA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-125 (LPS) |
| | ) | (CONSOLIDATED) |
| ARCHERDX, INC., ARCHERDX, LLC and | ) | |
| INVITAE CORP. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

### NATERA, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF <u>CIVIL PROCEDURE 30(b)(6)</u>

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff Natera, Inc. ("Natera"), by and through their undersigned attorneys, hereby responds to ArcherDX, Inc.'s, ArcherDX, LLC's and Invitae Corp.'s (collectively "Defendants"), Second Notice of Deposition as follows:

### <u>RESERVATION OF RIGHTS</u>

Natera's responses and objections (collectively "Responses") to Defendants' Second Notice of Deposition ("Notice") do not constitute any admission by Natera that any questions posed at deposition pursuant to the Notice, or the answers thereto, are admissible as evidence at trial or any other proceeding.  Natera specifically reserves the right to object on any grounds, at any time, to the specific questions posed at any deposition and to the admission of any question, any response, or document produced at trial or other proceeding.

Natera's agreement to designate one or more witnesses to testify in response to a deposition topic is not a representation that information or documents responsive to that deposition topic exist or are known or reasonably available to Natera, that such topic is relevant to any issue in the litigation, or that Natera has in its possession, custody or control information or documents

14.     Natera's objections are made subject to, and without waiver of, Natera's rights to: (1) object to questions presented at the deposition; and/or (2) contest the relevance, materiality, or admissibility of any information disclosed or discussed during the deposition.

15.     Natera is still investigating and analyzing facts and law pertaining to this action, and has not yet completed this investigation.  Natera therefore, reserves the right to add, modify or otherwise change or amend its present responses.  Those responses are also subject to correction for omissions or errors.

## OBJECTIONS TO DEFINITIONS

1.     Natera objects to ArcherDX's definition of "Natera," "Natera, Inc.," "Plaintiff," "You," and "Your" to the extent it imposes duties on or would require the discovery of information from Persons that are not reasonably within the scope of discovery or subject to discovery obligations.   For purposes of its responses, Natera understands "Natera," "Natera, Inc.," "Plaintiff," "You," and "Your" to mean Natera, Inc.

2.     Natera objects to the definition of "Counterpart" as overly broad.  The definition purports to include "any and all patents in any country based upon any application related in any fashion to the Asserted Patents (or to the corresponding application on which they were granted), including any counterparts and any patents that may have been opposed, reexamined, reissued, or subjected to any validity or nullity proceeding."  For purposes of its responses, Natera has limited the term "Related Patents" to the Asserted Patents and the priority patents or applications thereof.

## SPECIFIC OBJECTIONS AND RESPONSES TO RULE 30(b)(6) DEPOSITION TOPICS

**TOPIC NO. 52:**

The facts and circumstances relating to Your decision to prosecute the Asserted Patents.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of Civil Procedure by encompassing information not relevant to this Action.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including inter alia, information related to "facts and circumstances."  Natera further objects to this Topic as vague and ambiguous, including the terms "facts," "circumstances," "relating," "prosecute" and "decision."  Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

**TOPIC NO. 53:**

The facts and circumstances surrounding the prosecution of the Asserted Patents.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of

Civil Procedure by encompassing information not relevant to this Action.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including inter alia, information related to "facts and circumstances."  Natera further objects to this Topic as vague and ambiguous, including the terms "facts," "circumstances," "surrounding" and "prosecution."  Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

