# EXHIBIT 1

# REDACTED IN ITS ENTIRETY

# EXHIBIT 2

# REDACTED IN ITS ENTIRETY

# EXHIBIT 3

# REDACTED IN ITS ENTIRETY

# EXHIBIT
# 4

# REDACTED IN ITS ENTIRETY

# EXHIBIT 5

**FIN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NATERA, INC., ) | |
| ) | |
| *Plaintiff / Counterclaim-Defendant,* ) | C.A. No. 20-125-LPS |
| ) | |
| v. ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| ARCHERDX, INC., ) | |
| ) | |
| *Defendant / Counterclaimant.* ) | |
| ) | |

## ARCHERDX, INC.'S OBJECTIONS AND RESPONSES TO NATERA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-68)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant, ArcherDX, Inc. ("Archer" or "Defendant") hereby provides its objections and response to Plaintiff Natera, Inc.'s ("Natera" or "Plaintiff") First Set of Requests for Production to ArcherDX, Inc., ("Requests"), as follows:

## GENERAL STATEMENTS

Discovery has only recently commenced in this proceeding, and Archer's investigation is continuing. Archer responds to Natera's Requests as it presently interprets and understands each Request set forth therein. If Natera subsequently asserts an interpretation of any Request that differs from Archer's understanding of that Request, Archer reserves the right to supplement, revise, amend, or modify its objections and/or responses.

The following General Statements apply to the Instructions, Definitions, and Requests, and have the same force and effect as if fully set forth in the response to each Request.

1

1.     Since before the date of service of the Requests, the world has been grappling with a global pandemic caused by COVID-19. The President of the United States has declared a national emergency, state Governors have issued state-wide health emergencies, and non-essential businesses have been asked to shut their doors. Governments are encouraging everyone to stay home, to keep infections to a minimum, and to help contain the public health emergency. Accordingly, Archer and its counsel have to balance obligations to respond to Natera's discovery requests and compliance with the Federal Rules of Civil Procedure against following public health directives and protecting the health and safety of employees and workers. The District of Delaware has recognized the importance of these concerns. *See, e.g.*, *British Telecommunications PLC v. IAC/Interactivecorp*, Case No. 18-00366-WCB, Dkt. 188, at 1 (D. Del. Mar. 26, 2020) ("I will not take action that would potentially endanger the health of any participant in the scheduled depositions or require any witness, counsel, or videographer to violate local or state stay-at-home directives."). Indeed, the Court has recognized the need for additional time in discovery and has granted broad relief with respect to discovery deadlines. *See, e.g.*, *IPA Techs. Inc. v. Amazon.com, Inc.*, Case No. 1:16-cv-1266-RGA, Dkt. 158 (D. Del. Aug. 18, 2020) (extending discovery deadlines "due to the discovery delays imposed by the COVID-19 pandemic"); *Pfizer Inc. v. Teva Pharms. USA, Inc.*, Case No. 1:18-cv-1940-LPS, Dkt. 68 (D. Del. Apr. 20, 2020) (same); *Gracenote, Inc. v. Free Stream Media Corp.*, Case No. 1:18-cv-01608-RGA, Dkt. 48 (D. Del. Apr. 14, 2020) (same). Archer and its counsel are working as diligently as possible under the circumstances, but the collection and production of responsive documents in this Action may be delayed. Archer will continue to work with Natera to address these issues as the public health situation evolves.

2.      No incidental or implied admissions are intended by the responses herein. Archer's responses to these Requests do not constitute admissions relative to the existence of any documents or information, to the relevance or admissibility of any documents or information, or to the truth or accuracy of any statement or characterization contained in these Requests. The fact that Archer has responded to part or all of any Request is not intended to be, and shall not be construed to be, a waiver by Archer of any part of any objection to any Request. All objections as to relevance, authenticity, or admissibility of any document are expressly reserved.

3.      Archer's discovery and investigation in connection with this litigation are ongoing. As a result, Archer's responses are limited to information obtained to date, and are given without prejudice to Archer's right to amend or supplement its responses after considering information obtained through further discovery or investigation and as permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, or as a result of any order issued or agreement reached in the course of this litigation.

4.      These responses are made solely for the purpose of this Action. Each response is subject to all objections on the grounds of competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such Request were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

## **GENERAL OBJECTIONS**

The following General Objections apply to the Instructions, Definitions, and Requests, and have the same force and effect as if fully set forth in the response to each Request. Each of Archer's responses to Natera's Requests is subject to, and incorporates, the following General

ME1 34155602v.1

Objections. Archer specifically incorporates each of these General Objections into its specific responses to each of Natera's Requests, whether or not each such General Objection is expressly referred to in a specific response. Archer's responses are made without waiving any of these General Objections.

1.      Archer objects to these Requests, Definitions, or Instructions to the extent they seek or purport to impose obligations beyond, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the applicable rules and orders of this Court, or any stipulation or agreement of the parties in this Action. Archer always stands ready to meet and confer to discuss the best and most efficient way to conduct discovery bilaterally.

2.      Archer objects to these Requests to the extent they seek discovery that is premature in light of or contrary to the Federal Rules of Civil Procedure, Local Rules of the District Delaware, the District of Delaware's Default Standard for Discovery, Judge Stark's Revised Procedures for Managing Patent Cases, this Court's Scheduling Order (yet to be issued), or any other relevant rule or order. Archer further objects to these Requests as premature on the grounds that no scheduling order has yet been entered. The Proposed Scheduling Order (D.I. 34) provides that "Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes" either by October 1, 2020 based on Plaintiff's proposal, or November 16, 2020 based on Defendant's proposal. The Proposed Scheduling Order (D.I. 34) further provides that "Defendant shall produce its initial invalidity contentions" either by November 2, 2020 based on Plaintiff's proposal, or January 8, 2021 based on Defendant's proposal, and—under either proposal—only after Plaintiff has provided its infringement contentions.

ME1 34155602v.1

3.      Archer will produce core technical documents related to the accused products pursuant to the Scheduling Order entered by the Court. However, for those products the subject of Archer's 12(c) motion concerning lack of subject matter jurisdiction, Archer will not produce the documents agreed upon herein unless—and to the extent—the Court finds against Archer.

4.      Archer objects to these Requests to the extent they require the premature disclosure and identification of any expert witnesses, or the substance of their opinions or anticipated testimony, because the timing of that identification is governed by the Federal Rules of Civil Procedure, Local Rules of the District Delaware, the District of Delaware's Default Standard for Discovery, Judge Stark's Revised Procedures for Managing Patent Cases, this Court's Scheduling Order (yet to be issued), or other relevant rule or order.

5.      Archer objects to these Requests as overly broad and unduly burdensome to the extent they exceed the scope of permissible discovery as set forth in the Federal Rules of Civil Procedure, the Local Rules of the District Delaware, the District of Delaware's Default Standard for Discovery, Judge Stark's Revised Procedures for Managing Patent Cases, this Court's Scheduling Order (yet to be issued), or any other relevant rule or order.

6.      Archer objects to these Requests to the extent that they seek documents that are either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

7.      Archer objects to these Requests as unreasonably burdensome and irrelevant to the extent the documents requested are not currently within the possession, custody, or control of Archer.

8.      Archer objects to these Requests to the extent they request documents that are not ascertainable by means of a reasonably diligent search, including without limitation, documents

that are not maintained by Archer in the normal course of business or that are no longer

maintained by Archer.

9.      Archer objects to these Requests to the extent they seek to impose an obligation to

identify or search for documents at any location other than where they would be reasonably

expected to be stored in the ordinary course of business.

10.     Archer objects to these Requests to the extent they seek documents protected from

discovery by the attorney-client privilege, the work-product doctrine, the common-interest

privilege, and/or any other applicable privilege, immunity, or protection. Nothing contained in

Archer's responses is intended to be, or in any way shall be deemed, a waiver of any such

applicable privilege or doctrine. Any inadvertent production of documents protected by the

attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or

immune from discovery shall not constitute a waiver of any privilege or other basis for objecting

to the production of such material or its subject matter. Archer expressly reserves the right to

object to the use or introduction of such documents or otherwise to seek the return of such

documents.

11.     Archer objects to these Requests to the extent they seek Archer's confidential

documents prior to the entry of a protective order in this Action. In the Proposed Scheduling

Order (D.I. 34), the parties agreed that the proposed form for a Protective order is due within 10

days of the Scheduling Order (yet to be entered).

12.     Archer objects to these Requests to the extent they seek documents subject to a

confidentiality obligation owed to a non-party to this Action. If any such documents are

identified, Archer will seek permission of the Third Party to disclose the documents subject to

the protective order (yet to be entered) in this Action and will inform Natera as to whether such permission is granted.

13.     Archer objects to these Requests as unreasonably burdensome to the extent they seek documents already available to Natera in its own files, or from public sources that are equally as accessible to Natera as they are to Archer. Archer provides these responses with the understanding that Natera is in possession of, or has access to, such sources.

14.     Archer objects to these Requests to the extent they are harassing or would lead to unnecessary delay or needless increase in the cost of this Action.

15.     Archer objects to these Requests to the extent they fail to describe with reasonable particularity the documents requested.

16.     Archer objects to these Requests, and their accompanying Instructions and Definitions, seeking the identification of "all" and/or "any" documents, facts, or materials in connection with a particular topic or issue as overbroad and unduly burdensome.

17.     Archer objects to these Requests to the extent that Natera uses terms that are not reasonably defined or understandable, or are susceptible to multiple interpretations. Archer will not speculate as to the meaning that Natera may ascribe to these terms.

18.     Archer objects to these Requests to the extent they are duplicative, cumulative of, or encompassed within another Request.

19.     Archer objects to these Requests, Definitions, or Instructions to the extent they call for a legal conclusion.

20.     Archer objects to these Requests to the extent they seek to compel Archer to generate documents that do not already exist.

ME1 34155602v.1

21.     Archer objects to these Requests to the extent multiple subparts are asserted as a single Request.

22.     Archer objects to these Requests to the extent they seek documents that are more efficiently and appropriately obtained through some other form of discovery.

23.     Archer has not completed its discovery, investigation, research, and trial preparation, and provides these responses to Natera's Requests based solely on information presently known to it. Archer's responses herein are given without prejudice to Archer's right to amend or supplement in accordance with Fed. R. Civ. P. 26, the Local Rules of the District Delaware, the District of Delaware's Default Standard for Discovery, Judge Stark's Revised Procedures for Managing Patent Cases, this Court's Scheduling Order (yet to be issued), or any other relevant rule or order.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Archer incorporates each of its General Objections into its Objections to the Definitions and Instructions set forth in the Requests.

2.     Archer objects to Instruction (1) to the extent it seeks to impose an obligation to identify or search for documents at any location other than where they would be reasonably expected to be stored in the ordinary course of business.

3.     Archer objects to Instruction (2) that "each file shall be identified as to its owner or custodian" to the extent that such information does not accompany or is not provided with the file.

4.     Archer objects to Instruction (4) to the extent that Natera uses terms that are not reasonably defined or understandable, or are susceptible to multiple interpretations. Archer will

not speculate as to the meaning that Natera may ascribe to these terms. Archer further objects to Instruction (4) as it imposes an undue burden to explain the scope of the Requests.

5.      Archer objects to Instruction (6) as unduly burdensome to the extent it requires Archer to provide a privilege log.

6.      Archer objects to Instruction (7) as unduly burdensome in that it requires a description of subject matter and disposition of documents no longer in existence. Archer further objects to Instruction (7) as it seeks documents outside the possession, custody, and control of Archer. Archer further objects to Instruction (7) in that it seeks or purports to impose obligations beyond, or inconsistent with, those imposed by the Federal Rules of Civil Procedure and the applicable rules and orders of this Court.

