# Exhibit 1

# Redacted in Its Entirety

# Exhibit 2

# Redacted in Its Entirety

# Exhibit 3

# Redacted in Its Entirety

Exhibit 4

Redacted in Its Entirety

Exhibit 5

Redacted in Its Entirety

Exhibit 6

Redacted in Its Entirety

# Exhibit 7

# Redacted in Its Entirety

Exhibit 8

Redacted in Its Entirety

# Exhibit 9

# Redacted in Its Entirety

# Exhibit 10

# Redacted in Its Entirety

# Exhibit 11

# Redacted in Its Entirety

Exhibit 12

Redacted in Its Entirety

# Exhibit 13

# Redacted in Its Entirety

# Exhibit 14

# Redacted in Its Entirety

# Exhibit 15

# Redacted in Its Entirety

# Exhibit 16

# Redacted in Its Entirety

# Exhibit 17

# Redacted in Its Entirety

# Exhibit 18

# Redacted in Its Entirety

# EXHIBIT 19

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NATERA, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 20-125 (LPS) |
| | ) | CONSOLIDATED |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| ARCHERDX, INC., ARCHERDX, LLC and | ) | |
| INVITAE CORP. | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF NATERA, INC.'S**
**NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants ArcherDX, Inc.,

ArcherDX, LLC, and Invitae Corp. (collectively, "Archer" or "Defendants") hereby respond to

Plaintiff Natera, Inc.'s ("Natera") Rule 30(b)(6) Deposition Notice to Defendants ("Notice").

**GENERAL OBJECTIONS AND OBJECTIONS TO DEFINITIONS**

The following General Objections shall be applicable to, and shall be included in,

Defendants' response to each deposition topic (hereafter "Topic") listed in the Notice, whether or

not mentioned expressly in any particular objection or response.   Defendants do not waive any of

their general objections by also stating specific objections to any particular Topic.   Defendants

reserve the right to modify and supplement any of their responses and to assert additional

objections as necessary.

1.      Defendants object to each and every definition and Topic to the extent that they

seek testimony protected from discovery by (a) the attorney-client privilege, (b) work product

immunity, or (c) any other applicable privilege or immunity.   Inadvertent disclosure of such

information shall not constitute the waiver of any applicable privilege, doctrine, immunity, or

1

objection, and nothing contained in Defendants' specific responses below is intended to be, or in any way shall be deemed to be, a waiver of any such applicable privilege or immunity.

2.    Defendants object to each and every definition and Topic to the extent that they seek to impose any burdens inconsistent with or in addition to Defendants' obligations under the applicable rules, including the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the District of Delaware, and any applicable order of the Court in the above-captioned matter, including the Scheduling Order and the Protective Order entered by the Court.

3.    Defendants object to each and every definition and Topic to the extent that they are vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case.

4.    Defendants object to each and every definition and Topic as unduly burdensome to the extent that they seek testimony as to matters not known or reasonably available to Defendants; to the extent that they seek information not within Defendants' possession, custody, or control; to the extent that they seek information more readily available to Natera from other sources; or to the extent they seek testimony that is not relevant to any presently-stated claim or defense in this action.

5.    Defendants object to each and every definition and Topic as unduly vague to the extent that Natera has not sufficiently clarified or identified with sufficient particularity the testimony it seeks.   Defendants further object to each Topic to the extent that Natera's failure to clearly or with sufficient particularity identify the testimony sought renders the preparation of a witness to testify as to the Topic unduly burdensome or impossible.

6.    Defendants object to each and every definition and Topic to the extent they seek expert testimony or opinion and information that are the subject matter of expert discovery, the schedule for which is set forth in the Scheduling Order.

7.      Defendants object to each and every definition and Topic to the extent that they seek legal conclusions.

8.      Defendants further object to this as an improper request for a party to present its contentions during a deposition.

9.      Defendants object to each and every definition and Topic as unduly burdensome as they seek to depose Defendants on the contents of documents in situation in which the documents speak for themselves.

10.     Defendants object to each and every definition and Topic to the extent they seek private, confidential, trade secret, proprietary, or commercially sensitive information from third parties.

11.     Defendants object to each and every definition and Topic to the extent that the information is available to Natera from other more appropriate sources or modes of discovery.

12.     Defendants object to each Topic as it requests a witness to testify on Defendants' behalf as to information already in Natera's possession or information that is available to Natera from public sources for which the burden of obtaining such information is the same or less for Natera as it is for Defendants.

13.     Defendants objects to the definition of "Defendants," "You," and "Your" to the extent they include any Defendants' predecessors, subsidiaries related companies, present and former officers, directors, agents, employees, accountants, attorneys, investigators, consultants, and representatives on the ground that it is overbroad and unduly burdensome.   Defendants will interpret these terms as referring only to Defendants ArcherDX, Inc., ArcherDX, LLC, and Invitae Corp., and will respond only with respect to Defendants ArcherDX, Inc., ArcherDX, LLC, and Invitae Corp.

