IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATERA, INC., | : |
| Plaintiff, | : |
| v. | : C.A. No. 20-125-LPS |
| ARCHERDX, INC. and INVITAE CORPORATION, | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this **21st** day of **September, 2021**:

Having reviewed the parties' letters and other submissions relating to these parties' latest round of multiple discovery disputes arising on the eve of the end of fact discovery (D.I. 306, 307, 311, 312), IT IS HEREBY ORDERED that:

**I.     Natera's Requests**

    **A.     RFP No. 9**

Natera's request that Defendants be ordered to produce documents that show the specific materials used by Defendants' customers when using the Accused Products (RFP No. 9) is GRANTED IN PART and DENIED IN PART, for the reasons and to the extent stated below:

    (i)     With respect to the categories of responsive documents, the parties' agreement set forth in the April 9, 2021 joint status report shall control. (*See* D.I. 175 at 6) Relevant to this dispute, the parties' agreement requires the production of "instructions for use, product protocols, and/or product manuals *provided to the customer* including any testing or customization of any of the accused products for the customer and steps or process the customers

1

perform with the accused products." (*Id.*) (emphasis added) Natera's request for "any documents providing the above technical information for any customers, ***where the document and information itself was not provided to the customer***" (D.I. 307 at 2) (emphasis added), seeks documents that fall outside of the scope of the parties' agreement and, therefore, need not be produced.

(ii) With respect to the representative customers, Natera's designation of 22 representative customers is reasonable. Limiting discovery to merely six customers is unduly restrictive. While Defendants contend that the 22 customers offered by Natera are "cherry-picked" (D.I. 312 at 2), they do not challenge Natera's assertion that these customers "represent the majority of Archer's sales of the Accused Products and use of each of Accused Products." (D.I. 307 at 1) Natera's request for discovery beyond Defendants' offer of producing representative user manuals is reasonable and proportional to the need of the case. (*See* D.I. 179 at 30) ("[I]f all they have is . . . manuals and that sort of thing, that at trial I could easily see your side saying there is not enough here to show active inducement.")

### B. RFP No. 1

Natera's request that Defendants be ordered to produce documents relating to a March 8, 2021 meeting with the FDA (RFP No. 1) is DENIED as moot based on Defendants' representation that they have produced the relevant meeting minutes. (*See* D.I. 312 at 2)

### C. Interrogatory No. 2 / RFP No. 8

Natera's request that Defendants be ordered to produce documents sufficient to show the number of times they have used the Accused Products since January 21, 2020 (Interrogatory No. 2 / RFP No. 8) is DENIED WITHOUT PREJUDICE based on Defendants' representation that they have produced information showing the scope of the sales at issue. The Court, accordingly,

2

does not need to decide if the uses "plainly ***do not fall within*** the scope of the safe harbor" (D.I. 307 at 2) or instead are "undisputedly excluded from any damages calculations due to the Safe Harbor" (D.I. 312 at 2).

### D.     Rule 30(b)(6) Deposition Topics

#### 1.     Natera's Topics 1-2

Natera's request that Defendants be ordered to produce Rule 30(b)(6) witness(es) for Topics 1-2 is GRANTED to the extent that Defendants' Rule 30(b)(6) witness(es) shall testify to the full scope of these two topics with the exception of testimony regarding the identity of "all persons substantively involved." The term "substantively involved" is vague and overbroad; Defendants already disclosed a list of individuals most knowledgeable on these issues.

#### 2.     Natera's Topic 9

Natera's request that Defendants be ordered to produce Rule 30(b)(6) witness(es) for Topic 9 is GRANTED, as the circumstances and communications relating to the regulatory status of the Accused Products are relevant to Defendants' assertion of the Safe Harbor defense. This includes Defendants' contemplated and future filings with the FDA, which (to the extent that Defendants have engaged in research and development activities associated with these filings) are not speculative.

#### 3.     Natera's Topic 10

Natera's request that Defendants be ordered to produce Rule 30(b)(6) witness(es) for Topic 10 is GRANTED to the extent that Defendants shall produce Rule 30(b)(6) witness(es) to testify on this topic regarding the three categories of documents as agreed to by the parties (*see* D.I. 175 at 6) for the 22 representative customers identified by Natera (*see* D.I. 307 at 1).

### 4. Natera's Topics 17, 20-22

Natera's request that Defendants be ordered to produce Rule 30(b)(6) witness(es) for Topic 17 is GRANTED, as product inventory may be relevant to the assessment of the risk of irreparable harm, an element of the injunctive relief analysis.

Natera's request that Defendants be ordered to produce Rule 30(b)(6) witness(es) for Topics 20-22 is DENIED, as these topics are irrelevant, given Defendants' representation that no Accused Products sold in the United States are covered by insurance (*see* D.I. 312 at 3).

### 5. Natera's Topics 45-46

Natera's request that Defendants be ordered to produce Rule 30(b)(6) witness(es) for Topics 45-46 is DENIED, as Natera has failed to persuade the Court that Invitae's pre-acquisition valuations of Archer and Genosity are relevant to any claim at issue in this litigation.

