IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATERA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ARCHERDX, INC., ARCHERDX, LLC,<br>AND INVITAE CORPORATION<br><br>    Defendants. | C.A. No. 20-cv-125-LPS<br>(Consolidated)<br><br>**FILED UNDER SEAL** |

**DEFENDANTS' REPLY LETTER IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS TO NATERA, INC.'S SECOND AMENDED COMPLAINT**

Dated: September 13, 2021

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
Kaitlin Paulson (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

*Attorneys for Defendants*

While Natera contends that Defendants' pleading fails to meet the legal standard to allege inequitable conduct, it is Natera that misunderstands the legal standard on a motion to amend. Pursuant to Rule 15(a)(2), the "court should freely give leave when justice so requires." There is a liberal approach to amendment; leave should be freely granted absent undue delay, bad faith, dilatory motives, prejudice, or futility. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). Yet, Natera starts by arguing that Defendants' pleading does not "show" material misrepresentation or withholding. D.I. 324 at 3. Natera then spends the rest of its letter disputing the strength of Defendants' facts. Defendants, however, need not prove their case to justify amendment—or even to withstand a motion to dismiss. Even if Natera's opposition were a motion to dismiss, the facts alleged in Defendants' pleading must be accepted as true and viewed in the light most favorable to Defendants. Thus, in devoting so much effort to arguing the merits of the facts, Natera acknowledges not only that amendment is proper but that the pleading itself is substantively sound.

## I. Defendants' Adequately Pleaded Materiality

Natera contends that Defendants' have failed to adequately allege materiality of their inventorship misrepresentations because priority is "solely based on the written disclosure" and a change in inventorship is not material to this analysis. D.I. 325 at 3. Natera misses the point. "Under § 102(f), a person is not entitled to a patent if he did not himself invent the subject matter sought to be patented. This provision makes the naming of the correct inventor or inventors a condition of patentability; failure to name them renders a patent invalid." *In re VerHoef*, 888 F.3d 1362, 1367–68 (Fed. Cir. 2018) (internal quotations omitted). Thus, putting aside priority, if Natera misrepresented inventorship, that misrepresentation was material as a matter of law. This ends the inquiry into the sufficiency of the pleading as it pertains to materiality.

Regardless, Natera's contention that Defendants' allegations about priority and invention date are irrelevant fails on multiple levels. As alleged in the amended pleading, the fact that the omitted and removed inventors did not work at Natera until after Natera's alleged invention date explains Natera's ***motive***, and hence its deceptive intent. While Natera claims it is entitled to a 2011 priority date, Defendants dispute this. As a matter of commonsense, Natera cannot credibly contend that its patents were invented in 2011 if numerous named inventors did not even work at the company until much later. Thus, as Defendants alleged in their pleading, by "removing as inventors several individuals that were not even affiliated with Natera until long after Natera's desired invention date and adding individuals who were, Natera seeks to avoid any inference that its alleged invention post-dates the prior art relied upon in this case by Defendants." D.I. 309, Ex. A ¶ 357; *see also id.* ¶ 385. While this is plainly relative to intent, the pleading further alleges that when Natera made its inventorship changes it withheld key documents showing that Natera's 2011 priority date was suspect. *See id.* ¶¶ 358-60, 386-88. Natera's assertion that it had no duty to disclose such information when it went to the Patent Office to make its litigation-driven inventorship changes is contrary to law. *See* 37 C.F.R. § 1.56.

Natera further asserts that Defendants have not adequately pleaded materiality because they do not directly address a Natera interrogatory response regarding priority date. D.I. 324 at 2. Putting aside that Defendants' interrogatory response is an incoherent collection of citations to irrelevant documents, there is no requirement at the pleading stage for a party to rebut their opponents' case theories and evidence. Natera's argument simply shows yet again that it attempts

to apply an erroneous standard to the instant motion.

## II.     Defendants' Adequately Pleaded Intent

As documented above, the facts establishing Natera's intent are pleaded at length. Natera nonetheless contends that Defendants have not adequately pleaded indend because "the amended pleading fails to allege specifics" of the omitted inventors work.  D.I. 324 at 4.  Not so.  The amended pleading explains that Natera has asserted that its alleged invention is about avoiding "primer dimers" in PCR.  D.I. 309, Ex. A ¶ 382.  The pleading further alleges—based on citation to record evidence—that the key people involved in such work, such as Philip Lacroute and Alexander Wong, ***are not*** listed as inventors.  *See id.* ¶¶ 370-71.  The pleading points to testimony from Natera scientist George Gemelos that Natera could not have achieved its multiplex PCR technique without the contribution of Dr. Lacroute.  *Id.* ¶ 372.  At the same time, the pleading includes evidence that the people Natera wishes to add as inventors (including Allison Ryan and Zachary Demko) did no work on primer dimers.  *See id.* ¶ 382; *id.* Ex. 15 at 30:2-20, 68:5-14; *id.* Ex. 10 at 65:1-7.  Another newly added inventor, Milena Banjevic, recently testified to similar effect.  Ex. A at 67:1-18.[1]  The pleading far exceeds the requisitive level of specificity; Natera's attempt to dispute the strength of a few cherry-picked allegations does not undermine this.

Natera further complains about the intent allegations regarding the "who" aspect inequitable conduct.  This also is without merit.  As to Tianran Yan, the documents attached to the counterclaim show that he was involved in procuring the false inventorship affidavits.  D.I. 309, Ex. A, Ex. 14 at 100:22-101:7, 102:4-103:7.  As to Zachary Demko, the pleading alleges that he is a patent agent who led Natera's IP function at the time of the alleged invention.  D.I. 309, Ex. A ¶ 363.  If anyone should have been aware of Natera's false representations to the Patent Office, it should have been him.  As to Anton Bokal, he is Natera's chief IP attorney and signed the documents pursuant to which Natera submitted the false inventorship affidavits.  *See* Ex. B.  Natera's arguments about Mr. Bokal are surprising and frivolous.  As to Rabinowitz, he was deposed after the filing of this motion, and confirmed that throughout Natera's existence he played a role in Natera's IP functions.  Ex. C at 8:22-9:17; 34:21-35:20.

Finally, Natera asserts that intent is not adequately pleaded because **"*All of the inventors signed the declarations and testified that they believed the declarations were true at the time the filed it.*"**  D.I. 324 at 3 (emphasis in original).  But this is empty rhetoric because every inventor flat out ***refused*** to state why they signed the inventorship affidavits in the face of Natera's privilege assertions.  *See* D.I. 309, Ex. A, Ex 12 at 66:12-18; *id.* Ex. 13 at 134:21-135:8; *id.* Ex. 14 at 103:9-17; *id.* Ex. 20 at 246:11-247:3; *id.* Ex. 15 at 107:2-108:14; *id.* Ex. 18 at 129:5-18.  Natera cannot hide behind its inventorship affidavits while at the same time shielding from discovery all substantive information underlying their veracity.  As alleged in the counterclaim, Natera's assertion of privilege to this effect simply shows bad faith and deceptive intent.  *See* D.I. 309, Ex. A ¶ 384.

---

[1] To the extent this letter cites facts that arose after the filing of the motion to amend, or to the extent the Court determines that additional facts would remedy any pleading deficiencies, Defendants should be permitted to revise their amended pleading to include such facts.

                                            Respectfully submitted,

                                            /s/ Brian E. Farnan

                                            Brian E. Farnan

cc: Counsel of Record (Via E-Mail)