**TOPIC NO. 54:**

Your knowledge of the Accused Products and/or ArcherDX's AMP technology in connection with the prosecution of the Asserted Patents.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of Civil Procedure by encompassing information not relevant to this Action.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including inter alia, information related to "ArcherDX's AMP technology."  Natera further objects to this Topic as vague and ambiguous, including the terms "knowledge," "ArcherDX's AMP technology," "in connection"

applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within Defendants' possession.  Natera also objects to this Topic as premature to the extent that it seeks expert testimony or information that may be developed through expert discovery.  Natera further objects to this Topic to the extent that it calls for legal conclusions.  Natera objects to the Topics and Definitions to the extent that they call for Natera's contentions.  As Defendants are aware, such testimony from a Rule 30(b)(6) deponent is not allowed in the District of Delaware (*see supra* General Objection No. 8 and authority cited therein).  Moreover, Natera objects to all contention Topics as duplicative of interrogatories already served or as unwarranted and impermissible expansions of interrogatories and requests for production permitted in this case.  Natera further objects to this Topic as seeking information that is more properly sought through other types of discovery, including written discovery requests.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will identify and provide a 30(b)(6) witness or witnesses to testify regarding non-privileged factual information as to first knowledge of the accused products that use the Anchored Multiplex PCR ("AMP") technology.

**TOPIC NO. 57:**

The commercial relationship between You and ArcherDX, and any discussions in furtherance of such a relationship.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks information that is not relevant to a party's claims or defenses or proportional to the needs of the case.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including *inter alia*, information related to "any discussions."  Natera further objects to this Topic as vague and ambiguous, including the terms "commercial relationship" and "discussions."   Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within ArcherDX's possession.  Natera also objects to this Topic as premature to the extent that it seeks expert testimony or information that may be developed through expert discovery.  Natera further objects to this Topic to the extent that it calls for legal conclusions.  Natera further objects to this Topic to the extent it is duplicative of other discovery taken in this Action, including document requests, and/or to the extent it is more easily available through other less burdensome means.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera is willing to meet and confer on this Topic.

**TOPIC NO. 58:**

Your knowledge of Your purchases of the ArcherDX products, Your attempts to purchase such products, and/or quotes you received for such products.

1<br>

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks information that is not relevant to a party's claims or defenses or proportional to the needs of the case.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including *inter alia*, information related to "ArcherDX products."  Natera further objects to this Topic as vague and ambiguous, including the terms "knowledge," "purchases," "ArcherDX products," "attempts to purchase" and "quotes."  Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within ArcherDX's possession.  Natera further objects to this Topic to the extent it is duplicative of other discovery taken in this Action, including document requests, and/or to the extent it is more easily available through other less burdensome means.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera is willing to meet and confer on this Topic.

**TOPIC NO. 59**

Your knowledge of Your registration and/or attendance at seminars, presentations, talks, webinars, or conferences where ArcherDX products or AMP chemistry was discussed or presented.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of Civil Procedure by encompassing information not relevant to this Action.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including inter alia, information related to "knowledge of Your registration and/or attendance at seminars, presentations, talks, webinars, or conferences where ArcherDX products or AMP chemistry was discussed or presented."  Natera further objects to this Topic as vague and ambiguous, including the terms "knowledge," "registration and/or attendance," "seminars, presentations, talks, webinars, or conferences," "ArcherDX products," "AMP chemistry," "discussed" and "presented."  Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within ArcherDX's possession.  Natera further objects to this Topic to the extent it is duplicative of other discovery taken in this Action, including document requests, and/or to the extent it is more easily available through other less burdensome means.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

- 13 -

**TOPIC NO. 60**

Your knowledge of Your meetings with ArcherDX and the subject matter of those meetings.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of Civil Procedure by encompassing information not relevant to this Action.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including inter alia, information related to "knowledge of Your meetings with ArcherDX and the subject matter of those meetings." Natera further objects to this Topic as vague and ambiguous, including the terms "knowledge," "meetings" and "subject matter." Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within ArcherDX's possession.  Natera further objects to this Topic to the extent it is duplicative of other discovery taken in this Action, including document requests, and/or to the extent it is more easily available through other less burdensome means.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
dfahnestock@morrisnichols.com
araucci@morrisnichols.com

OF COUNSEL:

Bhanu K. Sadasivan
William G. Gaede, III
Jodi L. Benassi
MCDERMOTT WILL & EMERY LLP
415 Mission Street, Suite 5600
San Francisco, CA  94105
(650) 815-7400

Mandy H. Kim
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA  92612
(949) 757-6061

July 23, 2021

*Attorneys for Plaintiff Natera, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 23, 2021, copies of the foregoing were caused to be served

upon the following in the manner indicated:

Brian E. Farnan, Esquire                                              *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Defendants*

Edward R. Reines, Esquire                                          *VIA ELECTRONIC MAIL*
Derek C. Walter, Esquire
Kaitlin Paulson, Esquire
Concord Cheung, Esquire
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
*Attorneys for Defendants*

Christopher T. Marando, Esquire                              *VIA ELECTRONIC MAIL*
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC  20036
*Attorneys for Defendants*


/s/ *Derek J. Fahnestock*
_____
Derek J. Fahnestock (#4705)

# EXHIBIT 12

**Pai, Alice**

| | |
|---|---|
| **From:** | Paulson, Kaitlin |
| **Sent:** | Tuesday, August 3, 2021 8:05 AM |
| **To:** | Natera-ArcherDX MWE Team; JBlumenfeld@MNAT.com; dfahnestock; Raucci, Anthony D. |
| **Cc:** | ArcherDX Natera; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com |
| **Subject:** | RE: Natera v. Archer (20-cv-125):  Natera's Deficiencies re Second Set of 30(b)(6) Topics, Discovery, Invalidity Contentions |

Counsel:

We have still not heard from you.  We are available to meet and confer at noon PT today.  Unless you confirm that you will agree to meet and confer **by close of business today**, we will seek the Court's relief.

Regards,
Kaitlin

---

**From:** Paulson, Kaitlin
**Sent:** Monday, August 2, 2021 9:15 AM
**To:** Natera-ArcherDX MWE Team <Natera-ArcherDXMWETeam@mwe.com>; JBlumenfeld@MNAT.com; dfahnestock <dfahnestock@morrisnichols.com>; Raucci, Anthony D. <araucci@MNAT.com>
**Cc:** ArcherDX Natera <ArcherDX.Natera@weil.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Subject:** RE: Natera v. Archer (20-cv-125): Natera's Deficiencies re Second Set of 30(b)(6) Topics, Discovery, Invalidity Contentions

Counsel:

We have not yet heard back from you about our request to meet and confer below.  We are available to meet and confer today at or after 1pm PT, or tomorrow at noon PT.

Regards,
Kaitlin

---

**From:** Paulson, Kaitlin <Kaitlin.Paulson@weil.com>
**Sent:** Friday, July 30, 2021 7:10 PM
**To:** Natera-ArcherDX MWE Team <Natera-ArcherDXMWETeam@mwe.com>; JBlumenfeld@MNAT.com; dfahnestock <dfahnestock@morrisnichols.com>; Raucci, Anthony D. <araucci@MNAT.com>
**Cc:** ArcherDX Natera <ArcherDX.Natera@weil.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Subject:** Natera v. Archer (20-cv-125): Natera's Deficiencies re Second Set of 30(b)(6) Topics, Discovery, Invalidity Contentions

Counsel:

We write to raise a number of issues, including Natera's refusal to provide 30(b)(6) witnesses and its wholly deficient discovery responses.  First, Natera refuses to provide a witness on the majority of Defendants' second set of 30(b)(6) topics.   As discussed below, we believe there should not be any issues here as the topics are all reasonable, relevant, and tailored.  Second, as we raised in our July 14 correspondence, Natera's responses to Defendants' fifth set of

interrogatories are wholly deficient.  Natera's position on these interrogatories did not change in its July 21 response, so Defendants seek to meet and confer.  Third, as Defendants explained earlier this week, Natera's responses to Defendants' requests for admission are also deficient.  Natera has failed to respond to Defendants' request to meet and confer on the RFAs.  Fourth, as stated in Defendants' invalidity contentions and discussed in further detail below, Natera has impermissibly added additional claims to its final infringement contentions that were not included in its initial infringement contentions.  Finally, as discussed below, Natera cannot assert the uncorrected claims of the 482 patent against Defendants, and Natera has not taken sufficient action to assert the corrected claims.  We insist upon a meet and confer to address these topics; these issues are ripe and, with the close of fact discovery only a month away, are in need of immediate attention.  We understand you want to submit another letter to the Court on 30(b)(6) topics, and, in the interest of efficiency, these numerous outstanding issues ought to be addressed at the same time.  Please let us know promptly if Natera will refuse to meet and confer in a timely manner.  We are available Monday, August 2 at 9am PT.

**Defendants' Second Set of 30(b)(6) Topics**
As stated above, Defendants' second set of 30(b)(6) topics are all reasonable, relevant, and tailored to the scope of this litigation.  Natera, however, only agrees to provide witnesses *on two topics*.  What's more, for one of those two topics, Natera impermissibly limits the scope of what was otherwise a highly relevant and reasonable topic.  Natera seeks to meet and confer on the scope of three topics, all of which are straightforward and highly relevant to this litigation.  Finally, *Natera outright refuses to provide witnesses on six highly relevant and tailored topics.*  This is unacceptable.  Below, we address each topic in turn.

**Topic No. 52:** The facts and circumstances relating to Your decision to prosecute the Asserted Patents.
- *Natera's Position:*  Natera will not provide a witness.
- *Defendants' Response:*  This topic is highly relevant to the litigation, including Defendants' prosecution laches defense.  You've insisted we supplement our interrogatory response on this, so it's peculiar that you would refuse to provide a witness.  The topic also speaks to the value of the patents and Natera's decision to file patents on the technology.  We demand Natera provide a witness.

**Topic No. 53:**  The facts and circumstances surrounding the prosecution of the Asserted Patents.
- *Natera's Position:* Natera will not provide a witness.
- *Defendants' Response:*  This topic is highly relevant to the litigation, including Defendants' prosecution laches defense.  You've insisted we supplement our interrogatory response on this, so it's peculiar that you would refuse to provide a witness.  The topic also speaks to the value of the patents and Natera's decision to file patents on the technology.  We demand Natera provide a witness.

**Topic No. 54:**  Your knowledge of the Accused Products and/or ArcherDX's AMP technology in connection with the prosecution of the Asserted Patents.
- *Natera's Position:*  Natera will not provide a witness.
- *Defendants' Response:*  This topic is highly relevant and proportional to the litigation, including Defendants' prosecution laches defense.  You've insisted we supplement our interrogatory response on this, so it's peculiar that you would refuse to provide a witness.  The topic also speaks to the circumstances relating to Natera's decision to prosecute the Asserted Patents.

**Topic No. 55:**  Your first knowledge of the Accused Products.
- *Natera's Position:*  Natera will provide a witness.
- *Defendants' Response:*  Thank you for agreeing to provide a witness.

**Topic No. 56:**  Your first knowledge of ArcherDX's AMP chemistry.
- *Natera's Position:*  Natera will provide a witness to testify "as to first knowledge of the accused products that use the [AMP] technology."

- *Defendants' Response:*  This is an impermissible narrowing of the scope of the topic.  Your knowledge of Archer's AMP chemistry is highly relevant to this matter and we demand Natera provide a witness to testify as to the entire scope of this topic.

**Topic No. 57:**  The commercial relationship between You and ArcherDX, and any discussions in furtherance of such a relationship.
- *Natera's Position:*  Natera agrees to meet and confer.
- *Defendants' Response:*  While we believe this topic is reasonable, highly relevant, and straightforward, and so does not require a meet and confer, we agree to meet and confer.

**Topic No. 58:**  Your knowledge of Your purchases of the ArcherDX products, Your attempts to purchase such products, and/or quotes you received for such products.
- *Natera's Position:*  Natera agrees to meet and confer.
- *Defendants' Response:*  While we believe this topic is reasonable, highly relevant, and straightforward, and so does not require a meet and confer, we agree to meet and confer.

**Topic No. 59:**  Your knowledge of Your registration and/or attendance at seminars, presentations, talks, webinars, or conferences where ArcherDX products or AMP chemistry was discussed or presented.
- *Natera's Position:* Natera will not provide a witness.
- *Defendants' Response:*  This topic goes hand-in-hand with other topics relating to Natera's knowledge of Archer product and AMP chemistry and is highly relevant to this matter.  We insist Natera provide a witness to testify on this topic.

**Topic No. 60:**  Your knowledge of Your meetings with ArcherDX and the subject matter of those meetings.
- *Natera's Position:* Natera will not provide a witness.
- *Defendants' Response:*  As with other topics relating to Natera's knowledge of Archer and the accused products, this topic is highly relevant and proportional, including with regard to Defendants' prosecution laches defense.  Specifically, this topic speaks to Natera's corporate knowledge of Archer.  We demand Natera provide a witness for this topic.

**Topic No. 61:**  Your knowledge of Your subscription to ArcherDX mailing and/or emailing lists.
- *Natera's Position:* Natera will not provide a witness.
- *Defendants' Response:*  This topic is highly relevant and tailored to the scope of this litigation as it speaks to Natera's knowledge of Archer and the accused products, which is relevant at least to Defendants' prosecution laches defense.  We demand Natera provide a witness to testify on this topic.

**Topic No. 62:**  Your knowledge of ArcherDX as a supplier in Natera's internal purchasing system.
- *Natera's Position:*  Natera agrees to meet and confer.
- *Defendants' Response:*  While we believe this topic is reasonable, highly relevant, and straightforward, and so does not require a meet and confer, we agree to meet and confer.


**Natera's Final Infringement Contentions**

Further, as stated in Defendants' invalidity contentions, Natera has added additional claims to its final infringement contentions that were not included in its initial infringement contentions.  Specifically, claim 10 of the 814 patent, claims 8, 11, 13 of the 172 patent, and claims 6, 8, 9, and 11 of the 482 patent.

Natera provided no notice or reasoning to the Court or Defendants that it was seeking to expand beyond the previously asserted claims.  Pursuant to Judge Stark's revised procedures for managing patent cases (June 18, 2014) and the scheduling order in this case, the initial infringement contentions are required to identify "each asserted claim."  There is no provision that allows a Plaintiff to added additional claims and expand the case in its final infringement

contentions.  Please confirm that Natera will withdraw these claims from its contentions.  If not, please be prepared to discuss on the parties' next meet and confer.

Additionally, please confirm that Natera is not asserting claims 17 of the 172 patent and 18 of the 220 patent.

**Uncorrected Claims**

As set forth in Defendants' final invalidity contentions, the uncorrected claims of the 482 patent cannot be asserted against Defendants, and Natera has not taken sufficient action to assert the corrected claims.  Please confirm that Natera will be withdrawing these claims from the case.  Otherwise, please be prepared to discuss on the parties' next meet and confer.

Regards,
Kaitlin



**Kaitlin Paulson**

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
kaitlin.paulson@weil.com
+1 650 802 3904 Direct
+1 650 802 3100 Fax

# Exhibit 13

# Redacted in Its Entirety

# EXHIBIT 14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATERA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-125 (LPS) |
| | ) | (CONSOLIDATED) |
| ARCHERDX, INC., ARCHERDX, LLC and | ) | |
| INVITAE CORP. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## NATERA, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS' NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff Natera, Inc. ("Natera"), by and through their undersigned attorneys, hereby responds to ArcherDX, Inc.'s, ArcherDX, LLC's and Invitae Corp.'s (collectively "Defendants"), Notice of Deposition as follows:

## RESERVATION OF RIGHTS

Natera's responses and objections (collectively "Responses") to Defendants' Notice of Deposition ("Notice") do not constitute any admission by Natera that any questions posed at deposition pursuant to the Notice, or the answers thereto, are admissible as evidence at trial or any other proceeding. Natera specifically reserves the right to object on any grounds, at any time, to the specific questions posed at any deposition and to the admission of any question, any response, or document produced at trial or other proceeding.

Natera's agreement to designate one or more witnesses to testify in response to a deposition topic is not a representation that information or documents responsive to that deposition topic exist or are known or reasonably available to Natera, that such topic is relevant to any issue in the litigation, or that Natera has in its possession, custody or control information or documents

allowed in the District of Delaware (*see supra* General Objection No. 8 and authority cited therein). Moreover, Natera objects to all contention Topics as duplicative of interrogatories already served or as unwarranted and impermissible expansions of interrogatories and requests for production permitted in this case. Natera further objects to this Topic to the extent it is duplicative of other Topics, including Topic No. 2.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

**TOPIC NO. 2:**

The circumstances surrounding the development of the inventions claimed in the Asserted Patents, including: the formation of the definite and permanent ideas of the complete inventions; any and all testing or other efforts in developing the inventions; construction of any embodiments or performance of any methods demonstrating that the inventions worked for their intended purposes; and all persons involved.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein. Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of Civil Procedure by the use of the term "inventions claimed" that encompasses non-asserted claims not relevant to this Action. Natera further objects to this Topic as overly broad and unduly burdensome in scope, including *inter alia*, information related to "any and all testing or other efforts in developing the inventions," "construction of any embodiments or performance of any

methods," and "all persons involved."   Natera further objects to this Topic as vague and ambiguous, including the terms "the circumstances surrounding the development," "the formation of the definite and permanent ideas of the complete inventions," and "other efforts in developing the inventions."   Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.   Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within Defendants' possession.   Natera also objects to this Topic as premature to the extent that it seeks expert testimony or information that may be developed through expert discovery.   Natera further objects to this Topic to the extent that it calls for legal conclusions.   Natera objects to the Topics and Definitions to the extent that they call for Natera's contentions.   As Defendants are aware, such testimony from a Rule 30(b)(6) deponent is not allowed in the District of Delaware (*see supra* General Objection No. 8 and authority cited therein). Moreover, Natera objects to all contention Topics as duplicative of interrogatories already served or as unwarranted and impermissible expansions of interrogatories and requests for production permitted in this case.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will identify and provide a 30(b)(6) witness or witnesses to testify regarding non-privileged factual information as to the development of the subject matter in the asserted claims of the Asserted Patents.

already served or as unwarranted and impermissible expansions of interrogatories and requests for production permitted in this case.  Natera further objects to this Topic to the extent it is duplicative of other Topics, including Topic No. 2.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

**TOPIC NO. 4:**

On a claim-by-claim and element-by-element basis for each Asserted Claim, the development of the alleged invention of each claim, including the identity of the alleged inventor(s) of each claim and facts, acts, circumstances, and corroborating evidence concerning the alleged invention of the subject matter of the claim, including the events of conception, actual reduction to practice, constructive reduction to practice, diligence leading to reduction to practice, and lack of abandonment, suppression, and concealment, and identification of the dates on which these events occurred.

<u>**RESPONSE**</u>:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks information that is not relevant to a party's claims or defenses or proportional to the needs of the case.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including *inter alia*, information related to "the development of the alleged invention" and "facts, acts, circumstances, and corroborating evidence concerning the alleged invention of the subject matter of the claim."  Natera further objects to this Topic as vague and ambiguous, including the terms "events of conception."  Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by

applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within Defendants' possession.  Natera also objects to this Topic as premature to the extent that it seeks expert testimony or information that may be developed through expert discovery.  Natera further objects to this Topic to the extent that it calls for legal conclusions.  Natera objects to the Topics and Definitions to the extent that they call for Natera's contentions.  As Defendants are aware, such testimony from a Rule 30(b)(6) deponent is not allowed in the District of Delaware (*see supra* General Objection No. 8 and authority cited therein).  Moreover, Natera objects to all contention Topics as duplicative of interrogatories already served or as unwarranted and impermissible expansions of interrogatories and requests for production permitted in this case.  Natera further objects to this Topic to the extent it is duplicative of other Topics, including Topic No. 2.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

**TOPIC NO. 5:**

The contributions of the alleged inventors to the conception and reduction to practice of each of the claims of the Asserted Patents that Natera claims priority to an earlier domestic or foreign patent application and the circumstances of each contribution.

<u>**RESPONSE**</u>:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks to improperly expand the scope of

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

**TOPIC NO. 6:**

All contacts or efforts to contact any of the named inventors during prosecution of each of the Asserted Patents, including all communications, agreements, or understandings with the named inventors and any compensation or other benefits paid or provided to them.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein. Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of Civil Procedure by the use of the terms "all contacts or efforts to contact," and "all communications, agreements, or understandings" that encompasses information not relevant to this Action. Natera further objects to this Topic as overly broad and unduly burdensome in scope, including inter alia, information related to "all contacts or efforts to contact," and "all communications, agreements, or understandings with the named inventors." Natera further objects to this Topic as vague and ambiguous, including the terms "contacts," "understandings," and "benefits paid or provided." Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

**TOPIC NO. 7:**

All contacts or efforts to contact any of the named inventors after issuance of each of the Asserted Patents, including all communications, agreements, or understandings with the named inventors and any compensation or other benefits paid or provided to them.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of Civil Procedure by the use of the terms "all contacts or efforts to contact," and "all communications, agreements, or understandings" that encompasses information not relevant to this Action.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including inter alia, information related to "all contacts or efforts to contact," and "all communications, agreements, or understandings with the named inventors." Natera further objects to this Topic as vague and ambiguous, including the terms "contacts," "understandings," and "benefits paid or provided."  Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

**TOPIC NO. 8:**

All facts and circumstances related to the Salari Declaration filed on August 21, 2015, during prosecution of U.S. Patent. Application No. 14/538,982, including but not limited to the rejection traversed, the prior art considered, the methods used, and its relations to the experiments in the patent specification.

<u>**RESPONSE**</u>:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks information that is not relevant to a party's claims or defenses or proportional to the needs of the case.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including inter alia, information related to "all facts and circumstances related to the Salari Declaration filed on August 21, 2015."  Natera further objects to this Topic as vague and ambiguous, including the terms "relations to the experiments in the patent specification."  Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

extent it is more easily available through other less burdensome means.   Natera further objects to this Topic to the extent it is duplicative of other Topics, including Topic No. 21.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will identify and provide a 30(b)(6) witness or witnesses to testify regarding non-privileged factual information regarding this Topic.

**TOPIC NO. 23:**

The negotiations leading to, and circumstances surrounding, each agreement with a Third Party involving each of the Asserted Patents.

**RESPONSE:**

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks information that is not relevant to a party's claims or defenses or proportional to the needs of the case.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including *inter alia*, information related to "each agreement with a Third Party involving each of the Asserted Patents."  Natera further objects to this Topic as vague and ambiguous, including the terms "negotiations" and "surrounding."  Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera further objects to this Topic to the extent it seeks information that is subject to non-disclosure agreements, confidentiality agreements or which is subject to protective orders pursuant to Fed. R. Civ. P. 26(c) and/or implicate the privacy interests of non-parties.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already

- 32 -

within Defendants' possession.  Natera also objects to this Topic as premature to the extent that it

seeks expert testimony or information that may be developed through expert discovery.  Natera

further objects to this Topic to the extent that it calls for legal conclusions.  Natera further objects

to this Topic to the extent it is duplicative of other discovery taken in this Action, including

document requests, and/or to the extent it is more easily available through other less burdensome

means.  Natera further objects to this Topic to the extent it is duplicative of other Topics, including

Topic Nos. 19, 20 and 22.

Subject to, and without waiving the foregoing objections, and based on its understanding

of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer

testimony on this Topic.

**TOPIC NO. 24:**

All existing, previously existing, offered, or contemplated licenses concerning the Asserted

Patents and related licensing information, including negotiations, attempts to license, or offers to

license the Asserted Patents or any product embodying any of the claims of the Asserted Patents.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth

herein.  Natera objects to this Topic to the extent it seeks information that is not relevant to a

party's claims or defenses or proportional to the needs of the case.  Natera further objects to this

Topic as overly broad and unduly burdensome in scope, including *inter alia*, information related

to "all existing, previously existing, offered, or contemplated licenses concerning the Asserted

Patents and related licensing information."  Natera further objects to this Topic as vague and

ambiguous, including the terms "related licensing information" and "negotiations."  Natera further

objects to this Topic to the extent it seeks information that is protected from disclosure by

applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera further objects to this Topic to the extent it seeks information that is subject to non-disclosure agreements, confidentiality agreements or which is subject to protective orders pursuant to Fed. R. Civ. P. 26(c) and/or implicate the privacy interests of non-parties.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within Defendants' possession. Natera also objects to this Topic as premature to the extent that it seeks expert testimony or information that may be developed through expert discovery.  Natera further objects to this Topic to the extent that it calls for legal conclusions.  Natera further objects to this Topic to the extent it is duplicative of other discovery taken in this Action, including document requests, and/or to the extent it is more easily available through other less burdensome means.   Natera further objects to this Topic to the extent it is duplicative of other Topics, including Topic Nos. 19, 20 and 22.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

**TOPIC NO. 25:**

The commercial relationship between You and every Third Party to which You have licensed, intend to license, have offered to license, or refused to license each of the Asserted Patents.

<u>**RESPONSE**</u>:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks information that is not relevant to a

party's claims or defenses or proportional to the needs of the case.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including *inter alia*, information related to "every Third Party."  Natera further objects to this Topic as vague and ambiguous, including the term "commercial relationship."  Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera further objects to this Topic to the extent it seeks information that is subject to non-disclosure agreements, confidentiality agreements or which is subject to protective orders pursuant to Fed. R. Civ. P. 26(c) and/or implicate the privacy interests of non-parties.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within Defendants' possession.  Natera also objects to this Topic as premature to the extent that it seeks expert testimony or information that may be developed through expert discovery.  Natera further objects to this Topic to the extent that it calls for legal conclusions.  Natera further objects to this Topic to the extent it is duplicative of other discovery taken in this Action, including document requests, and/or to the extent it is more easily available through other less burdensome means.   Natera further objects to this Topic to the extent it is duplicative of other Topics, including Topic Nos. 19, 20 and 22.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera is willing to meet and confer on this Topic.

to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera further objects to this Topic to the extent it is duplicative of other discovery taken in this Action, including document requests, and/or to the extent it is more easily available through other less burdensome means.  Natera further objects to this Topic to the extent it is duplicative of other Topics, including Topic No. 50.

Subject to, and without waiving the foregoing objections, Natera responds as follows: Natera is willing to meet and confer regarding the need for the parties to provide testimony relating to identification, collection, retention and production efforts in response to this Topic.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

_____

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
dfahnestock@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Natera, Inc.*

OF COUNSEL:

William G. Gaede, III
Bhanu K. Sadasivan
Jodi L. Benassi
MCDERMOTT WILL & EMERY LLP
415 Mission Street, Suite 5600
San Francisco, CA  94105
(650) 815-7400

Mandy H. Kim
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA  92612
(949) 757-6061

May 25, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 25, 2021, copies of the foregoing were caused to be served

upon the following in the manner indicated:

Brian E. Farnan, Esquire                                    *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Defendants*

Edward R. Reines, Esquire                                   *VIA ELECTRONIC MAIL*
Derek C. Walter, Esquire
Kaitlin Paulson, Esquire
Concord Cheung, Esquire
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
*Attorneys for Defendants*

*/s/ Derek J. Fahnestock*
_____
Derek J. Fahnestock (#4705)