7.      Archer objects to Instruction (9) as unduly burdensome to the extent it seeks "Third-Party documentation" outside the possession, custody, and control of Archer. Archer further objects to Instruction (9) in that it seeks or purports to impose obligations beyond, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, and the applicable rules and orders of this Court.

8.      Archer objects to the definition of the terms "Defendant," "You," or "Your" as overly broad and unduly burdensome, including insofar as the definitions purport to include persons and entities who are not parties to the Action, have no involvement in the subject matter of the Action, have no information or documents that would be relevant to the claims or defenses in this Action, and/or are not within Archer's control. Archer will interpret these terms to mean ArcherDX, Inc.

9.     Archer objects to the definition of "Related Patents" on the grounds that it encompasses patents and applications that have no relevance to this Action, and is not reasonably calculated to lead to the discovery of admissible evidence.

10.     Archer objects to the definition of "Accused Products" on the grounds that it encompasses products that have no relevance to this Action, and is not reasonably calculated to lead to the discovery of admissible evidence. This definition is overbroad in that it seeks documents concerning products and acts that are not accused of infringement and that cannot infringe the Asserted Patents. The definition of "Accused Products" improperly includes products made, sold, or offered for sale in the U.S. or imported into the U.S.; the Asserted Patents recite only method claims, which cannot, as a matter of law, be infringed by the alleged manufacturing, sale, offer for sale, or importation of products in the U.S.. The definition of "Accused Products" further improperly includes products made, used, sold, offered for sale, or imported into the U.S. before January 21, 2020, the earliest issuance date of any of the Asserted Patents.

11.     Archer will interpret "Accused Products" as meaning LIQUIDPlex$^{TM}$ (previously called Reveal ctDNA), STRATAFIDE$^{TM}$, Personalized Cancer Monitoring ("PCM"), Archer®MET, FusionPlex$^{TM}$, VariantPlex$^{TM}$, and any oncology products that use Anchored Multiplex PCR ("AMP$^{TM}$") on nucleic acids; and only to the extent any of the above-mentioned products have been used, sold, or offered for sale in the U.S. by or on behalf of Archer on or after January 21, 2020.

12.     Archer objects to the definition of "Concerning" on the ground that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

13.     Archer objects to the definition of "Communication" on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Archer further objects to the definition of "Communication" as referring to "electronic" communications ("email") to the extent that it seeks email production inconsistent with the District of Delaware's Default Standard for Discovery, which provides the "search methodology" for emails as propounding specific email production requests of no more than 10 terms.

14.     Archer objects to the definition of "Document" on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Archer further objects to the definition of "Document" as referring to "email" to the extent that it seeks email production inconsistent with the District of Delaware's Default Standard for Discovery, which provides the "search methodology" for emails as propounding specific email production requests of no more than 10 terms.

15.     Archer objects to the definition of "including" on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

16.     Archer objects to the definition of "refer," "relate," "relating" and "respecting" on the ground that it is vague and ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

17.     Archer objects to the definition of "all," "any," and "each" on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

ME1 34155602v.1

18.     Archer's responses below are subject to the General Objections, Objections to Definitions and Instructions, and specific objections, and are based on its understanding of the Requests as written and its investigation to date. Archer does not waive any of its General Objections by providing specific objections below. Further, no incidental or implied admissions are intended by the responses below, and no response herein shall be deemed an admission of any factual or legal contention contained in any individual Request.

19.     Archer reserves the right to supplement and amend its General Objections, Objections to Definitions and Instructions, specific objections, and Responses, if necessary, to reflect additional information.

ME1 34155602v.1

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1

Documents and communications relating to the FDA approval or authorization (or seeking of FDA approval or authorization) of Stratafide, PCM, and ArcherMet, including any original submission to the FDA, any amendments or withdrawals, inspection reports, certifications and any and all correspondences to and from the FDA regarding Stratafide, PCM, and/or ArcherMet.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to,

"communications," "inspection reports," and "certifications." Archer further objects to this

Request as overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to

the needs of this Action because it seeks "any" original submissions to the FDA, amendments or

withdrawals, inspection reports, and certifications, as well as "any and all" correspondence

relating to Stratified, PCM, and/or Archer®MET. Not all documents sought by this Request, if

any, will contain information relevant to a claim or defense in this Action, and it would be

unduly burdensome and costly for Archer to collect and produce those irrelevant documents.

Archer further objects to this Request as irrelevant to the extent it seeks documents relating to the

Accused Products for the period that predates January 21, 2020, the earliest issuance date of any

Asserted Patents. Archer further objects to this Request as irrelevant because Natera has not

alleged and Archer has not sought, and is not seeking, FDA approval for Archer®MET. Archer

further objects to this Request as irrelevant to the extent it seeks information regarding the

manufacturing of the Accused Products. All claims of the Asserted Patents are method claims,

and the manufacturing of the Accused Products has no relevance to any claim or defense of any party in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Archer further objects to this Request to the extent that it seeks email production inconsistent with the District of Delaware's Default Standard for Discovery, which provides the "search methodology" for emails as propounding specific email production requests of no more than 10 terms.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce any responsive, non-privileged application(s) filed by Archer for FDA approval of STRATAFIDE$^{TM}$ and PCM, amendment(s) thereto, and responsive correspondence with the FDA discussing any application(s) filed by Archer for FDA approval of STRATAFIDE$^{TM}$ and PCM, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Archer will not be conducting any search or producing any documents responsive to this Request with respect to Archer®MET because Archer has not sought FDA approval for Archer®MET. Archer®MET has been approved in Japan only. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 2

Documents and communications relating to "Breakthrough Device" designation of Stratafide and PCM, including any original submission to the FDA, any amendments or withdrawals, inspection reports, certifications and any and all correspondences to and from the FDA regarding Stratafide or PCM.

ME1 34155602v.1

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "communications," "inspection reports," and "certifications." Archer further objects to this Request as overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because it seeks "any" original submissions to the FDA, amendments or withdrawals, inspection reports, and certifications, as well as "any and all" correspondence to and from the FDA regarding Stratified or PCM. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request as irrelevant to the extent it seeks documents relating to the Accused Products for the period that predates January 21, 2020, the earliest issuance date of any Asserted Patents. Archer further objects to this Request as irrelevant to the extent it seeks information regarding the manufacturing of the Accused Products. All claims of the Asserted Patents are method claims, and the manufacturing of the Accused Products has no relevance to any claim or defense of any party in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Archer further objects to this Request to the extent that it seeks email production inconsistent with the District of Delaware's Default Standard for Discovery, which provides the "search methodology" for emails as propounding specific email production requests of no more than 10 terms.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will search

for and produce Archer's responsive, non-privileged application(s) for FDA's breakthrough

device designation for STRATAFIDE™ and PCM, any amendment(s) thereto, and responsive

correspondence with the FDA discussing Archer's application(s) for FDA's breakthrough device

designation for STRATAFIDE™ and PCM, to the extent such documents exist, are located after

a reasonable search, and after a protective order has been entered in this Action. Discovery has

just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or

supplement this response as its investigation continues in accordance with the Federal Rules and

the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 3

Documents and communications relating to "Research Use Only" or "RUO" designation of the Accused Products, including any original submission to the FDA, any amendments or withdrawals, inspection reports, certifications and any and all correspondences to and from the FDA regarding Stratafide or PCM.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to,

"communications," "Research Use Only," "RUO," "inspection reports," and "certifications."

Archer further objects to this Request as overly broad, lacking specificity, unduly burdensome,

costly, and disproportionate to the needs of this Action because it seeks "any" original

submissions to the FDA, amendments or withdrawals, inspection reports, and certifications, as

well as "any and all" correspondence to and from the FDA regarding Stratified or PCM. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request as irrelevant to the extent it seeks documents relating to the Accused Products for the period that predates January 21, 2020, the earliest issuance date of any Asserted Patents. Archer further objects to this Request as irrelevant to the extent it seeks information regarding the manufacturing of the Accused Products. All claims of the Asserted Patents are method claims, and the manufacturing of the Accused Products has no relevance to any claim or defense of any party in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Archer further objects to this Request to the extent that it seeks email production inconsistent with the District of Delaware's Default Standard for Discovery, which provides the "search methodology" for emails as propounding specific email production requests of no more than 10 terms.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce any responsive, non-privileged application(s) or submission(s) filed by Archer for "Research Use Only" designations of the Accused Products (excluding Archer®MET) by the FDA, any amendment(s) thereto, and responsive correspondence with the FDA discussing any application(s) filed by Archer for "Research Use Only" designations of the Accused Products (excluding Archer®MET) by the FDA, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Archer's agreement to search for documents is not an admission that such documents exist or that any Accused Product has been designated, or has sought to be designated, as "Research Use Only" or

"RUO." Archer will not be conducting any search or producing any documents responsive to this Request with respect to Archer®MET because Archer has not sought FDA approval for Archer®MET. Archer®MET has been approved in Japan only. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 4**

Documents and communications relating to "Laboratory-developed test" or "LDT" designation of the Accused Products, including any original submission to the FDA, any amendments or withdrawals, inspection reports, certifications and any and all correspondences to and from the FDA regarding Stratafide or PCM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "communications," "Laboratory-developed test," "LDT," "inspection reports," and "certifications." Archer further objects to this Request as overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because it seeks "any" original submission to the FDA, amendments or withdrawals, inspection reports, and certifications, as well as "any and all" correspondence to and from the FDA regarding Stratified or PCM. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request as

18

irrelevant to the extent it seeks documents relating to the Accused Products for the period that predates January 21, 2020, the earliest issuance date of any Asserted Patents. Archer further objects to this Request as irrelevant to the extent it seeks information regarding the manufacturing of the Accused Products. All claims of the Asserted Patents are method claims, and the manufacturing of the Accused Products has no relevance to any claim or defense of any party in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Archer further objects to this Request to the extent that it seeks email production inconsistent with the District of Delaware's Default Standard for Discovery, which provides the "search methodology" for emails as propounding specific email production requests of no more than 10 terms.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce any responsive, non-privileged documents application(s) or submission(s) filed by Archer for "laboratory-developed test" designations of the Accused Products (excluding Archer®MET) by the FDA, any amendment(s) thereto, and responsive correspondence with the FDA discussing any application(s) filed by Archer for "laboratory-developed test" designations of the Accused Products (excluding Archer®MET) by the FDA, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Archer's agreement to search for documents is not an admission that such documents exist or that any Accused Product has been designated, or has sought to be designated, as "Laboratory-developed test" or "LDT." Archer will not be conducting any search or producing any documents responsive to this Request with respect to Archer®MET because Archer did not seek FDA approval for Archer®MET. Archer®MET has been approved in Japan only.

Discovery has just commenced and Archer's investigation is ongoing. Archer will amend,

modify, and/or supplement this response as its investigation continues in accordance with the

Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 5

Documents sufficient to show the regulatory status of the Accused Products in the United
States.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to,

"regulatory status." Archer further objects to this Request as irrelevant to the extent it seeks

documents relating to the Accused Products for the period that predates January 21, 2020, the

earliest issuance date of any Asserted Patents. Archer further objects to this Request as overly

broad and unduly burdensome to the extent that it seeks production of documents that are

publicly available and equally accessible to both parties.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will search

for and produce responsive, non-privileged documents sufficient to establish the current FDA

approval status for the Accused Products (excluding Archer®MET), to the extent such

documents exist, are located after a reasonable search, and after a protective order has been

entered in this Action. Archer will not be conducting any search or producing any documents

responsive to this Request with respect to Archer®MET because Archer has not sought FDA

approval for Archer®MET. Archer®MET has been approved in Japan only. Discovery has just

commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or

supplement this response as its investigation continues in accordance with the Federal Rules and

the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 6**

Product manuals, instructions, specifications, white papers, technical literature, training
materials, or product datasheets relating to the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to, "product

manuals," "instructions," "specifications," "white papers," "technical literature," "training

materials," and "product datasheets." Archer further objects to this Request as irrelevant to the

extent it seeks documents relating to the Accused Products for the period that predates January

21, 2020, the earliest issuance date of any Asserted Patents. Archer further objects to this

Request as irrelevant to the extent it seeks information regarding the manufacturing of the

Accused Products. All claims of the Asserted Patents are method claims, and the manufacturing

of the Accused Products has no relevance to any claim or defense of any party in this Action and

is not reasonably calculated to lead to the discovery of admissible evidence. Archer further

objects to this Request as overly broad and unduly burdensome to the extent that it seeks

production of documents that are publicly available and equally accessible to both parties.

Archer further objects to this Request as unreasonably compound because it incorporates numerous subparts, which should count as multiple Requests.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will produce core technical documents for the Accused Products in accordance with the Court's Scheduling Order, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 7**

Documents relating to the development, testing and/or validation of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "testing" and "validation." Archer further objects to this Request as irrelevant to the extent it seeks documents relating to the Accused Products for the period that predates January 21, 2020, the earliest issuance date of any Asserted Patents. Archer further objects to this Request as irrelevant to the extent it seeks information regarding the manufacturing of the Accused Products. All claims of the Asserted Patents are method claims, and the manufacturing of the Accused Products has no relevance to any claim or defense of any party in this Action and is not

reasonably calculated to lead to the discovery of admissible evidence. Archer further objects to this Request as overly broad and unduly burdensome to the extent that it seeks production of documents not within Archer's possession, custody, or control. Archer further objects to this Request as unreasonably compound because it incorporates numerous subparts, which should count as multiple Requests. Archer further objects to this Request to the extent it is duplicative, cumulative of, or encompassed within another Request, including but not limited to Request No. 8.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents sufficient to detail Archer's research and development of the adaptors, primers, target loci, and PCR conditions used in the Accused Products, and documents sufficient to detail use in the U.S. of the Accused Products by Archer since January 21, 2020, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Archer's agreement to search for documents is not an admission that such documents exist or that all Accused Products have been used by Archer in the U.S. since January 21, 2020. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 8

Documents relating to the use of the Accused Products in the United States, including in Your CLIA-certified laborator(ies).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "use" and "CLIA-certified laborator(ies)." Archer further objects to this Request as irrelevant to the extent it seeks documents relating to the Accused Products for the period that predates January 21, 2020, the earliest issuance date of any Asserted Patents. Archer further objects to this Request to the extent it seeks documents subject to a confidentiality obligation owed to a non-party to this Action. If any such documents are identified, Archer will seek permission of the Third Party to disclose the documents subject to the protective order (yet to be entered) in this Action and will inform Natera as to whether such permission is granted.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents sufficient to detail use in the U.S. of the Accused Products by Archer since January 21, 2020, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Archer's agreement to search for documents is not an admission that such documents exist or that all Accused Products have been used by Archer in the U.S. since January 21, 2020. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 9**

Documents and communications with Third Parties relating to the design, development, testing, performance, use, benefits, ordering, customization or marketing and sale of any of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "communications," "design," "testing," "performance," "use," "benefits," "ordering," and "customization." Archer further objects to this Request as overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because it requests documents relating to ten broad categories of activities relating to all Accused Products and fails to describe with reasonable particularity the documents requested. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request as irrelevant to the extent it seeks documents relating to the Accused Products for the period that predates January 21, 2020, the earliest issuance date of any Asserted Patents. Archer further objects to this Request as irrelevant to the extent it seeks information regarding the manufacturing of the Accused Products. All claims of the Asserted Patents are method claims, and the manufacturing of the Accused Products has no relevance to any claim or defense of any party in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Archer further objects to this Request to the extent that it seeks email production inconsistent with the District of Delaware's Default Standard for

Discovery, which provides the "search methodology" for emails as propounding specific email

production requests of no more than 10 terms. Archer further objects to this Request to the extent

it seeks documents subject to a confidentiality obligation owed to a non-party to this Action. If

any such documents are identified, Archer will seek permission of the Third Party to disclose the

documents subject to the protective order (yet to be entered) in this Action and will inform

Natera as to whether such permission is granted. Archer further objects to this Request as overly

broad and unduly burdensome to the extent that it seeks production of documents not within

Archer's possession, custody, or control. Archer further objects to this Request as unreasonably

compound because it incorporates numerous subparts, which should count as multiple Requests.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will search

for and produce responsive, non-privileged core technical documents for the Accused Products

in accordance with the Court's Scheduling Order, documents sufficient to detail Archer's

research and development of the adaptors, primers, target loci, and PCR conditions used in the

Accused Products, documents sufficient to detail use in the U.S. of the Accused Products by

Archer since January 21, 2020, and documents sufficient to detail the marketing materials

provided by Archer to Third Parties in the U.S. and sale by Archer in the U.S. of the Accused

Products to Third Parties since January 21, 2020, to the extent such documents exist, are located

after a reasonable search, and after a protective order has been entered in this Action. Archer's

agreement to search for documents is not an admission that such documents exist or that all

Accused Products have been used, marketed, or sold by Archer in the U.S. since January 21,

2020. Archer will not be conducting any search or producing any sales or marketing documents

responsive to this Request with respect to Archer®MET because Archer®MET is not approved

in the U.S., only in Japan, and cannot be marketed or sold in the U.S. Discovery has just

commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or

supplement this response as its investigation continues in accordance with the Federal Rules and

the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 10

Documents sufficient to show the steps, process, or flowchart from when You receive or
intake a sample to be tested by each Accused Product through the analysis of the sample and
report.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to, "intake,"

"sample," "tested," "analysis," and "report." Archer further objects to this Request as irrelevant

to the extent it seeks documents relating to the Accused Products for the period that predates

January 21, 2020, the earliest issuance date of any Asserted Patents. Archer further objects to this

Request to the extent it seeks documents subject to a confidentiality obligation owed to a non-

party to this Action. If any such documents are identified, Archer will seek permission of the

Third Party to disclose the documents subject to the protective order (yet to be entered) in this

Action and will inform Natera as to whether such permission is granted.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will search

for and produce responsive, non-privileged documents sufficient to detail use in the U.S. of the

Accused Products in Archer's CLIA-certified laboratory since January 21, 2020, to the extent

such documents exist, are located after a reasonable search, and after a protective order has been

entered in this Action. Archer's agreement to search for documents is not an admission that such

documents exist or that all Accused Products have been used by Archer in the U.S. since January

21, 2020. Discovery has just commenced and Archer's investigation is ongoing. Archer will

amend, modify, and/or supplement this response as its investigation continues in accordance with

the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 11

Documents sufficient to identify and show the design and operation of all materials,
systems and/or instrumentalities that are part of, or used in connection with, the Accused
Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to, "design,"

"operation," "materials," "systems," "instrumentalities," and "used in connection with." Archer

further objects to this Request as overly broad, lacking specificity, unduly burdensome, costly,

and disproportionate to the needs of this Action because it seeks "all" materials systems and/or

instrumentalities that are part of, or used in connection with, the Accused Products and fails to

describe with reasonable particularity the documents requested. Not all documents sought by this

Request, if any, will contain information relevant to a claim or defense in this Action, and it

would be unduly burdensome and costly for Archer to collect and produce those irrelevant

documents. Archer further objects to this Request as irrelevant to the extent it seeks documents

relating to the Accused Products for the period that predates January 21, 2020, the earliest

issuance date of any Asserted Patents. Archer further objects to this Request as unreasonably

compound because it incorporates numerous subparts, which should count as multiple Requests.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will

produce core technical documents for the Accused Products in accordance with the Court's

Scheduling Order, and produce responsive, non-privileged documents sufficient to detail use in

the U.S. of the Accused Products by Archer since January 21, 2020, to the extent such

documents exist, are located after a reasonable search, and after a protective order has been

entered in this Action. Discovery has just commenced and Archer's investigation is ongoing.

Archer will amend, modify, and/or supplement this response as its investigation continues in

accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 12

Patents or patent applications disclosing or covering the Accused Products, owned,
assigned or licensed by You.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

premature to the extent that it seeks documents relating to Archer's contentions months before

Natera's infringement contentions—October 1, 2020 based on Plaintiff's proposal or November

16, 2020 based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling

order has been entered. Archer further objects to this Request as irrelevant to the extent it seeks

Archer's contention as to whether any of Archer's patents or patent applications read on the

Accused Products. Archer's patents or patent applications are not the subject of this Action. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Archer further objects to this Request as overly broad and unduly burdensome to the extent that it seeks production of documents that are publicly available and equally accessible to both parties. Archer further objects to this Request to the extent it calls for a legal conclusion.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged, issued U.S. patents that disclose or cover the Accused Products and that are owned, assigned to, or licensed by Archer, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 13**

Documents sufficient to identify and show the relationship between You and any subsidiary, parent, affiliate, or other business entity that designs, manufactures, carries out, operates, uses, sells, markets, imports or distributes the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to, "business entity," "designs," "carries out," "operates," and "uses." Archer further objects to this Request as irrelevant to the extent it seeks documents sufficient to identify non-U.S. activities relating to the Accused Products. Archer further objects to this Request as overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because it requests documents identifying entities relating to nine broad categories of activities relating to all Accused Products and fails to describe with reasonable particularity the documents requested. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request as irrelevant to the extent it seeks documents relating to the Accused Products for the period that predates January 21, 2020, the earliest issuance date of any Asserted Patents. Archer further objects to this Request as irrelevant to the extent it seeks information regarding the manufacturing of the Accused Products. All claims of the Asserted Patents are method claims, and the manufacturing of the Accused Products has no relevance to any claim or defense of any party in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Archer further objects to this Request to the extent it seeks documents subject to a confidentiality obligation owed to a non-party to this Action. If any such documents are identified, Archer will seek permission of the Third Party to disclose the documents subject to the protective order (yet to be entered) in this Action and will inform Natera as to whether such permission is granted. Archer further objects to this Request as unreasonably compound because it incorporates numerous subparts, which should count as multiple Requests.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents sufficient to identify and detail the relationship between itself and any subsidiary, parent, or affiliate that manufactures, uses, sells, markets, or distributes the Accused Products for Archer in the U.S. since January 21, 2020, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 14

Marketing documents relating to the Accused Products, including advertising and promotional material, market descriptions, marketing forecasts, industry analysis or forecasts, licensing analysis or forecasts, prospectuses, market surveys or analyses, product releases, usage milestones, marketing strategies, presentations and any other type of marketing materials.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "market descriptions," "marketing forecasts," "licensing analysis or forecasts," "prospectuses," "market surveys," "analyses," "usage milestones," and "marketing strategies." Archer further objects to this Request as irrelevant to the extent it seeks documents relating to the Accused Products for the period that predates January 21, 2020, the earliest issuance date of any Asserted Patents.

Archer further objects to this Request as irrelevant because Archer's "forecasts," or any other forward-looking analysis, are irrelevant to this Action.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged, exemplary marketing materials provided by Archer to Third Parties in the U.S. for the Accused Products since January 21, 2020, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Archer's agreement to search for documents is not an admission that such documents exist or that all Accused Products have been marketed by Archer in the U.S. since January 21, 2020. Archer will not be conducting any search or producing any marketing documents responsive to this Request with respect to Archer®MET because Archer®MET is not approved in the U.S., only in Japan, and cannot be marketed or sold in the U.S. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 15

Documents relating to board of director presentations, agendas or minutes relating to the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as irrelevant, overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because it seeks board of director materials relating to all aspects of the Accused products and fails to describe with reasonable particularity the documents requested.

Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request as irrelevant to the extent it seeks documents relating to the Accused Products for the period that predates January 21, 2020, the earliest issuance date of any Asserted Patents. Archer further objects to this Request as irrelevant to the extent it seeks information regarding the manufacturing of the Accused Products. All claims of the Asserted Patents are method claims, and the manufacturing of the Accused Products has no relevance to any claim or defense of any party in this Action and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents board of director presentations, agendas or minutes that constitute core technical documents (and in accordance with the Court's Scheduling Order), that detail Archer's research and development of the adaptors, primers, target loci, and PCR conditions used in the Accused Products, that detail use in the U.S. of the Accused Products by Archer since January 21, 2020, or that identify the Asserted Patents, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 16**

Documents sufficient to show and identify customers (including target customers) of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "customers" and "target customers." Archer further objects to this Request as irrelevant to the extent it seeks documents relating to the Accused Products for the period that predates January 21, 2020, the earliest issuance date of any Asserted Patents. Archer further objects to this Request as irrelevant because the Request seeks documents identifying target customers who have not purchased any Accused Products.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents sufficient to identify customers in the U.S. of the Accused Products since January 21, 2020, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Archer's agreement to search for documents is not an admission that such documents exist or that all Accused Products have been sold by Archer in the U.S. since January 21, 2020. Archer will not be conducting any search or producing any sales or marketing documents responsive to this Request with respect to Archer®MET because Archer®MET is not approved in the U.S., only in Japan, and cannot be marketed or sold in the U.S. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

35

**REQUEST FOR PRODUCTION NO. 17**

Documents sufficient to identify the date You first introduced or offered to sell each Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "introduced." Archer further objects to this Request as irrelevant to the extent it seeks documents relating to the Accused Products for the period that predates January 21, 2020, the earliest issuance date of any Asserted Patents.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents sufficient to identify the date Archer first offered to sell each Accused Product in the U.S. to the extent the date is after January 21, 2020, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Archer's agreement to search for documents is not an admission that such documents exist or that all Accused Products have been marketed by Archer in the U.S. since January 21, 2020. Archer will not be conducting any search or producing any sales or marketing documents responsive to this Request with respect to Archer®MET because Archer®MET is not approved in the U.S., only in Japan, and cannot be marketed or sold in the U.S. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend,

36

modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 18

Documents referred to, relied upon or otherwise used by You that support or undermine the statements made in Your S-1 filing with the SEC.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "support," "undermine," and "Your S-1 filing." Archer further objects to this Request as irrelevant given that the entirety of Archer's SEC filings are not relevant to this Action. Archer further objects to this Request as overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because it seeks documents that "support or undermine the statements made in Your S-1 filing with the SEC," but there are countless statements made in that filing. The Request fails to describe with reasonable particularity the documents requested. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.

ME1 34155602v.1

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will not be

conducting any search or producing any documents responsive to this Request at this time.

Archer is willing to meet and confer with Natera to better understand this Request and determine

an appropriate scope for this Request. Discovery has just commenced and Archer's investigation

is ongoing. Archer will amend, modify, and/or supplement this response as its investigation

continues in accordance with the Federal Rules and the Court's Scheduling Order when it is

issued.

## REQUEST FOR PRODUCTION NO. 19

Document sufficient to show Your marketing or business strategies for the Accused
Products, including but not limited to, business plans, marketing plans, sales plans, strategic
plans, product development plans, financial forecasts, market studies, competitive intelligence
analyses, sales lead databases, growth projections, profit plans and margins, customer demand
studies and surveys and prospective customer lists.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to,

"marketing or business strategies," "sales lead databases," and "profit plans and margins."

Archer further objects to this Request as irrelevant. To the extent Archer understands this

Request, its "marketing and business strategies" for the Accused Products are irrelevant this

Action. Archer further objects to this Request as irrelevant to the extent it seeks documents

relating to the Accused Products for the period that predates January 21, 2020, the earliest

38

issuance date of any Asserted Patents. Archer further objects to this Request to the extent it is

duplicative, cumulative of, or encompassed within another Request, including but not limited to

Request No. 14.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will search

for and produce responsive, non-privileged, exemplary marketing materials provided by Archer

to Third Parties in the U.S. for the Accused Products since January 21, 2020, to the extent such

documents exist, are located after a reasonable search, and after a protective order has been

entered in this Action. Archer's agreement to search for documents is not an admission that such

documents exist or that all Accused Products have been marketed by Archer in the U.S. since

January 21, 2020. Archer will not be conducting any search or producing any sales or marketing

documents responsive to this Request with respect to Archer®MET because Archer®MET is not

approved in the U.S., only in Japan, and cannot be marketed or sold in the U.S. Discovery has

just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or

supplement this response as its investigation continues in accordance with the Federal Rules and

the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 20

Documents sufficient to show Your estimates or projections of the past, present or future
market for any Accused Products in the United States, including but not limited to, business
plans, market plans, market analyses, market studies, commercial studies, product plans, profit
plans and demand studies or surveys.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "market," "market plans," "market analyses," "market studies," "commercial studies," "product plans," "profit plans," "demand studies," and "surveys." Archer further objects to this Request as irrelevant to the extent Archer understands this Request, any market "estimates or projections" for the Accused Products are irrelevant to this Action. Archer further objects to this Request as irrelevant to the extent it seeks documents relating to the Accused Products for the period that predates January 21, 2020, the earliest issuance date of any Asserted Patents. Archer further objects to this Request to the extent it is duplicative, cumulative of, or encompassed within another Request, including but not limited to Request Nos. 14 and 19.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents sufficient to detail the marketing materials provided by Archer to Third Parties in the U.S. and sale by Archer in the U.S. of the Accused Products to Third Parties since January 21, 2020, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Archer's agreement to search for documents is not an admission that such documents exist or that all Accused Products have been used, marketed, or sold by Archer in the U.S. since January 21, 2020. Archer will not be conducting any search or producing any sales or marketing documents responsive to this Request with respect to Archer®MET because Archer®MET is not approved in the U.S., only in Japan, and cannot be marketed or sold in the U.S. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or

supplement this response as its investigation continues in accordance with the Federal Rules and
the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 21**

Documents sufficient to show (on a monthly, quarterly and annual basis), for the past six
(6) years, Your revenues, quantities, profits, profit margins, and costs for all of the Accused
Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to,

"revenues," "profits," "profit margins," and "costs." Archer further objects to this Request as

irrelevant to the extent it seeks documents relating to the Accused Products for the period that

predates January 21, 2020, the earliest issuance date of any Asserted Patents.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will search

for and produce responsive, non-privileged documents sufficient to detail sales by Archer in the

U.S. of the Accused Products since January 21, 2020, and accounting information (*e.g.*, revenue,

profits, and costs in accordance with Archer's accounting practices) relating to such sales, to the

extent such documents exist, are located after a reasonable search, and after a protective order

has been entered in this Action. Archer's agreement to search for documents is not an admission

that such documents exist or that all Accused Products have been sold by Archer in the U.S.

since January 21, 2020. Archer will not be conducting any search or producing any sales

documents responsive to this Request with respect to Archer®MET because Archer®MET is not

approved in the U.S., only in Japan, and cannot be marketed or sold in the U.S. Discovery has

just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or

supplement this response as its investigation continues in accordance with the Federal Rules and

the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 22

Documents related to the development of AMP (Anchored Multiplex PCR) technology.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will search

for and produce responsive, non-privileged documents sufficient to detail Archer's research and

development of the adaptors, primers, target loci, and PCR conditions used in the Accused

Products to the extent such documents exist, are located after a reasonable search, and after a

protective order has been entered in this Action. Discovery has just commenced and Archer's

investigation is ongoing. Archer will amend, modify, and/or supplement this response as its

investigation continues in accordance with the Federal Rules and the Court's Scheduling Order

when it is issued.

## REQUEST FOR PRODUCTION NO. 23

Documents supporting or refuting a determination of a reasonable royalty and/or the
amount of damages adequate to compensate Natera for Your infringement of the Asserted
Patents, including any computation, calculation or estimation of damages, lost profits, or
reasonable royalties claimed in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "supporting" and "refuting." Archer further objects to this Request as premature to the extent that it seeks documents relating to Archer's damages contentions months before Natera's infringement contentions—October 1, 2020 based on Plaintiff's proposal or November 16, 2020 based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling order has been entered. The Proposed Scheduling Order (D.I. 34) further provides that "disclosure of expert testimony," which would include damages, is not due until June 4, 2021 based on Plaintiff's proposal, or August 16, 2021 based on Defendant's proposal. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents and responses to Natera's damages contentions, as well as expert discovery, in accordance with the Court's Scheduling Order and, as envisioned by the Parties' Proposed Scheduling Orders, after Natera has detailed its damages allegations, *see e.g.*, Proposed Scheduling Order 8.d.ii, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend,

modify, and/or supplement this response as its investigation continues in accordance with the

Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 24

Documents relating to any of the *Georgia-Pacific* factors, which include: (1) the royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty; (2) The rates paid by the licensee for the use of other patents comparable to the patent in suit; (3) The nature and scope of the license, as exclusive or non-exclusive; or as restricted or non-restricted in terms of territory or with respect to whom the manufactured products may be sold; (4) The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly; (5) The commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promoter; (6) The effect of selling the patented specialty in promoting sales of other products of the licensee; the existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales; (7) the duration of the patent and the term of the license; (8) the established profitability of the product made under the patent; its commercial success; and its current popularity; (9) The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results; (10) the nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention; (11) the extent to which the infringer has made use of the invention; and any evidence probative of the value of that use; (12) the portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions; (13) the portion of the realizable profit that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer; (14) the opinion testimony of qualified experts; (15) The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee - who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention - would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

premature to the extent that it seeks documents relating to Archer's damages contentions months

44

before Natera's infringement contentions—October 1, 2020 based on Plaintiff's proposal or November 16, 2020 based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling order has been entered. The Proposed Scheduling Order (D.I. 34) further provides that "disclosure of expert testimony," which would include damages, is not due until June 4, 2021 based on Plaintiff's proposal, or August 16, 2021 based on Defendant's proposal. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Archer further objects to this Request as unreasonably compound because it incorporates numerous subparts, which should count as multiple Requests.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents and responses to Natera's damages contentions, as well as expert discovery, in accordance with the Court's Scheduling Order and, as envisioned by the Parties' Proposed Scheduling Orders, after Natera has detailed its damages allegations, *see e.g.*, Proposed Scheduling Order 8.d.ii, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**<u>REQUEST FOR PRODUCTION NO. 25</u>**

Patent licenses You contend, or may contend, are relevant to the royalty that would be reached as a result of a hypothetical negotiation with respect to the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

premature to the extent that it seeks documents relating to Archer's damages contentions months

before Natera's infringement contentions—October 1, 2020 based on Plaintiff's proposal or

November 16, 2020 based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No

scheduling order has been entered. The Proposed Scheduling Order (D.I. 34) further provides

that "disclosure of expert testimony," which would include damages, is not due until June 4,

2021 based on Plaintiff's proposal, or August 16, 2021 based on Defendant's proposal. Archer

further objects to this Request to the extent it seeks documents subject to a confidentiality

obligation owed to a non-party to this Action. If any such documents are identified, Archer will

seek permission of the Third Party to disclose the documents subject to the protective order (yet

to be entered) in this Action and will inform Natera as to whether such permission is granted.

Archer further objects to this Request to the extent that it seeks information protected by the

attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any

other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will search

for and produce responsive, non-privileged documents and responses to Natera's damages

contentions, as well as expert discovery, in accordance with the Court's Scheduling Order and,

as envisioned by the Parties' Proposed Scheduling Orders, after Natera has detailed its damages

allegations, *see e.g.*, Proposed Scheduling Order 8.d.ii, to the extent such documents exist, are

located after a reasonable search, and after a protective order has been entered in this Action.

Discovery has just commenced and Archer's investigation is ongoing. Archer will amend,

modify, and/or supplement this response as its investigation continues in accordance with the

Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 26

Documents referring or relating to any policy of Yours for evaluating, negotiating, granting or obtaining licenses to intellectual property.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

irrelevant, overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to

the needs of this Action because it requests "any" policy untethered to the patents or products

subject to this litigation. Not all documents sought by this Request, if any, will contain

information relevant to a claim or defense in this Action, and it would be unduly burdensome

and costly for Archer to collect and produce those irrelevant documents. Archer further objects

to this Request to the extent that it seeks information protected by the attorney-client privilege,

the work-product doctrine, the common-interest privilege, and/or any other applicable privilege,

immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will search

for and produce responsive, non-privileged documents and responses to Natera's damages

contentions, as well as expert discovery, in accordance with the Court's Scheduling Order and,

as envisioned by the Parties' Proposed Scheduling Orders, after Natera has detailed its damages

allegations, *see e.g.*, Proposed Scheduling Order 8.d.ii, to the extent such documents exist, are

located after a reasonable search, and after a protective order has been entered in this Action.

Discovery has just commenced and Archer's investigation is ongoing. Archer will amend,

modify, and/or supplement this response as its investigation continues in accordance with the

Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 27**

Documents relating to any inquiry received or made by You concerning licensing the
Asserted Patents or any Related Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

irrelevant to the extent it seeks any "inquiry" concerning "licensing the Asserted Patents or any

Related Patents." Archer further objects to this Request as premature to the extent that it seeks

documents relating to Archer's damages contentions months before Natera's infringement

contentions—October 1, 2020 based on Plaintiff's proposal or November 16, 2020 based on

Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling order has been

entered. Archer further objects to this Request to the extent that it seeks information protected by

the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or

any other applicable privilege, immunity, or protection. Archer further objects to this Request to

the extent it seeks documents subject to a confidentiality obligation owed to a non-party to this

Action. If any such documents are identified, Archer will seek permission of the Third Party to

disclose the documents subject to the protective order (yet to be entered) in this Action and will

inform Natera as to whether such permission is granted.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Documents

relevant to this Request are in Natera's custody, possession, and control and have yet to be

produced by Natera. Archer will search for and produce responsive, non-privileged documents

relating to inquiries received or made by Archer concerning licensing the Asserted Patents, to the

extent such documents exist, are located after a reasonable search, and after a protective order

has been entered in this Action. Discovery has just commenced and Archer's investigation is

ongoing. Archer will amend, modify, and/or supplement this response as its investigation

continues in accordance with the Federal Rules and the Court's Scheduling Order when it is

issued.

### REQUEST FOR PRODUCTION NO. 28

Documents relating to any technology or patent license, settlement or other agreement
taken, offered to or by, or accepted by You relating to any Accused Products.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 28

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

irrelevant to the extent it seeks documents relating to the Accused Products for the period that

predates January 21, 2020, the earliest issuance date of any Asserted Patents. Archer further

objects to this Request as premature to the extent that it seeks documents relating to Archer's

damages contentions months before Natera's infringement contentions—October 1, 2020 based

on Plaintiff's proposal or November 16, 2020 based on Defendant's proposal—are proposed to

be due. *See* D.I. 34. No scheduling order has been entered. Archer further objects to this Request

to the extent that it seeks information protected by the attorney-client privilege, the work-product

doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or

protection. Archer further objects to this Request to the extent it seeks documents subject to a

confidentiality obligation owed to a non-party to this Action. If any such documents are

identified, Archer will seek permission of the Third Party to disclose the documents subject to

the protective order (yet to be entered) in this Action and will inform Natera as to whether such

permission is granted. Archer further objects to this Request as irrelevant, overly broad, lacking

specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because

it requests "any" license, settlement or other agreement untethered to the patents subject to this

litigation. Not all documents sought by this Request, if any, will contain information relevant to a

claim or defense in this Action, and it would be unduly burdensome and costly for Archer to

collect and produce those irrelevant documents.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will search

for and produce responsive, non-privileged documents and responses to Natera's damages

contentions, as well as expert discovery, in accordance with the Court's Scheduling Order and,

as envisioned by the Parties' Proposed Scheduling Orders, after Natera has detailed its damages

allegations, *see e.g.*, Proposed Scheduling Order 8.d.ii, to the extent such documents exist, are

located after a reasonable search, and after a protective order has been entered in this Action.

Discovery has just commenced and Archer's investigation is ongoing. Archer will amend,

modify, and/or supplement this response as its investigation continues in accordance with the

Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 29

Organizational charts or other documents sufficient to identify the names, titles, responsibilities, and reporting relationships of Your current and former employees involved in the research, design, manufacture, development, testing, production, analysis, oversight, quality assurance, regulatory compliance, purchasing, marketing and sales, competitive product analysis and or investigation of any Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "design," "testing," "analysis," "oversight," "quality assurance," "purchasing," "competitive product analysis," and "investigation." Archer further objects to this Request as overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because it seeks identification of employees on fifteen broad categories of activities relating to all Accused Products and fails to describe with reasonable particularity the documents requested. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request as irrelevant to the extent it seeks information regarding the manufacturing of the Accused Products. All claims of the Asserted Patents are method claims, and the manufacturing of the Accused Products has no relevance to any claim or defense of any party in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Archer further objects to this Request as irrelevant to the extent it seeks documents relating to the Accused Products for the period that predates January 21, 2020, the earliest issuance date of any Asserted Patents. Archer further objects to this Request as irrelevant to the extent Archer understand this Request, the "oversight, quality assurance, regulatory compliance, [and]… competitive product analysis and or investigation" are irrelevant to this litigation.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged (1) core technical documents for the Accused

Products in accordance with the Court's Scheduling Order; (2) responsive, non-privileged documents sufficient to detail Archer's research and development of the adaptors, primers, target loci, and PCR conditions used in the Accused Products; (3) responsive, non-privileged documents sufficient to detail use in the U.S. of the Accused Products by Archer since January 21, 2020; (4) responsive, non-privileged, exemplary marketing materials provided by Archer to Third Parties in the U.S. of the Accused Products to Third Parties since January 21, 2020; and (5) responsive, non-privileged documents sufficient to detail sales by Archer in the U.S. of the Accused Products since January 21, 2020, and accounting information (*e.g.*, revenue, profits, and costs in accordance with Archer's accounting practices) relating to such sales, from which the individuals involved in such activities can be identified, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Archer will provide Rule 26(a)(1) initial disclosures 7 days from the date of the Court's Scheduling Order when it is issued. *See* D.I. 34. Archer's agreement to search for documents is not an admission that such documents exist or that all Accused Products have been used, marketed, or sold by Archer in the U.S. since January 21, 2020. Archer will not be conducting any search or producing any sales or marketing documents responsive to this Request with respect to Archer®MET because Archer®MET is not approved in the U.S., only in Japan, and cannot be marketed or sold in the U.S. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 30

Documents sufficient to show Your corporate organization and structure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as irrelevant because it seeks documents sufficient to show Archer's entire corporate organization and structure. Archer further objects to this Request as overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because it seeks documents sufficient to show Archer's entire corporate organization and structure and fails to describe with reasonable particularity the documents requested. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents reflecting its current research and development organization, and marketing and sales organization, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 31**

Documents sufficient to identify any and all of Your predecessor or successor companies, corporations, affiliates or business entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "business entities." Archer further objects to this Request as irrelevant, overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because Archer's predecessor companies, corporations, affiliates or "business entities" predate January 21, 2020—the earliest issuance date of any Asserted Patents. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request to the extent it seeks documents subject to a confidentiality obligation owed to a non-party to this Action. If any such documents are identified, Archer will seek permission of the Third Party to disclose the documents subject to the Protective Order (yet to be entered) in this Action and will inform Natera as to whether such permission is granted.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer currently has no successor company. Archer will not produce documents concerning predecessor companies, corporations, affiliates or "business entities" that predate January 21, 2020—the earliest issuance date of any Asserted Patents. Archer will search for and produce responsive, non-privileged documents sufficient to identify any current affiliate that manufactures, uses, sells, markets, or distributes the Accused Product in the U.S. since January 21, 2020, to the extent such entity exists, and such documents are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its

investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 32**

Documents relating to or obtained as a result of any patentability, validity, infringement, enforceability, or prior art search, study or analysis relating to the subject matter claimed or disclosed in any of the Asserted Patents, including but not limited to, opinion of counsel, any patents, publications, prior art, or prior art methods or products identified through any such search, study or analysis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as premature to the extent that it seeks documents relating to Archer's noninfringement and invalidity contentions months before Natera's infringement contentions—October 1, 2020 based on Plaintiff's proposal or November 16, 2020 based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling order has been entered. The Proposed Scheduling Order (D.I. 34) further provides that "disclosure of expert testimony," which would include invalidity and noninfringement, is not due until June 4, 2021 based on Plaintiff's proposal, or August 16, 2021 based on Defendant's proposal. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Archer further objects to this Request as unreasonably compound because it incorporates numerous subparts, which should count as multiple Requests.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will provide its contentions or responses to Natera's contentions, as well as expert discovery, and

produce responsive, non-privileged documents identified as a result of a responsive search

identifying the Asserted Patents that postdates January 21, 2020, in accordance with the Court's

Scheduling Order and, as envisioned by the Parties' Proposed Scheduling Orders, *see e.g.*,

Proposed Scheduling Order 8.d.ii, and after a protective order has been entered in this Action.

Discovery has just commenced and Archer's investigation is ongoing. Archer will amend,

modify, and/or supplement this response as its investigation continues in accordance with the

Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 33

Communications between You and any other entity referring or relating to the validity, invalidity, enforceability, unenforceability, infringement, non-infringement, patentability, scope or licensing of any of the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to,

"Communications." Archer further objects to this Request as premature to the extent that it seeks

documents relating to Archer's noninfringement and invalidity months before Natera's

infringement contentions—October 1, 2020 based on Plaintiff's proposal or November 16, 2020

based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling order has

been entered. Archer further objects to this Request to the extent that it seeks email production

inconsistent with the District of Delaware's Default Standard for Discovery, which provides the

"search methodology" for emails as propounding specific email production requests of no more

than 10 terms. Archer further objects to this Request to the extent that it seeks information

protected by the attorney-client privilege, the work-product doctrine, the common-interest

privilege, and/or any other applicable privilege, immunity, or protection. Archer further objects

to this Request as unreasonably compound because it incorporates numerous subparts, which

should count as multiple Requests.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will

provide its contentions or responses to Natera's contentions, as well as expert discovery,

pertaining to the Asserted Patents, and produce responsive, non-privileged documents that

postdate January 21, 2020, in accordance with the Court's Scheduling Order and, as envisioned

by the Parties' Proposed Scheduling Orders, *see e.g.*, Proposed Scheduling Order 8.d.ii, and after

a protective order has been entered in this Action. Discovery has just commenced and Archer's

investigation is ongoing. Archer will amend, modify, and/or supplement this response as its

investigation continues in accordance with the Federal Rules and the Court's Scheduling Order

when it is issued.

## REQUEST FOR PRODUCTION NO. 34

Documents that support or refute Your contention that any Accused Product does not
infringe the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to, "support"

and "refute." Archer further objects to this Request as irrelevant to the extent it seeks documents

relating to the Accused Products for the period that predates January 21, 2020, the earliest

issuance date of any Asserted Patents. Archer further objects to this Request as premature to the

extent that it seeks documents relating to Archer's noninfringement months before Natera's

infringement contentions—October 1, 2020 based on Plaintiff's proposal or November 16, 2020

based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling order has

been entered. The Proposed Scheduling Order (D.I. 34) further provides that "disclosure of

expert testimony," which would include noninfringement, is not due until June 4, 2021 based on

Plaintiff's proposal, or August 16, 2021 based on Defendant's proposal. Archer further objects to

this Request to the extent that it seeks information protected by the attorney-client privilege, the

work-product doctrine, the common-interest privilege, and/or any other applicable privilege,

immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will search

for and produce responsive, non-privileged documents and its responses to Natera's contentions,

as well as expert discovery, in accordance with the Court's Scheduling Order and, as envisioned

by the Parties' Proposed Scheduling Orders, after Natera has detailed its infringement

allegations, *see e.g.*, Proposed Scheduling Order 8.d.ii, to the extent such documents exist, are

located after a reasonable search, and after a protective order has been entered in this Action.

Discovery has just commenced and Archer's investigation is ongoing. Archer will amend,

modify, and/or supplement this response as its investigation continues in accordance with the

Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 35**

Documents referring or relating to any consideration or effort to design around any claim of the Asserted Patents, by You or anyone else.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as irrelevant under Fed. R. Evid. 407. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "design around" and "anyone else." Archer further objects to this Request as irrelevant, overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action to the extent that it incorporates activities of non-parties. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request as overly broad and irrelevant to the extent it captures research and development relating to products aside from the Accused Products; Archer will not produce documents relating to research and development of such products. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Archer further objects to this Request as premature to the extent that it seeks documents relating to Archer's noninfringement contentions months before Natera's infringement contentions—October 1, 2020 based on Plaintiff's proposal or November 16, 2020 based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling

order has been entered. The Proposed Scheduling Order (D.I. 34) further provides that "disclosure of expert testimony," which would include noninfringement, is not due until June 4, 2021 based on Plaintiff's proposal, or August 16, 2021 based on Defendant's proposal. Archer further objects to this Request to the extent it seeks documents subject to a confidentiality obligation owed to a non-party to this Action. If any such documents are identified, Archer will seek permission of the Third Party to disclose the documents subject to the Protective Order (yet to be entered) in this Action and will inform Natera as to whether such permission is granted.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: As detailed in Archer's Answer (D.I. 21), Archer does not infringe the Asserted Patent. Archer will provide responses to Natera's infringement contentions, as well as expert discovery, in accordance with the Court's Scheduling Order and, as envisioned by the Parties' Proposed Scheduling Orders, after Natera has detailed its infringement allegations, *see e.g.*, Proposed Scheduling Order 8.d.ii, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 36

Documents relating to any efforts or steps taken by You to avoid infringing the Asserted Patents since the commencement of this Action against You.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

irrelevant under Fed. R. Evid. 407. Archer further objects to this Request as irrelevant, overly

broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this

Action to the extent it captures research and development relating to products aside from the

Accused Products; Archer will not produce documents relating to research and development of

such products. Not all documents sought by this Request, if any, will contain information

relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for

Archer to collect and produce those irrelevant documents. Archer further objects to this Request

as premature to the extent that it seeks documents relating to Archer's noninfringement

contentions months before Natera's infringement contentions—October 1, 2020 based on

Plaintiff's proposal or November 16, 2020 based on Defendant's proposal—are proposed to be

due. *See* D.I. 34. No scheduling order has been entered. The Proposed Scheduling Order (D.I.

34) further provides that "disclosure of expert testimony," which would include

noninfringement, is not due until June 4, 2021 based on Plaintiff's proposal, or August 16, 2021

based on Defendant's proposal. Archer further objects to this Request to the extent that it seeks

information protected by the attorney-client privilege, the work-product doctrine, the common-

interest privilege, and/or any other applicable privilege, immunity, or protection. Archer further

objects to this Request to the extent it is duplicative, cumulative of, or encompassed within

another Request, including but not limited to Request No. 35.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: As detailed in

Archer's Answer (D.I. 21) Archer does not infringe the Asserted Patent. Archer will provide

responses to Natera's infringement contentions, as well as expert discovery, in accordance with

the Court's Scheduling Order and, as envisioned by the Parties' Proposed Scheduling Orders,

after Natera has detailed its infringement allegations, *see e.g.*, Proposed Scheduling Order 8.d.ii, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 37**

Documents relating to any of the named inventors of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "relating to any of the named inventors." Archer further objects to this Request as irrelevant, overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because it seeks any documents relating to the named inventors regardless of the subject matter. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents that both identify a named inventor of the Asserted Patents by name and the Asserted Patents or Accused Products since January 21, 2020, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 38

Documents relating to any of the Asserted Patents, including any communications or correspondences with any Third-Party.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 38

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request to the extent that it seeks email production inconsistent with the District of Delaware's Default Standard for Discovery, which provides the "search methodology" for emails as propounding specific email production requests of no more than 10 terms. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Archer further objects to this Request to the extent it seeks documents subject to a confidentiality obligation owed to a non-party to this Action. If any such documents are identified, Archer will seek permission of the Third Party to disclose the documents subject

to the protective order (yet to be entered) in this Action and will inform Natera as to whether such permission is granted.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents pertaining to the Asserted Patents, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 39

Documents relating to when and/or how You first became aware of the Asserted Patents or related patent applications.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 39

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents sufficient to show Archer's first awareness of the Asserted Patents, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just

commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 40

Documents mentioning, or relating to Natera; any intellectual property owned by and/or assigned to Natera; and/or any meetings with Natera, its employees and/or representatives, related to the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as irrelevant, overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action to the extent it requests documents unrelated to the Asserted Patents and includes documents mentioning Natera in any context. Archer further objects to this Request as overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action to the extent this Request includes documents already in the possession of Natera. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request to the extent that it seeks email production inconsistent with the District of Delaware's Default Standard for Discovery, which provides the "search methodology" for emails as propounding specific email production requests of no more than 10 terms. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.

ME1 34155602v.1

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents pertaining to the Asserted Patents, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 41**

Documents concerning, involving, mentioning or relating to this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "concerning," "involving," "mentioning," and "relating to." Archer further objects to this Request as overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because it seeks documents relating to all aspects of this Action and fails to describe with reasonable particularity the documents requested. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request to the extent that it seeks email production

66

inconsistent with the District of Delaware's Default Standard for Discovery, which provides the "search methodology" for emails as propounding specific email production requests of no more than 10 terms. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents pertaining the Asserted Patents, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 42**

Documents relating to the level of skill in the art applicable to the Asserted Patents as of May 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as premature to the extent that it seeks documents relating to Archer's noninfringement and invalidity contentions months before Natera's infringement contentions—October 1, 2020 based on Plaintiff's proposal or November 16, 2020 based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling order has been entered. The Proposed Scheduling Order (D.I. 34) further provides that "disclosure of expert testimony," which would include applicable level

of skill in the art, is not due until June 4, 2021 based on Plaintiff's proposal, or August 16, 2021

based on Defendant's proposal. Archer further objects to this Request to the extent that it seeks

information protected by the attorney-client privilege, the work-product doctrine, the common-

interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will search

for and produce responsive, non-privileged documents, and provide its contentions or responses

to Natera's contentions, as well as expert discovery, in accordance with the Court's Scheduling

Order, to the extent such documents exist, are located after a reasonable search, and after a

protective order has been entered in this Action. Discovery has just commenced and Archer's

investigation is ongoing. Archer will amend, modify, and/or supplement this response as its

investigation continues in accordance with the Federal Rules and the Court's Scheduling Order

when it is issued.

## REQUEST FOR PRODUCTION NO. 43

Documents (other than intrinsic evidence) that You allege bear upon the interpretation
and/or construction of any claims of the Asserted Patents, including all documents You intend to
rely in support of any proposed interpretation and/or construction of any limitations of any
claims of the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 43

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to, "bear

upon." Archer further objects to this Request as premature to the extent that it seeks documents

relating to Archer's noninfringement and invalidity contentions months before Natera's

infringement contentions—October 1, 2020 based on Plaintiff's proposal or November 16, 2020

based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling order has

been entered. The Proposed Scheduling Order (D.I. 34) further provides that "Joint Claim

Construction Chart," is not due until November 13, 2020 based on Plaintiff's proposal, or

February 5, 2021 based on Defendant's proposal. Archer further objects to this Request to the

extent that it seeks information protected by the attorney-client privilege, the work-product

doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or

protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will

provide its claim construction positions and supporting documents in accordance with the

Court's Scheduling Order. Discovery has just commenced and Archer's investigation is ongoing.

Archer will amend, modify, and/or supplement this response as its investigation continues in

accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 44

Documents relating to any public use, sale, or offer for sale of any Accused Product or
any other product or method that You contend may qualify as prior art to any of the Asserted
Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 44

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

premature to the extent that it seeks documents relating to Archer's invalidity contentions

months before Natera's infringement contentions—October 1, 2020 based on Plaintiff's proposal

or November 16, 2020 based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling order has been entered. The Proposed Scheduling Order (D.I. 34) further provides that "disclosure of expert testimony," which would include invalidity, is not due until June 4, 2021 based on Plaintiff's proposal, or August 16, 2021 based on Defendant's proposal.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents, and provide its contentions or responses to Natera's contentions, as well as expert discovery, in accordance with the Court's Scheduling Order, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 45

Documents relating to any comparison between any claims of the Asserted Patents and any of Your products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 45

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as irrelevant to the extent it seeks documents relating to products other than the Accused Products; Archer will not produce documents relating to such products. Archer further objects to this Request as overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because it seeks documents relating to products other than the Accused Products. Not all documents sought by this Request, if any, will contain information relevant to a

claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request as premature to the extent that it seeks documents relating to Archer's noninfringement contentions months before Natera's infringement contentions—October 1, 2020 based on Plaintiff's proposal or November 16, 2020 based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling order has been entered. The Proposed Scheduling Order (D.I. 34) further provides that "disclosure of expert testimony," which would include noninfringement, is not due until June 4, 2021 based on Plaintiff's proposal, or August 16, 2021 based on Defendant's proposal. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents and provide responses to Natera's infringement contentions, as well as expert discovery, in accordance with the Court's Scheduling Order and, as envisioned by the Parties' Proposed Scheduling Orders, after Natera has detailed its infringement allegations, *see e.g.*, Proposed Scheduling Order 8.d.ii, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 46

Documents which You rely or intend to rely on to support Your contention that the Asserted Patents are invalid, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "rely on" and "support." Archer further objects to this Request as premature to the extent that it seeks documents relating to Archer's invalidity contentions months before Natera's infringement contentions—October 1, 2020 based on Plaintiff's proposal or November 16, 2020 based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling order has been entered. The Proposed Scheduling Order (D.I. 34) further provides that "disclosure of expert testimony," which would include invalidity, is not due until June 4, 2021 based on Plaintiff's proposal, or August 16, 2021 based on Defendant's proposal. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents and provide its contentions or responses to Natera's contentions, as well as expert discovery, in accordance with the Court's Scheduling Order, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its

investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 47**

Documents which You rely or intend to rely on for support for Your contention that Natera is not entitled to injunctive relief.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as premature to the extent that it seeks documents relating to Archer's damages contentions months before Natera's infringement contentions—October 1, 2020 based on Plaintiff's proposal or November 16, 2020 based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling order has been entered. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents and provide responses to Natera's damages contentions, as well as expert discovery, in accordance with the Court's Scheduling Order and, as envisioned by the Parties' Proposed Scheduling Orders, after Natera has detailed its damages allegations, *see e.g.*, Proposed Scheduling Order 8.d.ii., to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Moreover, documents relevant to this Request are in Natera's custody, possession and control and have yet to be produced by Natera. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its

73

investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 48**

Documents referred to or relied upon by You that support and/or undermine any affirmative defense or other defense asserted by You in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "support" and "undermine." Archer further objects to this Request as premature. No scheduling order has been entered. The Proposed Scheduling Order (D.I. 34) further provides that "disclosure of expert testimony," which would include defenses, is not due until June 4, 2021 based on Plaintiff's proposal, or August 16, 2021 based on Defendant's proposal. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents and provide its contentions or responses to Natera's contentions, as well as expert discovery, in accordance with the Court's Scheduling Order, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Moreover, documents relevant to this Request

74

are in Natera's custody, possession and control and have yet to be produced by Natera.

Discovery has just commenced and Archer's investigation is ongoing. Archer will amend,

modify, and/or supplement this response as its investigation continues in accordance with the

Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 49

Documents sufficient to show Your policies and procedures for making, distributing,
storing, retaining and/or destroying documents, records, files or electronically stored
information.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 49

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

irrelevant, overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to

the needs of this Action because it encompasses policies and procedures for documents, records,

files or electronically stored information not related to any claim or defense of any party in this

Action. Not all documents sought by this Request, if any, will contain information relevant to a

claim or defense in this Action, and it would be unduly burdensome and costly for Archer to

collect and produce those irrelevant documents.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will search

for and produce responsive, non-privileged documents sufficient to show Archer's current

document retention policy in the U.S. with respect to the Accused Products, to the extent such

documents exist, are located after a reasonable search, and after a protective order has been

entered in this Action. Discovery has just commenced and Archer's investigation is ongoing.

Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 50

Documents and communications relating to the merger of You and Invitae Corporation as it pertains to the Accused Products, including but not limited to reports, schedules, evaluations, analysis, negotiations, memoranda, valuation and/or correspondences.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 50

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "communications," "reports," "schedules," "evaluations," "analysis," "negotiations," "memoranda," and "valuation." Archer further objects to this Request as irrelevant, overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because it seeks documents relating to any aspect of the Accused Products and fails to describe with reasonable particularity the documents requested. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request to the extent that it seeks email production inconsistent with the District of Delaware's Default Standard for Discovery, which provides the "search methodology" for emails as propounding specific email production requests of no more than 10 terms. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or

76

any other applicable privilege, immunity, or protection. Archer further objects to this Request to the extent it seeks documents subject to a confidentiality obligation owed to a non-party to this Action. If any such documents are identified, Archer will seek permission of the Third Party to disclose the documents subject to the protective order (yet to be entered) in this Action and will inform Natera as to whether such permission is granted. Archer further objects to this Request as overly broad and unduly burdensome to the extent that it seeks production of documents not within Archer's possession, custody, or control.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents pertaining to the potential merger with Invitae Corporation to the extent the document: (1) is a core technical document for one of the Accused Products (to be produced in accordance with the Court's Scheduling Order); (2) details research and development of the adaptors, primers, target loci, and PCR conditions used in the Accused Products; (3) details use in the U.S. of the Accused Products by Archer since January 21, 2020; (4) details the marketing materials of the Accused Products provided by Archer to Third Parties in the U.S. since January 21, 2020; or (5) details sales by Archer in the U.S. of the Accused Products since January 21, 2020, or accounting information (*e.g.*, revenue, profits, and costs in accordance with Archer's accounting practices) relating to such sales, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Archer's agreement to search for documents is not an admission that such documents exist or that all Accused Products have been used, marketed, or sold by Archer in the U.S. since January 21, 2020. Archer will not be conducting any search or producing any sales or marketing documents responsive to this Request with respect to Archer®MET because

Archer®MET is not approved in the U.S., only in Japan, and cannot be marketed or sold in the

U.S. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend,

modify, and/or supplement this response as its investigation continues in accordance with the

Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 51

Documents and communications exchanged between You and Invitae Corporation
relating to the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 51

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to,

"communications." Archer further objects to this Request as irrelevant, overly broad, lacking

specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because

it seeks documents relating to any aspect of Accused Products and fails to describe with

reasonable particularity the documents requested. Not all documents sought by this Request, if

any, will contain information relevant to a claim or defense in this Action, and it would be

unduly burdensome and costly for Archer to collect and produce those irrelevant documents.

Archer further objects to this Request to the extent that it seeks email production inconsistent

with the District of Delaware's Default Standard for Discovery, which provides the "search

methodology" for emails as propounding specific email production requests of no more than 10

terms. Archer further objects to this Request to the extent that it seeks information protected by

the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or

any other applicable privilege, immunity, or protection. Archer further objects to this Request to the extent it seeks documents subject to a confidentiality obligation owed to a non-party to this Action. If any such documents are identified, Archer will seek permission of the Third Party to disclose the documents subject to the protective order (yet to be entered) in this Action and will inform Natera as to whether such permission is granted. Archer further objects to this Request as overly broad and unduly burdensome to the extent that it seeks production of documents not within Archer's possession, custody, or control.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents pertaining to the potential merger with Invitae Corporation to the extent the document: (1) is a core technical document for one of the Accused Products (to be produced in accordance with the Court's Scheduling Order); (2) details research and development of the adaptors, primers, target loci, and PCR conditions used in the Accused Products; (3) details use in the U.S. of the Accused Products by Archer since January 21, 2020; (4) details the marketing materials of the Accused Products provided by Archer to Third Parties in the U.S. since January 21, 2020; or (5) details sales by Archer in the U.S. of the Accused Products since January 21, 2020, or accounting information (*e.g.*, revenue, profits, and costs in accordance with Archer's accounting practices) relating to such sales, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Archer's agreement to search for documents is not an admission that such documents exist or that all Accused Products have been used, marketed, or sold by Archer in the U.S. since January 21, 2020. Archer will not be conducting any search or producing any sales or marketing documents responsive to this Request with respect to Archer®MET because

Archer®MET is not approved in the U.S., only in Japan, and cannot be marketed or sold in the

U.S. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend,

modify, and/or supplement this response as its investigation continues in accordance with the

Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 52

Documents and communications exchanged between You and Invitae Corporation
relating to this Action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 52

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to,

"communications." Archer further objects to this Request to the extent that it seeks email

production inconsistent with the District of Delaware's Default Standard for Discovery, which

provides the "search methodology" for emails as propounding specific email production requests

of no more than 10 terms. Archer further objects to this Request to the extent that it seeks

information protected by the attorney-client privilege, the work-product doctrine, the common-

interest privilege, and/or any other applicable privilege, immunity, or protection. Archer further

objects to this Request to the extent it seeks documents subject to a confidentiality obligation

owed to a non-party to this Action. If any such documents are identified, Archer will seek

permission of the Third Party to disclose the documents subject to the protective order (yet to be

entered) in this Action and will inform Natera as to whether such permission is granted. Archer

further objects to this Request as overly broad and unduly burdensome to the extent that it seeks

production of documents not within Archer's possession, custody, or control.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will search

for and produce responsive, non-privileged documents pertaining to the Asserted Patents, to the

extent such documents exist, are located after a reasonable search, and after a protective order

has been entered in this Action. Discovery has just commenced and Archer's investigation is

ongoing. Archer will amend, modify, and/or supplement this response as its investigation

continues in accordance with the Federal Rules and the Court's Scheduling Order when it is

issued.

## REQUEST FOR PRODUCTION NO. 53

Documents and communications exchanged between You and Invitae Corporation
relating to the Asserted Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 53

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to,

"communications." Archer further objects to this Request to the extent that it seeks email

production inconsistent with the District of Delaware's Default Standard for Discovery, which

provides the "search methodology" for emails as propounding specific email production requests

of no more than 10 terms. Archer further objects to this Request to the extent that it seeks

information protected by the attorney-client privilege, the work-product doctrine, the common-

interest privilege, and/or any other applicable privilege, immunity, or protection. Archer further objects to this Request to the extent it seeks documents subject to a confidentiality obligation owed to a non-party to this Action. If any such documents are identified, Archer will seek permission of the Third Party to disclose the documents subject to the protective order (yet to be entered) in this Action and will inform Natera as to whether such permission is granted. Archer further objects to this Request as overly broad and unduly burdensome to the extent that it seeks production of documents not within Archer's possession, custody, or control.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents pertaining to the Asserted Patents, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

### REQUEST FOR PRODUCTION NO. 54

Documents and communications exchanged between You and Invitae Corporation relating to the technology disclosed in the Asserted Patents.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 54

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to,

"communications," "technology." Archer further objects to this Request as irrelevant because only the claims of the Asserted Patents are relevant to this Action. Archer further objects to this Request as overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because it seeks documents relating to the entirety of the disclosures in the Asserted Patents and fails to describe with reasonable particularity the documents requested. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request to the extent that it seeks email production inconsistent with the District of Delaware's Default Standard for Discovery, which provides the "search methodology" for emails as propounding specific email production requests of no more than 10 terms. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Archer further objects to this Request to the extent it seeks documents subject to a confidentiality obligation owed to a non-party to this Action. If any such documents are identified, Archer will seek permission of the Third Party to disclose the documents subject to the protective order (yet to be entered) in this Action and will inform Natera as to whether such permission is granted. Archer further objects to this Request as overly broad and unduly burdensome to the extent that it seeks production of documents not within Archer's possession, custody, or control.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents pertaining to the Asserted Patents, to the extent such documents exist, are located after a reasonable search, and after a protective order

has been entered in this Action. Discovery has just commenced and Archer's investigation is

ongoing. Archer will amend, modify, and/or supplement this response as its investigation

continues in accordance with the Federal Rules and the Court's Scheduling Order when it is

issued.

## REQUEST FOR PRODUCTION NO. 55

Documents and communications exchanged between You and Invitae Corporation
relating to Your intellectual property, business strategy, and Your competitors and market share.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 55

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to, "business

strategy," "competitors," and "market share." Archer further objects to this Request as irrelevant

to the extent it seeks documents and communications, if any, exchanged between Archer and

Invitae, relating to Archer's intellectual property, business strategy, competitors and market

share. Archer further objects to this Request as overly broad, lacking specificity, unduly

burdensome, costly, and disproportionate to the needs of this Action because it fails to describe

with reasonable particularity the documents requested. Not all documents sought by this Request,

if any, will contain information relevant to a claim or defense in this Action, and it would be

unduly burdensome and costly for Archer to collect and produce those irrelevant documents.

Archer further objects to this Request to the extent that it seeks email production inconsistent

with the District of Delaware's Default Standard for Discovery, which provides the "search

methodology" for emails as propounding specific email production requests of no more than 10

terms. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Archer further objects to this Request to the extent it seeks documents subject to a confidentiality obligation owed to a non-party to this Action. If any such documents are identified, Archer will seek permission of the Third Party to disclose the documents subject to the protective order (yet to be entered) in this Action and will inform Natera as to whether such permission is granted. Archer further objects to this Request as overly broad and unduly burdensome to the extent that it seeks production of documents not within Archer's possession, custody, or control.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents identifying issued U.S. patents that disclose or cover the Accused Products and that are owned, assigned to, or licensed by Archer or Archer's competitors and responses to Natera's damages contentions, as well as expert discovery, in accordance with the Court's Scheduling Order and, as envisioned by the Parties' Proposed Scheduling Orders, after Natera has detailed its damages allegations, *see e.g.*, Proposed Scheduling Order 8.d.ii, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

ME1 34155602v.1

**REQUEST FOR PRODUCTION NO. 56**

Documents relating to Invitae Corporation's valuation of You, the Accused Products, and/or any intellectual property related to the technology disclosed in the Asserted Patents made in connection with the acquisition of You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "technology disclosed in" and "made in connection with." Archer further objects to this Request as irrelevant because only the claims of the Asserted Patents are relevant to this Action. Archer further objects to this Request as overly broad, lacking specificity, unduly burdensome, costly, and disproportionate to the needs of this Action because it seeks documents relating to the entirety of the disclosures in the Asserted Patents and fails to describe with reasonable particularity the documents requested. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this Action, and it would be unduly burdensome and costly for Archer to collect and produce those irrelevant documents. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Archer further objects to this Request to the extent it seeks documents subject to a confidentiality obligation owed to a non-party to this Action. If any such documents are identified, Archer will seek permission of the Third Party to disclose the documents subject to the protective order (yet to be entered) in this Action and will inform Natera as to whether such permission is granted. Archer further objects to this Request as overly

ME1 34155602v.1

broad and unduly burdensome to the extent that it seeks production of documents not within Archer's possession, custody, or control.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Documents relating to Invitae Corporation's "valuation of [Archer], the Accused Products, and/or any intellectual property related to the technology disclosed in the Asserted Patents made in connection with the acquisition of [Archer]" are not in Archer's possession, custody or control, and Archer is unable to produce any such document. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 57

Documents referred to, relied upon, or reviewed in responding to any of Natera's interrogatories, requests for production, requests for admission, or other discovery requests related to this Action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 57

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "referred to," "relied upon," and "reviewed." Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will search

for and produce responsive, non-privileged documents "pursuant to Fed. R. Civ. P. 33(d) in

response to Natera's Interrogatories," to the extent such documents exist, are located after a

reasonable search, and after a protective order has been entered in this Action. Discovery has just

commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or

supplement this response as its investigation continues in accordance with the Federal Rules and

the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 58

Documents not otherwise requested in Natera's requests for the production of documents that were identified in, relied on, referred to, or otherwise used by You in preparing Your Answer to the Complaint in this Action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 58

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to, "relied

on," "referred to," and "used by." Archer further objects to this Request to the extent that it seeks

information protected by the attorney-client privilege, the work-product doctrine, the common-

interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer will

produce responsive, non-privileged documents that were identified in Archer's Answer (D.I. 21)

to the Complaint in this Action after a protective order has been entered in this Action.
Discovery has just commenced and Archer's investigation is ongoing. Archer will amend,
modify, and/or supplement this response as its investigation continues in accordance with the
Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 59**

Documents that You intend to rely on or introduce at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59**

Archer incorporates its General Statements, General Objections, and Objections to
Definitions and Instructions as if fully stated herein. Archer further objects to this Request as
premature. No scheduling order has been entered. Archer further objects to this Request to the
extent that it seeks information protected by the attorney-client privilege, the work-product
doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or
protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific
Objections, and based on its investigation to date, Archer responds as follows: Archer will search
for and produce responsive, non-privileged documents identified in its responses herein and in
accordance with the Court's Scheduling Order, to the extent such documents exist, are located
after a reasonable search, and after a protective order has been entered in this Action. Discovery
has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or
supplement this response as its investigation continues in accordance with the Federal Rules and
the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 60**

Documents produced pursuant to any subpoena in connection with this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as premature. No scheduling order has been entered. Archer further objects to this Request to the extent it seeks documents subject to a confidentiality obligation owed to a non-party to this Action. If any such documents are identified, Archer will seek permission of the Third Party to disclose the documents subject to the protective order (yet to be entered) in this Action and will inform Natera as to whether such permission is granted.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: No subpoena has been issued in connection with this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 61**

Documents referred to and/or relied upon in Your Rule 26(a) initial disclosures in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as premature. No scheduling order has been entered. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer has not yet made its Rule 26(a) initial disclosures in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 62

Documents concerning any counterclaims that You have asserted in this Action, including but not limited to documents that tend to support or undermine any of the counterclaims.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 62

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "tend to support" and "undermine." Archer further objects to this Request as premature to the extent that it seeks documents relating to Archer's noninfringement and invalidity contentions months before Natera's infringement contentions—October 1, 2020 based on Plaintiff's proposal or November 16, 2020 based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling order has been entered. The Proposed Scheduling Order (D.I. 34) further provides that "disclosure of expert testimony," which would include counterclaims, is not due until June 4, 2021 based on Plaintiff's proposal, or August 16, 2021 based on Defendant's proposal. Archer further objects to this Request to the extent that it seeks information protected by the attorney-

client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents identified in its responses herein and in accordance with the Court's Scheduling Order, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 63

Documents forming the basis for, refuting or concerning Your Allegations in Your Answer about lack of subject matter jurisdiction. *See, e.g.*, Answer at ¶ 184-187.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 63

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "refuting" and "concerning." Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer's 12(c)

motion has been fully briefed and awaits the Court's decision; no further documents need to be produced at this time in connection with that motion. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 64**

Documents forming the basis for, refuting or concerning Your allegations that Your activities with respect to the Stratafide and PCM products are related to obtaining FDA approval and are not acts of infringement pursuant to Section 271(e)(1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "refuting," "concerning," and "Your activities." Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer's 12(c) motion has been fully briefed and awaits the Court's decision; no further documents need to be produced at this time in connection with that motion. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response

as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 65**

Documents forming the basis for, refuting or concerning Your Allegations in Your Answer that "Natera's patent infringement claims are barred in whole or in part under the doctrine of prosecution laches." *See, e.g.*, Answer at ¶ 252.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "refuting" and "concerning." Archer further objects to this Request as premature to the extent that it seeks documents relating to Archer's contentions months before Natera's infringement contentions— October 1, 2020 based on Plaintiff's proposal or November 16, 2020 based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling order has been entered. The Proposed Scheduling Order (D.I. 34) further provides that "disclosure of expert testimony" is not due until June 4, 2021 based on Plaintiff's proposal, or August 16, 2021 based on Defendant's proposal. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Archer further objects to this Request as overly broad and unduly burdensome to the extent that it seeks production of documents not within Archer's possession, custody, or control.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Natera has

produced the certified file histories for the '814, '172, '482, and '708 Patents. Moreover,

additional documents relevant to this Request are in Natera's custody, possession and control and

have yet to be produced by Natera. Archer will search for and produce responsive, non-

privileged documents and responses to contentions, as well as expert discovery, in accordance

with the Court's Scheduling Order, to the extent such documents exist, are located after a

reasonable search, and after a protective order has been entered in this Action. Discovery has just

commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or

supplement this response as its investigation continues in accordance with the Federal Rules and

the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 66

Documents forming the basis for, refuting or concerning Your allegations in Your
Answer that "Natera's patent infringement claims are barred in whole or in part under the
doctrine of unclean hands," including but not limited to, the identity of the referenced "senior
executive" of Natera and the nature of the "confidential information relating to ArcherDX's
Accused Products." *See, e.g.*, Answer at ¶ 232.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 66

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases,

and/or phrases that are susceptible to multiple definitions including, but not limited to, "refuting"

and "concerning." Archer further objects to this Request as premature to the extent that it seeks

documents relating to Archer's contentions months before Natera's infringement contentions—

95

October 1, 2020 based on Plaintiff's proposal or November 16, 2020 based on Defendant's

proposal—are proposed to be due. *See* D.I. 34. No scheduling order has been entered. The

Proposed Scheduling Order (D.I. 34) further provides that "disclosure of expert testimony" is not

due until June 4, 2021 based on Plaintiff's proposal, or August 16, 2021 based on Defendant's

proposal. Archer further objects to this Request to the extent that it seeks information protected

by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or

any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific

Objections, and based on its investigation to date, Archer responds as follows: Archer has set

forth in detail its defense in its Answer (D.I. 21). Documents relevant to Archer's defenses are in

Natera's possession, custody and control. Archer will search for and produce responsive, non-

privileged documents and responses to contentions, as well as expert discovery, in accordance

with the Court's Scheduling Order, to the extent such documents exist, are located after a

reasonable search, and after a protective order has been entered in this Action. Discovery has just

commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or

supplement this response as its investigation continues in accordance with the Federal Rules and

the Court's Scheduling Order when it is issued.

## REQUEST FOR PRODUCTION NO. 67

Documents relating to secondary considerations of non-obviousness for the Asserted
Patents, including but not limited to the existence or lack of: long felt need, industry recognition,
failure of others, professional approval, unexpected results, copying, skepticism and commercial
success.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 67

Archer incorporates its General Statements, General Objections, and Objections to

Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

premature to the extent that it seeks documents relating to Archer's invalidity contentions months before Natera's infringement contentions—October 1, 2020 based on Plaintiff's proposal or November 16, 2020 based on Defendant's proposal—are proposed to be due. *See* D.I. 34. No scheduling order has been entered. The Proposed Scheduling Order (D.I. 34) further provides that "disclosure of expert testimony," which would include invalidity, is not due until June 4, 2021 based on Plaintiff's proposal, or August 16, 2021 based on Defendant's proposal. Archer further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will search for and produce responsive, non-privileged documents and provide its contentions or responses to Natera's contentions, as well as expert discovery, in accordance with the Court's Scheduling Order, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

**REQUEST FOR PRODUCTION NO. 68**

Documents relating to minimal residual disease ("MRD") assessment using the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68**

Archer incorporates its General Statements, General Objections, and Objections to Definitions and Instructions as if fully stated herein. Archer further objects to this Request as

being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it uses vague, ambiguous, overbroad, insufficiently specific phrases, and/or phrases that are susceptible to multiple definitions including, but not limited to, "assessment."

Subject to its General Objections, Objections to Definitions and Instructions, Specific Objections, and based on its investigation to date, Archer responds as follows: Archer will produce core technical documents for the Accused Products in accordance with the Court's Scheduling Order. Archer will search for and produce responsive, non-privileged documents sufficient to show Archer's research and development of the adaptors, primers, target loci, and PCR conditions used in the Accused Products or use in the U.S. of the Accused Products by Archer since January 21, 2020, to the extent such documents exist, are located after a reasonable search, and after a protective order has been entered in this Action. Discovery has just commenced and Archer's investigation is ongoing. Archer will amend, modify, and/or supplement this response as its investigation continues in accordance with the Federal Rules and the Court's Scheduling Order when it is issued.

ME1 34155602v.1

August 31, 2020

OF COUNSEL:

Filko Prugo
Charlotte Jacobsen
Jon Tanaka
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 593-9000
filko.prugo@ropesgray.com
charlotte.jacobsen@ropesgray.com
jon.tanaka@ropesgray.com

Matthew J. Rizzolo
Ropes & Gray LLP
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
(202) 508-4735
matthew.rizzolo@ropesgray.com

Keyna Chow
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303
(650) 617-4000
keyna.chow@ropesgray.com

Respectfully submitted,

/s/ *Alexandra M. Joyce*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
McCarter & English, LLP
405 N. King St., 8th Floor
Wilmington, DE 19801
(302)984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Defendant / Counterclaimant*
*ArcherDX, Inc.*

ME1 34155602v.1

# EXHIBIT
6

# REDACTED IN ITS ENTIRETY

# EXHIBIT 7

# REDACTED IN ITS ENTIRETY

# EXHIBIT 8

# REDACTED IN ITS ENTIRETY

# EXHIBIT 9

# REDACTED IN ITS ENTIRETY

# EXHIBIT 10

# REDACTED IN ITS ENTIRETY

# EXHIBIT 11

# REDACTED IN ITS ENTIRETY