3

14.     To the extent that Defendants agree to, and do, produce a witness in response to any Topic, Defendants do not concede that the matters within such Topic are known to or are reasonably available to Defendants or that a single person has the relevant knowledge.   Nor do Defendants concede that any testimony given by any such witness is relevant to this action.

15.     To the extent that Defendants agree to, and do, produce a witness in response to any Topic, Defendants' agreement is not a representation that any documents, source code, or information referenced therein actually exist in Defendants' possession, custody, or control, or can be located through a reasonable search, or that such documents or information are relevant.

16.     To the extent Defendants agree to produce a witness to testify concerning one or more Topics in this Notice, that witness will testify on a mutually agreed upon date and location. Further, any such testimony will be subject to these objections and responses.

17.     Defendants' investigation is continuing and ongoing, and Defendants reserve their right to supplement their responses and objections as appropriate.

## RESPONSES TO DEPOSITION TOPICS

### TOPIC NO. 1:

The research, development, design, testing and validation of each of Your Accused Products, including when they were developed and identity of all persons substantively involved in their design and development.

### RESPONSE TO TOPIC NO. 1:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information.

4

Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, and unduly burdensome with its use of terms including, but not limited to, "research, development, design, testing and validation," "when they were developed," "substantively involved," and "design and development."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f)  Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)  Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "each," "all," and "substantively involved."

h)  Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)  Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)  Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witnesses to testify concerning the design and operation of the accused products to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on a reasonably diligent

5

investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 2**:

The research, development, design, testing and validation of Your Anchored Multiplex PCR ("AMP") technology, including when it was developed and identity of all persons substantively involved in the design and development.

**RESPONSE TO TOPIC NO. 2**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he research, development, design, testing and validation of Your Anchored Multiplex PCR ("AMP") technology" and "identity of all persons substantively involved in the design and development."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "all," "substantively involved."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witnesses to testify regarding Defendants' factual knowledge of the design and operation of AMP technology, to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on a reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 3**:

The procedures, locations, materials, commercial tools, reagents, instruments and equipment used in Your preparation, manufacture, development, production, testing, validation and/or analysis for each of Your Accused Products.

**RESPONSE TO TOPIC NO. 3**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information.

7

Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he procedures, locations, materials, commercial tools, reagents, instruments and equipment" and "preparation, manufacture, development, production, testing, validation and/or analysis for each of Your Accused Products."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the term "each."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witnesses to testify concerning the design and operation of the accused products to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on a reasonably diligent

8

investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 4**:

The identity, sequence and characteristics of all primers used in each of Your Accused Products.

**RESPONSE TO TOPIC NO. 4**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he identity, sequence and characteristics of all primers" and "used in each of Your Accused Products."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined

terms for which Defendants provided objections above and/or the terms "all" and "each."

h)   Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)   Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)   Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witnesses to testify concerning the general characteristics of primers that are components of Defendants' products accused of infringement to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on a reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 5**:

The intended use(s) of each of Your Accused Products, i.e., "Laboratory- Developed Test" and/or "Research Use Only."

**RESPONSE TO TOPIC NO. 5**:

In addition to and without limiting the foregoing General Objections:

a)   Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)   Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he intended use(s) of each of Your Accused Products."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the term "each."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witnesses to testify concerning the intended use on the product labeling for the Defendants' products accused of infringement to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on a reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 6**:

The methods, steps and/or processes that You, ArcherDX Clinical Services, Inc. and/or Your CLIA laboratory performs for each of Your Accused Products, including the primers with tails or no tails, target loci, molecular barcodes, types of nucleic acid and PCR conditions.

**RESPONSE TO TOPIC NO. 6**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he methods, steps and/or processes that You, ArcherDX Clinical Services, Inc. and/or Your CLIA laboratory performs" and "the primers with tails or no tails, target loci, molecular barcodes, types of nucleic acid and PCR conditions."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined

terms for which Defendants provided objections above and/or the terms "performs" and "conditions."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witnesses to testify regarding the general steps undertaken during utilization by Defendants of the accused products to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on a reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 7**:

The number of times You, ArcherDX Clinical Services, Inc. and/or Your CLIA laboratory have performed the steps and/or processes associated with each of Your Accused Products on or after January 21, 2020.

**RESPONSE TO TOPIC NO. 7**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

13

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he number of times You, ArcherDX Clinical Services, Inc. and/or Your CLIA laboratory have performed the steps and/or processes associated with each of Your Accused Products."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f)  Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any geographic information or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)  Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "number of times" and "each."

h)  Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)  Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)  Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will designate one or more reasonably prepared witnesses to testify regarding the content of produced documents sufficient to show Defendants' use of products accused of infringing.

**TOPIC NO. 8**:

The policies and procedures relating to business records associated with the use and/or performance of each of Your Accused Products in connection with the services provided by You, ArcherDX Clinical Services, Inc. and/or Your CLIA laboratory.

**<u>RESPONSE TO TOPIC NO. 8</u>**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he policies and procedures relating to business records associated with the use and/or performance of each of Your Accused Products."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "use," "performance," "each," and "provided."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)  Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witnesses to testify regarding Defendants' factual knowledge during the ordinary course of business of Defendants' record-keeping policies or procedures relating to those records of the internal use of the accused products if and to the extent they exist, to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on a reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 9**:

The circumstances and communications relating to regulatory status of any of Your Accused Products.

**RESPONSE TO TOPIC NO. 9**:

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "circumstances and communications relating to regulatory status."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "circumstance" and "any."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witnesses to testify concerning the current regulatory status of the accused products to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on a reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 10**:

Communications and agreements between You and Third Parties concerning the design, development, testing, performance, use, benefits, customization and/or operation of each of Your Accused Products, including the primers, target loci, molecular barcodes, types of nucleic acid and PCR conditions.

**RESPONSE TO TOPIC NO. 10**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "the design, development, testing, performance, use, benefits, customization and/or operation" and "primers, target loci, molecular barcodes, types of nucleic acid and PCR conditions."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "communications," "each," and "conditions."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

18

j)  Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants are willing to meet and confer regarding this topic.

**TOPIC NO. 11**:

Any efforts to design around the Asserted Patents.

**RESPONSE TO TOPIC NO. 11**:

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[a]ny efforts to design around the Asserted Patents."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f)  Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)  Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the term "any."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants state that

they do not have information responsive to this request.

## TOPIC NO. 12:

The date of first offer for sale and sale of each of Your Accused Products.

## RESPONSE TO TOPIC NO. 12:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he date of first offer for sale and sale of each of Your Accused Products."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or

other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the term "each."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will designate one or more reasonably prepared witness to testify regarding the content of produced documents sufficient to show the date of first sale of Defendants' products accused of infringing.

**TOPIC NO. 13**:

Promotion and marketing of each of Your Accused Products, including marketing strategy, sales methods, distribution channels and promotional programs.

**RESPONSE TO TOPIC NO. 13**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[p]romotion and marketing" and "marketing strategy, sales methods, distribution channels and promotional programs."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the term "each," "methods," and "programs."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witnesses to testify regarding Defendants' marketing of the accused products to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on a reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 14**:

Sales of each of Your Accused Products, including net and gross revenues and sales, unit sales, unit and extended price, gross and net profits, and costs (including costs of goods sold, standard costs, incremental costs, and all fixed and variable costs) by transaction date, month and year for each of Your Accused Products, and the identity of Your customers and contracts governing such sales.

**RESPONSE TO TOPIC NO. 14**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "net and gross revenues and sales, unit sales, unit and extended price, gross and net profits, and costs," "costs of goods sold, standard costs, incremental costs, and all fixed and variable costs," and "by transaction date, month and year."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)  Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "each" and "all."

h)  Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)  Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)  Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witness to testify concerning sales of the accused products, described in ARCHER01567478, which is responsive to this Topic.

**TOPIC NO. 15:**

Other income related to, caused by or derived from the Accused Products, including sales of products used in conjunction with the Accused Products and revenues attributable to the Accused Products and any associated costs and expenses.

**RESPONSE TO TOPIC NO. 15:**

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "sales of products used in conjunction with the Accused Products" and "associated costs and expenses."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "other," "derived," "conjunction," "attributable," and "any."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants are willing to meet and confer regarding this topic.

## TOPIC NO. 16:

Your process, procedures and policies for pursuing and securing CDx/CTA projects, partnerships, contracts, opportunities and lost opportunities relating to the Accused Products

## RESPONSE TO TOPIC NO. 16:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "process, procedures and policies for pursuing and securing CDx/CTA projects, partnerships, contracts, opportunities" and "opportunities and lost opportunities relating to the Accused Products."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "pursuing," "securing," "CDx/CTA," and "relating."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants are willing to meet and confer regarding this request.

**TOPIC NO. 17:**

Inventory of each of Your Accused Products.

**RESPONSE TO TOPIC NO. 17:**

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[i]nventory of each of Your Accused Products."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the term "each."

h)  Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)  Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

Subject to and without waiving its General and Specific Objections, Defendants do not agree that this request is proportional to the needs of the case and do not agree to produce a witness.

**TOPIC NO. 18**:

Analysis or estimations of actual and future market share and sales of each of Your Accused Products.

**RESPONSE TO TOPIC NO. 18**:

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "Analysis or estimations of actual and future market share and sales."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

28

f)   Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)   Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "actual," "future," and "each."

h)   Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)   Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witness to testify concerning Defendants' factual knowledge regarding estimations of actual and future market share for the accused products to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 19**:

Pricing and pricing strategy, policies and procedures for each of Your Accused Products, including discounts, rebates, reimbursements and/or incentives.

**RESPONSE TO TOPIC NO. 19**:

In addition to and without limiting the foregoing General Objections:

a)   Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)   Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the

29

confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "pricing and pricing strategy, policies and procedures" and "discounts, rebates, reimbursements and/or incentives."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witnesses to testify concerning the pricing of the accused products to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on a reasonably diligent investigation,

30

and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 20**:

Business activities and timelines concerning obtaining private and/or public insurance coverage for each of Your Accused Products.

**RESPONSE TO TOPIC NO. 20**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "private and/or public insurance coverage for each of Your Accused Products."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined

terms for which Defendants provided objections above and/or the terms "activities," "private," "public," and "each."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants are willing to meet and confer regarding this topic.

**TOPIC NO. 21**:

Forecasts, projections, and assessments of actual and future reimbursement rates through private and/or public insurance for each of Your Accused Products.

**RESPONSE TO TOPIC NO. 21**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[f]orecasts, projections, and assessments of actual and future reimbursement rates through private and/or public insurance."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the term "each."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

Subject to and without waiving its General and Specific Objections, Defendants are willing to meet and confer regarding this topic.

**TOPIC NO. 22**:

The indications for uses that are currently or anticipated to be covered by private and/or public insurers for each of Your Accused Products.

**RESPONSE TO TOPIC NO. 22**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

33

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "indications for uses that are currently or anticipated to be covered by private and/or public insurers."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f)  Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)  Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "uses" and "each."

h)  Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)  Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)  Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants agree to designate one more reasonably prepared witnesses to testify regarding produced documents sufficient to show the intended uses for Defendants' products accused by Natera.

## TOPIC NO. 23:

The market, competitors, and competing products for each of Your Accused Products, including the revenues, profits, market shares and/or pricing of those competing products.

## RESPONSE TO TOPIC NO. 23:

In addition to and without limiting the foregoing General Objections:

34

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "market, competitors, and competing products for each of Your Accused Products."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "market," "competitors," "competing products," and "each."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will

provide one or more reasonably prepared witness to testify regarding the identities of competitors

and competing products for the accused products to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 24**:

Performance and pricing comparisons between any of Your Accused Products and any products that compete with the Accused Products.

**RESPONSE TO TOPIC NO. 24**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "Performance and pricing comparisons between any of Your Accused Products and any products that compete with the Accused Products."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

36

g)  Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "performance," "pricing," "any," and "compete."

h)  Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)  Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)  Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witness to testify regarding performance and pricing comparisons between any the Accused Products and products that compete with the accused products to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 25**:

The contribution of Your AMP technology to the Accused Products, including its importance, features and benefits.

**RESPONSE TO TOPIC NO. 25**:

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information.

37

Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he contribution of Your AMP technology to the Accused Products."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "contribution" and "technology."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants state that they will not designate a witness to testify regarding this topic.

**TOPIC NO. 26**:

Comparisons between Your AMP technology and any technology used in products that compete with the Accused Products, including comparisons on costs and performance metrics.

**RESPONSE TO TOPIC NO. 26**:

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[c]omparisons between Your AMP technology and any technology used in products that compete with the Accused Products."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f)  Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)  Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "any" and "compete"

h)  Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)  Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)   Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witness to testify regarding performance and pricing comparisons between any of the accused products and products that compete with the accused products to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 27**:

The identities of person(s) to whom You have provided any of Your Accused Products, including the date, quantity, identity of the Accused Product(s), primers, target loci, molecular barcodes and PCR conditions to be used for such Accused Product(s).

**RESPONSE TO TOPIC NO. 27**:

In addition to and without limiting the foregoing General Objections:

a)   Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)   Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)   Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)   Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he identities of person(s) to whom You have provided any of Your Accused Products."

40

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "any" and "used."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants do not agree to designate a witness on this topic.

**TOPIC NO. 28**:

Your policies and practices relating to licensing of any technology or intellectual property.

**RESPONSE TO TOPIC NO. 28**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are

afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "Your policies and practices relating to licensing of any technology or intellectual property."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f)  Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)  Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "practices" and "any."

h)  Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)  Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)  Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witnesses to testify concerning Defendants' policies regarding licensing intellectual property related to the accused products to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on a reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 29**:

Your knowledge of licenses and their financial terms in the industry in which each of Your

Accused Products compete.

**RESPONSE TO TOPIC NO. 29**:

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "Your knowledge of licenses and their financial terms in the industry in which each of Your Accused Products compete."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f)  Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)  Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "knowledge" and "each."

h)  Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)  Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)  Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants do not agree to designate a witness on this topic.

**TOPIC NO. 30**:

Any licenses, contracts and/or agreements that relate to Your AMP technology or Your Accused Products.

**RESPONSE TO TOPIC NO. 30**:

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[a]ny licenses, contracts and/or agreements that relate to Your AMP technology or Your Accused Products."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

44

f)  Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)  Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "any" and "relate."

h)  Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)  Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)  Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants are willing

to meet and confer regarding this topic.

## TOPIC NO. 31:

All royalties paid by You in relation to the Accused Products.

## RESPONSE TO TOPIC NO. 31:

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

45

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[a]ll royalties paid by You in relation to the Accused Products."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the term "all."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witness to testify regarding royalties paid related to the accused products to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 32**:

All efforts by You or on Your behalf to monitor Natera's diagnostic cfDNA-based testing.

**RESPONSE TO TOPIC NO. 32**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[a]ll efforts by You or on Your behalf to monitor Natera's diagnostic cfDNA-based testing."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "all" "efforts," and "monitor."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

47

Subject to and without waiving its General and Specific Objections, Defendants do not agree to provide a witness responsive to this topic.

**TOPIC NO. 33**:

The date and factual circumstances underlying when You first became aware of the Asserted Patents or any application from which any Asserted Patent claims priority, including the dates, circumstances, persons involved and steps taken, if any, to investigate whether any of Your Accused Products infringe the Asserted Patents.

**RESPONSE TO TOPIC NO. 33**:

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he date and factual circumstances" and "any application from which any Asserted Patent claims priority."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f)  Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)  Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "aware," "any," circumstances," and "investigate."

h)  Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)  Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)  Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witness to testify regarding the date and circumstances upon which they became aware of the asserted patents to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 34**:

Your knowledge of any commercial success, praise or skepticism, recognition by others, long-felt need, failed attempts or teaching away by others, copying of the inventions described in the Asserted Patents.

**RESPONSE TO TOPIC NO. 34**:

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information.

49

Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "Your knowledge of any commercial success, praise or skepticism, recognition by others, long-felt need, failed attempts or teaching away by others, copying of the inventions described in the Asserted Patents."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants do not agree to designate a witness to testify on this topic.

**TOPIC NO. 35**:

Your communications with any Third Parties regarding Natera, Natera's Asserted Patents, the subject matter of the Asserted Patents and/or this Action.

**RESPONSE TO TOPIC NO. 35**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "Your communications with any Third Parties."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "any" and "regarding."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants do not agree to provide a witness to testify regarding this topic.

**TOPIC NO. 36**:

The use of cell-free or cellular DNA isolated from a biological sample in Your Accused Products, including the dates of such use and the people involved.

**RESPONSE TO TOPIC NO. 36**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he use of cell-free or cellular DNA isolated from a biological sample in Your Accused Products."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined

terms for which Defendants provided objections above and/or the terms "use" and "involved."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants state that they will designate one or more reasonably prepared witnesses to testify regarding the facts and circumstances of their first use of cell-free DNA in connection with the accused products, to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 37**:

The performance of a second, nested PCR in Your Accused Products, including the dates of such use and the people involved:

    a.    using one-sided nested PCR;

    b.    using an amplification reaction based on the use of a primer complementary to a tail sequence on a gene specific primer;

    c.    using an inner-target-specific primer that includes a sequencing tag;

    d.    using a primer binding site that is internal to the primer binding site of the target-specific primers of the first PCR because the primer binding sites overlap; and

    e.    using a universal primer that is different from the universal primer used in the first PCR.

**RESPONSE TO TOPIC NO. 37**:

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he performance of a second, nested PCR in Your Accused Products."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f)  Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)  Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "performance," "using," and "use."

h)  Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)  Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)  Defendants further object that this topic is duplicative of other topics in this Notice.

54

Subject to and without waiving its General and Specific Objections, Defendants are willing to meet and confer on this Topic.

**TOPIC NO. 38**:

The performance of an amplification process in which the length of the annealing step is greater than 3 minutes or contains an overlapping annealing and extension step or uses an annealing temperature that is greater than a melting temperature of the at least 2 primers in Your Accused Products, including the dates of such use and the people involved.

**RESPONSE TO TOPIC NO. 38**:

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he performance of an amplification process in which the length of the annealing step is greater than 3 minutes or contains an overlapping annealing and extension step or uses an annealing temperature that is greater than a melting temperature of the at least 2 primers in Your Accused Products."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f)  Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or

other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "performance," "annealing temperature," "overlapping annealing and extension step," and "annealing temperature that is greater than a melting temperature of the at least 2 primers."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witnesses to testify concerning the design and operation of the accused products to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on a reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 39**:

The research, development and work relating to the alleged prior invention of:

a. Your Accused Products that incorporate the AMP technology, as exemplified by ALK, RET, ROS1 Fusion Detection Kit v1 (ARRv1) and LiquidPlex (formerly known as Reveal ctDNA), including the circumstances, documents, disclosure, date of sale or offer for sale, evidence of public use and the persons involved in such research, development and work.

b.      Researchers at Massachusetts General Hospital, as exemplified in patents related to

the AMP system (i.e., U.S. Patent Nos. 10,017,810 and 10,450,597; WO 2013/169339; and U.S.

Patent Pub. No. 2015/0211050), including the circumstances, documents, disclosure, date of sale

or offer for sale, evidence of public use and the persons involved in such research, development

and work.

## RESPONSE TO TOPIC NO. 39:

In addition to and without limiting the foregoing General Objections:

a)   Defendants object to the extent this Topic seeks information that is protected from
     disclosure by the attorney-client privilege, attorney work product doctrine, and/or other
     statutory or common law privilege.

b)   Defendants further object to the extent this Topic seeks information protected from
     disclosure by Defendants' contractual, legal or other obligations to maintain the
     confidentiality of third party trade secrets and other confidential information.
     Defendants shall only provide such information pursuant to the terms of the Protective
     Order, and the parties' private agreements relating thereto, to the extent Defendants are
     afforded reasonable notice and a reasonable opportunity to seek consent from the party
     whose confidential information is sought.

c)   Defendants further object to the extent this Topic improperly seeks expert opinion or
     legal conclusions.

d)   Defendants object that this Topic is vague, ambiguous, overly broad, unduly
     burdensome and/or directed to irrelevant information that is disproportionate to the
     needs of the case and seeks irrelevant information in seeking "[t]he research,
     development and work relating to the alleged prior invention" and "the circumstances,
     documents, disclosure, date of sale or offer for sale, evidence of public use and the
     persons involved in such research, development and work."

e)   Defendants further object that the Topic is vague and ambiguous on the basis that it
     relies on defined terms (for the reasons set forth in the General Objections), is
     improperly compound, grammatically incorrect, and/or internally inconsistent.

f)   Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly
     burdensome insofar as it is not bounded by any timeframe, geographic information, or
     other limitations that would sufficiently narrow the topic to relevant, reasonably
     ascertainable subject matter.

g)   Defendants further object to the extent that this Topic is vague, ambiguous, overbroad,
     unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative

or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "work," "circumstances," and "disclosure."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witnesses to testify concerning the research and development of Defendants' ARRv1 and LiquidPlex products to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on a reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 40**:

Your knowledge of the commercial availability of high throughput sequencing, isolation of cell-free DNA and performance of PCR, including the dates, factual circumstances and documents.

**RESPONSE TO TOPIC NO. 40**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are

afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)   Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)   Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "Your knowledge of the commercial availability of high throughput sequencing, isolation of cell-free DNA and performance of PCR."

e)   Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f)   Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)   Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "knowledge" and "performance."

h)   Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)   Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)   Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants do not agree to designate a witness to testify regarding this topic.

**TOPIC NO. 41**:

Your knowledge of the determination of a melting temperature of primers that are used in the Accused Products, including dates, factual circumstances and documents.

**<u>RESPONSE TO TOPIC NO. 41</u>**:

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "Your knowledge of the determination of a melting temperature of primers that are used in the Accused Products."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f)  Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)  Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "knowledge" and "a melting temperature of primers that are used in the Accused Products."

h)  Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)  Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)   Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witnesses to testify concerning the determination of melting temperature of primers in the accused products to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on a reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 42**:

Any opinions of counsel on infringement and/or invalidity of the Asserted Patents.

**RESPONSE TO TOPIC NO. 42**:

In addition to and without limiting the foregoing General Objections:

a)   Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)   Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)   Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)   Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[a]ny opinions of counsel on infringement and/or invalidity of the Asserted Patents."

e)   Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the term "any."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will not provide a witness for opinions of counsel as they are protected by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

**TOPIC NO. 43:**

Your corporate organization and structure, including the identity of departments, groups and/or individuals with the most knowledge regarding:

a. the sales and marketing of each of Your Accused Products;

b. the technical research and development of each of Your Accused Products;

c. the manufacturing and production of each of Your Accused Products;

d. the design, structure and operation of each of Your Accused Products;

e. the profits and/or losses generated from sales of each of Your Accused Products; and

f. the licensing of any patents or intellectual property relating to each of Your Accused Products.

**RESPONSE TO TOPIC NO. 43**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "the identity of departments, groups and/or individuals with the most knowledge regarding: a. the sales and marketing of each of Your Accused Products; b. the technical research and development of each of Your Accused Products; c. the manufacturing and production of each of Your Accused Products; d. the design, structure and operation of each of Your Accused Products; e. the profits and/or losses generated from sales of each of Your Accused Products; and f. the licensing of any patents or intellectual property relating to each of Your Accused Products."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "most," "each," and "relating."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witnesses to testify regarding Defendants' corporate structure to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on a reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 44**:

Your corporate structure prior to and after the acquisition/merger of ArcherDX, Inc. and Invitae Corporation consummated on October 2, 2020.

**RESPONSE TO TOPIC NO. 44**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "Your corporate structure prior to and after the acquisition/merger of ArcherDX, Inc. and Invitae Corporation consummated on October 2, 2020."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "prior" and "after."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants will provide one or more reasonably prepared witnesses to testify regarding Defendants' corporate structure to the extent such information is within Defendants' possession, custody, and control (and not that of its outside counsel), is ascertainable based on a reasonably diligent investigation, and is not protected from disclosure by attorney-client privilege, work product, or other protections.

**TOPIC NO. 45**:

Invitae's valuation of ArcherDX developed, generated or used in connection with the acquisition of ArcherDX, Inc.

**RESPONSE TO TOPIC NO. 45**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "Invitae's valuation of ArcherDX developed, generated or used in connection with the acquisition of ArcherDX, Inc."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "valuation," "developed," "generated," and "used."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants are willing to meet and confer regarding this topic.

**TOPIC NO. 46**:

Invitae's valuation of Genosity developed, generated or used in connection with the acquisition of Genosity Inc.

**RESPONSE TO TOPIC NO. 46**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "Invitae's valuation of Genosity developed, generated or used in connection with the acquisition of Genosity Inc."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "valuation," "developed," "generated," and "used."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants state that they are willing to meet and confer regarding this topic.

## TOPIC NO. 47:

The uses of the Accused Products by You or Third Parties relating to obtaining FDA approvals of any of the Accused Products.

## RESPONSE TO TOPIC NO. 47:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective

Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he uses of the Accused Products by You or Third Parties relating to obtaining FDA approvals of any of the Accused Products."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "uses," "obtaining," "approvals," and "any."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants do not agree to designate a witness to testify regarding this topic.

**TOPIC NO. 48**:

Your knowledge of facts relating to whether Natera delayed unduly in the prosecution of the Asserted Patents and any prejudice to You.

**RESPONSE TO TOPIC NO. 48**:

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "Your knowledge of facts relating to whether Natera delayed unduly in the prosecution of the Asserted Patents and any prejudice to You."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f)  Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)  Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "knowledge" and "any."

h)  Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)  Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

70

j)  Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants do not agree to designate a witness to testify regarding this topic.

**TOPIC NO. 49**:

Your knowledge of facts relating to whether Natera misrepresented or omitted material information to the United States Patent and Trademark Office ("PTO") with the intent to deceive the PTO during the prosecution of the Asserted Patents.

**RESPONSE TO TOPIC NO. 49**:

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "Your knowledge of facts relating to whether Natera misrepresented or omitted material information to the United States Patent and Trademark Office ("PTO") with the intent to deceive the PTO during the prosecution of the Asserted Patents."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f)  Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or

other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "relating," "material," and "intent."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants do not

agree to designate a witness to testify regarding this topic.

**TOPIC NO. 50**:

Your knowledge of facts relating to whether Natera filed its patent applications only after

one of its senior executives left Natera, began working for ArcherDX, gained access to confidential

information relating to ArcherDX's Accused Products and then returned to Natera and that Natera

did not invent the method of amplifying DNA employed in the AMP process.

**RESPONSE TO TOPIC NO. 50**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are

afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "Your knowledge of facts relating to whether Natera filed its patent applications only after one of its senior executives left Natera, began working for ArcherDX, gained access to confidential information relating to ArcherDX's Accused Products and then returned to Natera."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "knowledge" and "employed."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants do not agree to designate a witness to testify regarding this topic.

**TOPIC NO. 51**:

Your knowledge of (i) whether and how Natera has been and/or will be injured by Your

alleged infringement of the Asserted Patents; (ii) whether the public interest would be served by a

permanent injunction in this Action; and (iii) the effect a permanent injunction would have on You.

**RESPONSE TO TOPIC NO. 51**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from
   disclosure by the attorney-client privilege, attorney work product doctrine, and/or other
   statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from
   disclosure by Defendants' contractual, legal or other obligations to maintain the
   confidentiality of third party trade secrets and other confidential information.
   Defendants shall only provide such information pursuant to the terms of the Protective
   Order, and the parties' private agreements relating thereto, to the extent Defendants are
   afforded reasonable notice and a reasonable opportunity to seek consent from the party
   whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or
   legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly
   burdensome and/or directed to irrelevant information that is disproportionate to the
   needs of the case and seeks irrelevant information in seeking "whether and how Natera
   has been and/or will be injured by Your alleged infringement of the Asserted Patents,"
   "whether the public interest would be served by a permanent injunction in this Action,"
   and "the effect a permanent injunction would have on You."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it
   relies on defined terms (for the reasons set forth in the General Objections), is
   improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly
   burdensome insofar as it is not bounded by any timeframe, geographic information, or
   other limitations that would sufficiently narrow the topic to relevant, reasonably
   ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad,
   unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative
   or cumulative of other discovery, particularly insofar as it contains any of the defined

terms for which Defendants provided objections above and/or the terms "injured," "public interest," and "effect."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants do not agree to designate a witness to testify regarding this topic.

**TOPIC NO. 52**:

The preparation of and Your responses to Plaintiff's Interrogatories, including the substance of Your written responses, the substance of any document referenced in Your written responses, identification of individuals involved in preparing Your responses and sources You referenced in preparing Your responses.

**RESPONSE TO TOPIC NO. 52**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he preparation of and Your responses to Plaintiff's Interrogatories."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "the substance of Your written responses," "the substance of any document referenced in Your written responses," "identification of individuals involved in preparing Your responses," and "sources You referenced in preparing Your responses."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants do not agree to designate a witness regarding this topic.

**TOPIC NO. 53**:

The steps taken by You to identify, collect and produce documents and information in this Action, including (i) the identifies of all people involved in collecting and preparing documents for production; (ii) all steps taken to identify document custodians and document repositories; and (iii) all steps taken to identify individuals with knowledge relevant to this Action.

**RESPONSE TO TOPIC NO. 53**:

In addition to and without limiting the foregoing General Objections:

a)  Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b)  Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c)  Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d)  Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "[t]he steps taken by You to identify, collect and produce documents and information in this Action."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f)  Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)  Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "identifies," "all," "preparing," and "relevant."

h)  Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)  Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)  Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants do not agree to produce a witness to testify regarding this topic.

**TOPIC NO. 54**:

Your policies, procedures and practices relating to the retention, preservation, and destruction of data, documents and document repositories, including any document hold policy that You implemented for purposes of preserving evidence for litigation relating to any the Asserted Patents.

**RESPONSE TO TOPIC NO. 54**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the needs of the case and seeks irrelevant information in seeking "Your policies, procedures and practices relating to the retention, preservation, and destruction of data, documents and document repositories."

e) Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f) Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g) Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the terms "any" and "relating."

h) Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i) Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j) Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants do not agree to designate a witness to testify regarding this topic.

**TOPIC NO. 55**:

All persons with knowledge of the topics in Paragraphs 1-54 and the existence and location of documents relating to the topics in Paragraphs 1-54.

**RESPONSE TO TOPIC NO. 55**:

In addition to and without limiting the foregoing General Objections:

a) Defendants object to the extent this Topic seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or other statutory or common law privilege.

b) Defendants further object to the extent this Topic seeks information protected from disclosure by Defendants' contractual, legal or other obligations to maintain the confidentiality of third party trade secrets and other confidential information. Defendants shall only provide such information pursuant to the terms of the Protective Order, and the parties' private agreements relating thereto, to the extent Defendants are afforded reasonable notice and a reasonable opportunity to seek consent from the party whose confidential information is sought.

c) Defendants further object to the extent this Topic improperly seeks expert opinion or legal conclusions.

d) Defendants object that this Topic is vague, ambiguous, overly broad, unduly burdensome and/or directed to irrelevant information that is disproportionate to the

needs of the case and seeks irrelevant information in seeking "[a]ll persons with knowledge of the topics in Paragraphs 1-54" and "the existence and location of documents relating to the topics in Paragraphs 1-54."

e)  Defendants further object that the Topic is vague and ambiguous on the basis that it relies on defined terms (for the reasons set forth in the General Objections), is improperly compound, grammatically incorrect, and/or internally inconsistent.

f)  Defendants further object that the Topic is vague, ambiguous, overly broad, and unduly burdensome insofar as it is not bounded by any timeframe, geographic information, or other limitations that would sufficiently narrow the topic to relevant, reasonably ascertainable subject matter.

g)  Defendants further object to the extent that this Topic is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as it contains any of the defined terms for which Defendants provided objections above and/or the term "all."

h)  Defendants further object to this Topic as seeking information that is not relevant to any claim or defense at issue in this litigation and/or which is not proportional to the needs of the case.

i)  Defendants further object that the Topic seeks information which is more properly sought through other types of discovery including interrogatories and requests for production.

j)  Defendants further object that this topic is duplicative of other topics in this Notice.

Subject to and without waiving its General and Specific Objections, Defendants do not agree to designate a witness to testify regarding this topic.

Dated:   June 17, 2021                    Respectfully submitted,

                                          FARNAN LLP

                                          */s/ Michael J. Farnan*_____
                                          Brian E. Farnan (#4089)
                                          Michael J. Farnan (#5165)
                                          919 North Market Street, 12th Floor
                                          Wilmington, DE 19801
                                          (302) 777-0300
                                          bfarnan@farnanlaw.com
                                          mfarnan@farnanlaw.com

                                          Edward R. Reines (admitted *pro hac vice*)
                                          Derek C. Walter (admitted *pro hac vice*)
                                          Kaitlin Paulson (admitted *pro hac vice*)
                                          Concord Cheung (admitted *pro hac vice*)
                                          WEIL, GOTSHAL & MANGES LLP
                                          201 Redwood Shores Parkway
                                          Redwood Shores, CA 94065
                                          Tel: (650) 802-3000
                                          Fax: (650) 802-3100
                                          edward.reines@weil.com
                                          derek.walter@weil.com
                                          kaitlin.paulson@weil.com
                                          concord.cheung@weil.com

                                          *Attorneys for Invitae Corp., ArcherDX, Inc. and*
                                          *ArcherDX, LLC*

CERTIFICATE OF SERVICE

I, Brian E. Farnan, hereby certify that on June 17, 2021, copies of the foregoing were

caused to be served on the following as indicated:

Via E-Mail
Jack B. Blumenfeld
Derek J. Fahnestock
Anthony D. Raucci
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
dfahnestock@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Natera, Inc.*

E-Mail
William G. Gaede, III
Bhanu K. Sadasivan
Mandy H. Kim
Jodi Benassi
MCDERMOTT WILL & EMERY LLP
wgaede@mwe.com
bsadasivan@mwe.com
mhkim@mwe.com
jbenassi@mwe.com

*Attorneys for Plaintiff Natera, Inc.*

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)

82

<u>CERTIFICATE OF SERVICE</u>

I, Brian E. Farnan, hereby certify that on June 17, 2021, a copy of Defendants' Responses

and Objections to Plaintiff Natera, Inc.'s Notice of Deposition Pursuant to Fed. R. Civ. P.

30(b)(6) was served on the following as indicated:

<u>Via E-Mail</u>
Jack B. Blumenfeld
Derek J. Fahnestock
Anthony D. Raucci
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
dfahnestock@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Natera, Inc.*

<u>Via E-Mail</u>
William G. Gaede, III
Bhanu K. Sadasivan
Mandy H. Kim
Jodi Benassi
MCDERMOTT WILL & EMERY LLP
Natera-ArcherDXMWETeam@mwe.com

*Attorneys for Plaintiff Natera, Inc.*

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)