### 6. Natera's Topic 39b

Natera's request that Defendants be ordered to produce Rule 30(b)(6) witness(es) for Topic 39b is DENIED. It is not clear that Defendants have corporate knowledge of the research and development activities undertaken by researchers at Massachusetts General Hospital.

### 7. Natera's Topic 50

Natera's request that Defendants be ordered to produce Rule 30(b)(6) witness(es) for Topic 50 is GRANTED, as this topic is directly related to Defendants' unclean hands defense, and Defendants' factual information on this topic is within the scope of discoverable material. Defendants' arguments that the requested factual information is "solely about the timing of when Natera filed its patents," and that Natera seeks only contentions, are incorrect. (*See id.*)

## II. Defendants' Requests

### A. Interrogatories and RFAs

#### 1. Interrogatory No. 24

Defendants' request that Natera be ordered to respond to Interrogatory No. 24 is DENIED, as Natera has agreed to supplement its interrogatory response by Defendants' requested date. (*See* D.I. 311 at 1)

#### 2. Interrogatory Nos. 18 and 25

Defendants' request that Natera be ordered to respond to Interrogatory Nos. 18 and 25 is DENIED, as Natera has agreed to supplement its interrogatory responses by Defendants' requested date. (*See id.*)

#### 3. RFA Nos. 2, 4, and 25 and Interrogatory Nos. 1 and 16

Defendants' request that Natera be ordered to explain its responses to RFA Nos. 2 and 4 is GRANTED. Natera's explanation that it denied RFA Nos. 2 and 4 because the terms "sample indexing" and "nested PCR" "may have different meanings depending on the context" (*id.*) warrants requiring Natera to supplement its responses, including by specifying in which "context" Natera admits or denies RFA Nos. 2 and 4. *See generally* Fed. R. Civ. P. 36(a)(4) ("If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. . . . [W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.").

Defendants' request that Natera be ordered to explain its response to RFA No. 25 is DENIED. Natera's explanation of its denial as set forth in the letter is adequate.

5

Defendants' request that Natera be ordered to supplement its response to Interrogatory No. 1 is DENIED WITHOUT PREJUDICE to renew if, after Natera explains its responses to RFA Nos. 2 and 4, Defendants still believe the response to Interrogatory No. 1 is incomplete.

Defendants' request that Natera be ordered to respond to Interrogatory No. 16 is DENIED, as the Court has fully resolved the parties' dispute in connection with RFA Nos. 2, 4, and 25 (see above).

### B.  Deposition of Natera's Chief IP Counsel, Mr. Anton Bokal

Defendants' request to depose Natera's Chief IP Counsel is DENIED. While the Court agrees with Defendants that Natera's decision to prosecute the Asserted Patents and the timing of the prosecution are relevant to Defendants' defense of prosecution laches, Defendants have not established that Mr. Bokal is a proper source of discovery on these topics. Natera represents: "Mr. Bokal oversees litigation including the instant action. Contrary to Defendants' assertions, Mr. Bokal *was not* involved in the prosecution of – and *did not prepare* applications for – the Asserted Patents." (D.I. 311 at 2) Defendants recognize that Mr. Bokal "is currently involved in Natera's patent prosecution decisions." (D.I. 306 at 2) It appears, therefore, that in addition to likely engendering numerous privilege issues, it seems unlikely Mr. Bokal possesses pertinent information.

### C.  Rule 30(b)(6) Deposition Topics

#### 1.  Defendants' Topics 52-53

Defendants' request that Natera be ordered to produce Rule 30(b)(6) witness(es) for Topics 52-53 is GRANTED, as these topics are related to Defendants' defense of prosecution laches. Contrary to Natera's contention, these topics, which are related to the decision to prosecute the Asserted Patents, are not cumulative of Topics 2, 39, and 40.

### 2. Defendants' Topics 23-25

Defendants' request that Natera be ordered to produce Rule 30(b)(6) witness(es) for Topics 23-25 is DENIED. Defendants have not persuaded the Court that a deposition on these topics is likely to elicit additional information relevant to Natera's damages claims that is not cumulative of Topics 19, 20, and 22, which appear to be adequate to cover Natera's licensing activities relating to the Asserted Patents. (*See* D.I. 311 at 3)

### 3. Defendants' Topics 57-60

Defendants' request that Natera be ordered to produce Rule 30(b)(6) witness(es) for Topics 57-60 is GRANTED. These topics are relevant to Defendants' defense of prosecution laches. However, the Court agrees with Natera that Defendants' requests are facially overbroad and deposing a corporate witness (or witnesses) on an unbounded set of documents and the full scope of the noticed topics would be unduly burdensome. Accordingly, the parties shall meet and confer and agree on a number of documents and amount of notice to be provided to Natera, consistent with requirements the Court previously imposed on Natera.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE