# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NATERA, INC.,

    Plaintiff,

    v.

ARCHERDX, INC., ARCHERDX, LLC,
AND INVITAE CORPORATION

    Defendants.

C.A. No. 20-cv-125-LPS
(Consolidated)

**FILED UNDER SEAL**

---

### DEFENDANTS' SEPTEMBER 29, 2021 DISCOVERY DISPUTE LETTER

Dated: September 29, 2021

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
Kaitlin Paulson (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

*Attorneys for Defendants*

Dear Judge Stark,

Defendants write regarding the discovery issues set forth below.

## I.    INTERROGATORY NO. 24 ("SPECIFICATION EMBODIMENTS")

Natera continues to resist identifying the single embodiments in the specification that allegedly correspond to the asserted claims of the '814, '172, '482, and '220 patents, as required by Interrogatory No. 24.  *See* Ex. A at 35–37.  This is despite Natera's representation from four weeks ago in its response to Defendants' motion to compel that it would identify such embodiments.  D.I. 311 at 1.  The Court denied Defendants' previous motion on the basis of Natera's belated promise to answer Interrogatory No. 24, a representation Natera refused to make in meet and confer.  *See* D.I. 336 at 5.  Yet, in its supplemental response, Natera *did not identify the single embodiments* for each asserted claim.  Ex. A at 35–37.  Instead, Natera provided a wall of string cites that covers most of the substance of the patents, including virtually every single one of multiple embodiments across the 200-page specifications.  *Id.*

This is wholly deficient and improper on its face, particularly in view of Natera's prior RFA responses.  Indeed, Natera has admitted that for claim 1 of each of the asserted patents the specification "discloses at least a single embodiment that includes all claim limitations."  Ex. B at 16-21.  Interrogatory No. 24 simply asks Natera to identify the specific embodiments that it seemingly contends exist.  There is no burden here.  Natera simply needs to provide a pincite for each asserted claim, and Natera has (presumably) already determined what to cite in light of Defendants' requests for admission (at least with respect to claim 1).  Natera's refusal to identify the embodiments is unreasonable and prejudicial.  Defendants respectfully request the Court compel Natera to identify the single embodiments forthwith.

## II.    NATERA IMPROPERLY COACHED WITNESSES ON FACT TESTIMONY

Natera has improperly coached witnesses to refuse to testify about key issues, such as what its inventors contend is allegedly new and innovative about Natera's patents.  Specifically, Natera has inappropriately instructed witnesses during deposition preparation that they should not testify to such facts because the witnesses are not attorneys.  This has become crystal clear in view of the testimony of Natera inventor Alexander Wong, who unambiguously testified that during his deposition preparation Natera's counsel advised him that *he should **not** answer such key questions* about what he invented or even what he believes is innovative about his patent because he is not a lawyer.  Ex. C at 93:17–96:2.  Dr. Wong followed these instructions.  *See id.* at 92:3–9; 92:13–19; 93:8–15.  Witness Joshua Babiarz also refused to answer questions about what is new and innovative about his patent because he is "not a patent attorney."  Ex. D at 28:15-21.  In the same vein as Dr. Wong, when asked where he got "the idea that in order to state what is new and innovative about a patent that you're an inventor on that you have to be a patent attorney," counsel for Natera instructed Dr. Babiarz not to answer "to the extent the basis of [his] answer involves conversations [he] may have had with attorneys."  *Id.* at 28:23-29:5.  Dr. Babiarz then refused to answer.  *Id.* at 29:6-7.  In total, *5 witnesses refused to testify* about what was new and innovative about their inventions and patents because they were "not a lawyer."  Exs. E–J.  It thus appears that Natera has improperly coached numerous witnesses regarding their duties during deposition.

Defendants respectfully submit that Natera's conduct in coaching witnesses to refuse to testify about such key facts is improper and has impeded fact finding in this matter. Here, the topic the witnesses were instructed to refuse to testify on bears great importance beyond the basic relevance of what the alleged inventions are. Defendants raised an inventorship defense and, a year and a half into this litigation, Natera radically changed the Asserted Patents' roster of inventors. D.I. 309. Due to Natera's improper deposition coaching, Defendants were foreclosed from obtaining discovery on these changes; all witnesses refused to answer relevant questions. Accordingly, Defendants respectfully request the Court compel Natera to produce a list of witnesses who received this improper coaching and for the Court to provide a limiting jury instruction at trial regarding the improper coaching.

## III.   NATERA IMPROPERLY INSTRUCTED WITNESS DR. ZIMMERMAN

During the deposition of Bernhard Zimmerman, the primary inventor on Natera's patents and its corresponding 30(b)(6) witness, Natera improperly instructed him to not answer Defendants' question that relate to key issues such as why Natera sued ArcherDX, damages, and prosecution laches. *See* Ex. K at 211:11-17 (Q: "How about after ArcherDX came to Natera and trained Natera on its products? How come – how come [suing Archer] wasn't appropriate then?" Natera's counsel: "***I'm done. I'm going to stop this line of questioning.*** . . . ***Dr. Zimmerman, I instruct you not to answer. Move on, Counsel.***"). Counsel for Natera did not assert that the instruction was based on a preservation of privilege, an enforcement of a court order, or to present a motion to limit the deposition, as she was required to do. *See id.* at 211:18-21 (Q: "Are you going to seek a protective order?" Natera's counsel: "***He's not going to answer.  You seek a protective order if you want.***"); *see, e.g., id.* at 211:11-17, 213:9-10; 213:12-16; 214:4-6; 214:9-10; 214:18-19; 214:22-23; 215: 2-5; 215:8-9; 215:13-16; *see also* FRCP 26(c), 30. Instead, counsel vaguely asserted that the questions were harassing and that the deponent's response would be the same as his previous answers. Ex. K at 212:24-213:1; 213:17-22. Neither of these reasons is an appropriate ground for Natera to instruct Dr. Zimmerman to not respond. *See Abbvie Inc. v. Boehringer Ingelheim Int'l GMBH*, No. 17-cv-01065-MSG-RL, at *2 (D. Del. Mar. 29, 2019); *Hearst/ABC-Viacom Entm't Servs. v. Goodway Mktg., Inc.,* 145 F.R.D. 59, 63 (E.D. Pa. 1992).

The thwarted line of questioning is highly relevant. Over eight years ago, Dr. Zimmerman had been monitoring ArcherDX and its products in relation to intellectual property issues. *See* Ex. L. Yet, it was not until 2019 that Natera suddenly sought claims to assert against ArcherDX, and not until 2020 that Natera filed suit. Someone from Natera will surely appear at trial and make allegations of IP theft and harm to Natera in an effort to justify Natera's lawsuit. Given his role as the primary inventor on Natera's patents, there's a good likelihood this individual will be Dr. Zimmerman. Defendants should be able to thoroughly depose him on whatever story he may try to tell about the reasons and basis for Natera's belated lawsuit. Likewise, the topic is plainly related to both damages and prosecution laches. Regarding damages, the reason for Natera's decade-long delay in seeking patent protection speaks directly to the value of the patents. Regarding prosecution laches, the unanswered question speaks directly to the defense. Specifically, Defendants sought Dr. Zimmerman's understanding of why Natera delayed the filing of its patent applications for nearly a decade and then sued Archer for infringement, despite the fact that Dr. Zimmerman and his team had purchased Archer products years earlier and had been

trained to use them by Archer.  Ex. K at 211:8-10.  This question is particularly relevant in light of the inconsistencies in Dr. Zimmerman's deposition testimony.  Immediately before the unanswered question, Dr. Zimmerman testified that Natera did not seek to enforce its intellectual property rights against Archer in 2014 because he "did not think that there was an assessment done" of Archer's products.  *Id.* at 211:3-6.  Yet earlier, Dr. Zimmerman testified that *as early as February 2014*, he had entered into discussion within Natera about whether *Archer's products might violate Natera's intellectual property*.  *Id.* at 172:8-173:25.  Defendants sought to clarify the inconsistency, only to be thwarted by an improper instruction.  *Id.* at 211:11-14; *see* Ex. M.

Natera's  conduct is improper and, significantly, frustrated the fair examination of Dr. Zimmerman on key issues.  Defendants respectfully request that Dr. Zimmerman be ordered to appear for further deposition.

## IV.    NATERA FAILED TO PROVIDE A RULE 30(B)(6) WITNESS FOR TOPIC 55

Defendants' Rule 30(b)(6) Topic 55 seeks Natera's "first knowledge of the Accused Products." Ex. N at 8.  The Accused Products include VariantPlex, LiquidPlex, and ArcherMET.  Natera agreed to provide a 30(b)(6) witness to testify "as to first knowledge of the accused products." *Id.* at 9.  Subsequently, Natera identified Bernhard Zimmerman as its witness. Ex. O.

During the deposition, Dr. Zimmerman—by his own admission—stated that he had not investigated the Accused Products or Natera's first knowledge of them.  Ex. K.  Specifically, Dr. Zimmerman stated that "*I have not specifically investigated ArcherDX products nor ArcherDX in preparation for this call*" and that "*I have not investigated [the ArcherDX products] . .  and at what time they started offering those*." *Id.* at 185:8–10; 186:2-187:1.  Upon being asked specifically about each of VariantPlex, LiquidPlex, and ArcherMET, Dr. Zimmerman testified that he did not have any knowledge of each product and could not testify to Natera's first awareness of the specified product. *Id.* at 183:20–184:17; 184:19; 186:2–187:1.

In deposition, counsel objected to the line of questioning, asserting that "*[i]t is not his job* to memorize all the products sold by ArcherDX or *to know precisely what is being accused or not being accused*," a position Natera maintained in subsequent correspondence. *Id.* at 185:6–7; Ex. M.  This is incorrect.  It is Dr. Zimmerman's "job" to know Natera's first knowledge of the Accused Products because Natera designated him to be its 30(b)(6) witness on the topic.  A Rule 30(b)(6) witness "*must* testify about information known or reasonably available to the organization." FRCP 30(b)(6); *see Penn Mut. Life Ins. Co. v. Rodney Reed 2006 Ins. Trust*, Civil Action No. 09-CV-0663 (JCJ), 2011 WL 1636985, at *1 (D. Del. Apr. 29, 2011).  On the face of the request, Natera's first knowledge of the Accused Products is information known or reasonably available to Natera.  And Natera failed to prepare its witness.  Relief is required here because Natera's designated deponent could not only *not* provide a response, but the deponent admitted he had undertaken *no investigation* to obtain the answers.  This is wholly deficient. *Suomen Colorize Oy v. Verizon Servs. Corp.*, Civil Action No. 12-715-CJB, at *4 (D. Del. Oct. 15, 2013).  Defendants respectfully request Natera be compelled to provide a witness to testify on Topic 55— be it Dr. Zimmerman or another witness—as it agreed to do. *See Tulip Computers International B.V. v. Dell Computer Corp.*, Civil Action No. 00-981-RRM, at *1 (D. Del. Apr. 30, 2002).

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Mail)

# EXHIBIT A

# Redacted in its Entirety

# EXHIBIT B

## Redacted in its Entirety

# EXHIBIT C

Redacted in its Entirety

# EXHIBIT D

## Redacted in its Entirety

# EXHIBIT E

## Redacted in its Entirety

# EXHIBIT F

# Redacted in its Entirety

# EXHIBIT G

# Redacted in its Entirety

# EXHIBIT H

## Redacted in its Entirety

# EXHIBIT I

# Redacted in its Entirety

# EXHIBIT J

## Redacted in its Entirety

# EXHIBIT K

## Redacted in its Entirety

# EXHIBIT L

## Redacted in its Entirety

# EXHIBIT M

## Pai, Alice

| | |
|---|---|
| **From:** | Benassi, Jodi <Jbenassi@mwe.com> |
| **Sent:** | Friday, September 3, 2021 4:18 PM |
| **To:** | ArcherDX Natera; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com |
| **Cc:** | Natera-ArcherDX MWE Team; dfahnestock; JBlumenfeld@MNAT.com; Raucci, Anthony D. |
| **Subject:** | RE: Natera v. Archer (20-cv-125): Defendants' Response To Natera's Interrogatory No. 5 |

Counsel,

We maintain our position regarding Defendants' alleged issues with Dr. Zimmermann's deposition.

Regards,
Jodi

JODI BENASSI
Associate
**McDermott Will & Emery LLP**  415 Mission Street, Suite 5600, San Francisco, CA 94105-2616
**Tel** +1 628 218 3896   **Mobile** +1 408 202 6601   **Email** jbenassi@mwe.com
**Biography | Website | vCard | Twitter | LinkedIn**

---

**From:** Paulson, Kaitlin <Kaitlin.Paulson@weil.com>
**Sent:** Tuesday, August 31, 2021 8:40 PM
**To:** Kim, Mandy <Mhkim@mwe.com>; Natera-ArcherDX MWE Team <Natera-ArcherDXMWETeam@mwe.com>;
dfahnestock <dfahnestock@morrisnichols.com>; jblumenfeld@mnat.com; Raucci, Anthony D. <araucci@MNAT.com>
**Cc:** ArcherDX.Natera@weil.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Subject:** RE: Natera v. Archer (20-cv-125): Defendants' Response To Natera's Interrogatory No. 5

**[ External Email ]**
Counsel:

We are available to meet and confer on Thursday at 10am PT and will circulate a calendar invite shortly.

Regards,
Kaitlin

---

**From:** Kim, Mandy <Mhkim@mwe.com>
**Sent:** Tuesday, August 31, 2021 4:47 PM
**To:** Walter, Derek <Derek.Walter@weil.com>; ArcherDX Natera <ArcherDX.Natera@weil.com>;
bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Natera-ArcherDX MWE Team <Natera-ArcherDXMWETeam@mwe.com>; dfahnestock
<dfahnestock@morrisnichols.com>; JBlumenfeld@MNAT.com; Raucci, Anthony D. <araucci@MNAT.com>
**Subject:** RE: Natera v. Archer (20-cv-125): Defendants' Response To Natera's Interrogatory No. 5

Derek,

We are available to meet and confer tomorrow at 1pm PT or Thursday at 10am PT.

Thanks,

MANDY KIM
Partner
**McDermott Will & Emery LLP**  18565 Jamboree Road, Suite 250, Irvine, CA 92612-2565
**Tel** +1 949 757 6061   **Mobile** +1 310 869 4512   **Email** mhkim@mwe.com
Biography | Website | vCard | Twitter | LinkedIn

---

**From:** Walter, Derek <Derek.Walter@weil.com>
**Sent:** Thursday, August 26, 2021 3:53 PM
**To:** Kim, Mandy <Mhkim@mwe.com>; ArcherDX.Natera@weil.com; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Natera-ArcherDX MWE Team <Natera-ArcherDXMWETeam@mwe.com>; dfahnestock <dfahnestock@morrisnichols.com>; jblumenfeld@mnat.com; Raucci, Anthony D. <araucci@MNAT.com>
**Subject:** RE: Natera v. Archer (20-cv-125): Defendants' Response To Natera's Interrogatory No. 5

**[ External Email ]**
Mandy:

We actually do indeed intend to seek to amend our pleading to add the inequitable conduct and inventorship issues that have stemmed from Natera's recent Patent Office submissions.  To that end, please see the attached proposed amended pleading along with a redline.  Some of the exhibit numeration to needs to finalized, and we will do that to the extent possible before filing as finalized deposition transcripts become available.

Let us know when you're available to meet and confer on this tomorrow.

We'll also need to meet and confer regarding whether Natera will identify the individuals who have been instructed not to respond to questions based on their non-lawyer status along with the improper instructions issued during the Zimmerman deposition and Dr. Zimmerman's inability to testify on Topic 55.

Thanks,

Derek

---

**From:** Kim, Mandy <Mhkim@mwe.com>
**Sent:** Wednesday, August 25, 2021 11:13 AM
**To:** ArcherDX Natera <ArcherDX.Natera@weil.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Natera-ArcherDX MWE Team <Natera-ArcherDXMWETeam@mwe.com>; dfahnestock <dfahnestock@morrisnichols.com>; JBlumenfeld@MNAT.com; Raucci, Anthony D. <araucci@MNAT.com>
**Subject:** Natera v. Archer (20-cv-125): Defendants' Response To Natera's Interrogatory No. 5

Counsel,

We write regarding Defendants' response to Natera's Interrogatory No. 5, dated August 16, 2021.  Defendants have improperly included a new inequitable conduct claim that has not been pleaded.  Please confirm Defendants will withdraw its response or let us know your availability to meet and confer as Natera intends to move to strike the newly added inequitable conduct claim.

Thanks,

MANDY KIM
Partner

2

**McDermott Will & Emery LLP** 18565 Jamboree Road, Suite 250, Irvine, CA 92612-2565
**Tel** +1 949 757 6061   **Mobile** +1 310 869 4512   **Email** mhkim@mwe.com
Biography | Website | vCard | Twitter | LinkedIn

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please visit http://www.mwe.com/ for more information about our Firm.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# EXHIBIT N

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATERA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-125 (LPS) |
| | ) | (CONSOLIDATED) |
| ARCHERDX, INC., ARCHERDX, LLC and | ) | |
| INVITAE CORP. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**NATERA, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS'
SECOND NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 30(b)(6)**

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff Natera, Inc. ("Natera"), by and through their undersigned attorneys, hereby responds to ArcherDX, Inc.'s, ArcherDX, LLC's and Invitae Corp.'s (collectively "Defendants"), Second Notice of Deposition as follows:

**<u>RESERVATION OF RIGHTS</u>**

Natera's responses and objections (collectively "Responses") to Defendants' Second Notice of Deposition ("Notice") do not constitute any admission by Natera that any questions posed at deposition pursuant to the Notice, or the answers thereto, are admissible as evidence at trial or any other proceeding. Natera specifically reserves the right to object on any grounds, at any time, to the specific questions posed at any deposition and to the admission of any question, any response, or document produced at trial or other proceeding.

Natera's agreement to designate one or more witnesses to testify in response to a deposition topic is not a representation that information or documents responsive to that deposition topic exist or are known or reasonably available to Natera, that such topic is relevant to any issue in the litigation, or that Natera has in its possession, custody or control information or documents

responsive to that deposition topic.  Finally, Natera does not waive any objection made in these responses, nor any claim of privilege, whether expressly asserted or not, by agreeing to designate one or more witnesses in response to any deposition topic.

## **GENERAL OBJECTIONS**

Natera makes the following General Objections, whether or not separately set forth below in response to a specific topic, to each and every topic set forth in the Notice ("Topic" or "Topics"):

1. Natera objects to the time and location of the deposition unilaterally set by Defendants.  Natera will work with Defendants to make witnesses available at a convenient time and location.

2. Natera objects to the Topics and Definitions to the extent that they seek to impose obligations on Natera that alter, broaden, exceed and/or are inconsistent with those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware.  Natera will comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware and all Court Orders regarding discovery.

3. Natera objects to the Topics and Definitions to the extent that they are vague, ambiguous, unintelligible, overly broad, unduly burdensome, oppressive, harassing, duplicative or cumulative of other requests, not limited to a relevant time period, seek information irrelevant to any party's claims or defenses or proportional to the needs of the case.

4. Natera further objects to the Topics and Definitions to the extent that they are duplicative of other discovery taken in this Action, including document requests, and/or to the extent it is more easily available through other less burdensome means.

5. Natera objects to the Topics and Definitions to the extent that they seek testimony regarding information, documents, or things subject to the attorney-client privilege, the attorney

work-product doctrine, and/or other privilege or immunity against disclosure.  Such testimony

regarding information, documents and things will not be provided in response to the Topics, and

any inadvertent disclosure shall not be deemed a waiver of any privilege, work product protection,

or other protection.

6.      Natera further objects the Topics and Definitions to the extent that they seek

information that is subject to non-disclosure agreements, confidentiality agreements or which is

subject to protective orders pursuant to Fed. R. Civ. P. 26(c) and/or implicate the privacy interests

of non-parties.

7.      Natera objects to the Topics and Definitions to the extent that they call for legal

conclusions.  Natera's responses will be as to matters of fact only and shall not be construed as

stating or implying any legal conclusions concerning the matters referred to in any Topic or

response.

8.      Natera objects to the Topics and Definitions to the extent that they call for Natera's

contentions.  In the District of Delaware, a Rule 30(b)(6) deposition topic requesting a party to

present its contentions is improper. *See, e.g., Axiohm IPS, Inc. v. Epson Am., Inc.*, C.A. No. 00-

420-SLR, at 4 (D. Del. Mar. 28, 2001) (transcript of hearing before Judge Robinson) ("[W]e don't

do contention depositions in this district"); *McKesson Info. Solutions LLC v. The TriZetto Group,*

*Inc.*, C.A. No. 04-1258-SLR, at 21 (D. Del. Aug. 2, 2005) ("[I]f you ask for depositions concerning

the basis for a defense, that is a contention interrogatory.  You can ask who has knowledge and

then you can take individual depositions, but I don't believe that a corporate deposition is

appropriate for contention.") (transcript of hearing before Judge Robinson); *accord In re '318*

*Patent Infringement Litig.,* C.A. No. 05-356-KAJ, at 22 (D. Del. Apr. 12, 2006) (transcript of

hearing before Judge Jordan) ("The objection is well founded that this is posing as a 30(b)(6) topic

what has historically in this district been treated as the type of information which is to be sought by contention interrogatories.  And that 30(b)(6) depositions are an inappropriate tool for probing legal questions."); *Chalumeau Power Sys. LLC v. Alcatel-Lucent USA, Inc. et al.*, C.A. No. 11-1175-RGA, Tr. at 27-28 (D. Del. Oct. 4, 2013) ("I do think that contention depositions are not fair to whomever's being asked to formulate things.") (Transcript of hearing before Judge Andrews, quashing contention deposition topics).  Moreover, Natera objects to all contention Topics as duplicative of interrogatories already served.

9.       Natera objects to the Topics and Definitions to the extent that they seek information, documents or things not within Natera's possession, custody, or control.  An objection on this ground does not constitute a representation or admission that any such information, documents or things exist.

10.       Natera objects to the Topics and Definitions to the extent that they seek testimony regarding documents and things available through public sources or in Defendants' possession.

11.       Natera objects to the Topics as premature or improper to the extent that they seek, relate to, or require expert testimony when the parties have not yet engaged in expert discovery or exchanged expert witness reports.

12.       Natera incorporates by reference its General Objections to Defendants' earlier served written discovery requests, including Natera's Responses and Objections to ArcherDX's First Set of Interrogatories.

13.       Natera incorporates its General Objections by reference into each response set forth below, and does not waive any objection asserted in its General Objections.  A response to any Topic should not be taken as a waiver of any specific or general objection to that Topic.

14.     Natera's objections are made subject to, and without waiver of, Natera's rights to: (1) object to questions presented at the deposition; and/or (2) contest the relevance, materiality, or admissibility of any information disclosed or discussed during the deposition.

15.     Natera is still investigating and analyzing facts and law pertaining to this action, and has not yet completed this investigation.  Natera therefore, reserves the right to add, modify or otherwise change or amend its present responses.  Those responses are also subject to correction for omissions or errors.

## OBJECTIONS TO DEFINITIONS

1.     Natera objects to ArcherDX's definition of "Natera," "Natera, Inc.," "Plaintiff," "You," and "Your" to the extent it imposes duties on or would require the discovery of information from Persons that are not reasonably within the scope of discovery or subject to discovery obligations.   For purposes of its responses, Natera understands "Natera," "Natera, Inc.," "Plaintiff," "You," and "Your" to mean Natera, Inc.

2.     Natera objects to the definition of "Counterpart" as overly broad.  The definition purports to include "any and all patents in any country based upon any application related in any fashion to the Asserted Patents (or to the corresponding application on which they were granted), including any counterparts and any patents that may have been opposed, reexamined, reissued, or subjected to any validity or nullity proceeding."  For purposes of its responses, Natera has limited the term "Related Patents" to the Asserted Patents and the priority patents or applications thereof.

## SPECIFIC OBJECTIONS AND RESPONSES TO RULE 30(b)(6) DEPOSITION TOPICS

## TOPIC NO. 52:

The facts and circumstances relating to Your decision to prosecute the Asserted Patents.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of Civil Procedure by encompassing information not relevant to this Action.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including inter alia, information related to "facts and circumstances."  Natera further objects to this Topic as vague and ambiguous, including the terms "facts," "circumstances," "relating," "prosecute" and "decision."  Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

**TOPIC NO. 53:**

The facts and circumstances surrounding the prosecution of the Asserted Patents.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of

Civil Procedure by encompassing information not relevant to this Action.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including inter alia, information related to "facts and circumstances."  Natera further objects to this Topic as vague and ambiguous, including the terms "facts," "circumstances," "surrounding" and "prosecution."  Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

**TOPIC NO. 54:**

Your knowledge of the Accused Products and/or ArcherDX's AMP technology in connection with the prosecution of the Asserted Patents.

<u>**RESPONSE**</u>:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of Civil Procedure by encompassing information not relevant to this Action.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including inter alia, information related to "ArcherDX's AMP technology."  Natera further objects to this Topic as vague and ambiguous, including the terms "knowledge," "ArcherDX's AMP technology," "in connection"

and "prosecution."  Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

**TOPIC NO. 55:**

Your first knowledge of the Accused Products.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of Civil Procedure.  Natera further objects to this Topic as overly broad, unduly burdensome, vague and ambiguous, including the term "first knowledge."  Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within Defendants' possession.  Natera also objects to this Topic as premature to the extent that it seeks expert testimony or information that

may be developed through expert discovery.  Natera further objects to this Topic to the extent that it calls for legal conclusions.  Natera objects to the Topics and Definitions to the extent that they call for Natera's contentions.  As Defendants are aware, such testimony from a Rule 30(b)(6) deponent is not allowed in the District of Delaware (*see supra* General Objection No. 8 and authority cited therein).  Moreover, Natera objects to all contention Topics as duplicative of interrogatories already served or as unwarranted and impermissible expansions of interrogatories and requests for production permitted in this case.  Natera further objects to this Topic as seeking information that is more properly sought through other types of discovery, including written discovery requests.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will identify and provide a 30(b)(6) witness or witnesses to testify regarding non-privileged factual information as to first knowledge of the accused products.

**TOPIC NO. 56:**

Your first knowledge of ArcherDX's AMP chemistry.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of Civil Procedure.  Natera further objects to this Topic as overly broad, unduly burdensome, vague and ambiguous, including the terms "first knowledge" and AMP chemistry."  Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by

applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within Defendants' possession.  Natera also objects to this Topic as premature to the extent that it seeks expert testimony or information that may be developed through expert discovery.  Natera further objects to this Topic to the extent that it calls for legal conclusions.  Natera objects to the Topics and Definitions to the extent that they call for Natera's contentions.  As Defendants are aware, such testimony from a Rule 30(b)(6) deponent is not allowed in the District of Delaware (*see supra* General Objection No. 8 and authority cited therein).  Moreover, Natera objects to all contention Topics as duplicative of interrogatories already served or as unwarranted and impermissible expansions of interrogatories and requests for production permitted in this case.  Natera further objects to this Topic as seeking information that is more properly sought through other types of discovery, including written discovery requests.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will identify and provide a 30(b)(6) witness or witnesses to testify regarding non-privileged factual information as to first knowledge of the accused products that use the Anchored Multiplex PCR ("AMP") technology.

**TOPIC NO. 57:**

The commercial relationship between You and ArcherDX, and any discussions in furtherance of such a relationship.

<u>**RESPONSE**</u>:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks information that is not relevant to a party's claims or defenses or proportional to the needs of the case.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including *inter alia*, information related to "any discussions."  Natera further objects to this Topic as vague and ambiguous, including the terms "commercial relationship" and "discussions."   Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within ArcherDX's possession.  Natera also objects to this Topic as premature to the extent that it seeks expert testimony or information that may be developed through expert discovery.  Natera further objects to this Topic to the extent that it calls for legal conclusions.  Natera further objects to this Topic to the extent it is duplicative of other discovery taken in this Action, including document requests, and/or to the extent it is more easily available through other less burdensome means.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera is willing to meet and confer on this Topic.

**TOPIC NO. 58:**

Your knowledge of Your purchases of the ArcherDX products, Your attempts to purchase such products, and/or quotes you received for such products.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks information that is not relevant to a party's claims or defenses or proportional to the needs of the case.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including *inter alia*, information related to "ArcherDX products."  Natera further objects to this Topic as vague and ambiguous, including the terms "knowledge," "purchases," "ArcherDX products," "attempts to purchase" and "quotes." Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within ArcherDX's possession.  Natera further objects to this Topic to the extent it is duplicative of other discovery taken in this Action, including document requests, and/or to the extent it is more easily available through other less burdensome means.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera is willing to meet and confer on this Topic.

**TOPIC NO. 59**

Your knowledge of Your registration and/or attendance at seminars, presentations, talks, webinars, or conferences where ArcherDX products or AMP chemistry was discussed or presented.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of Civil Procedure by encompassing information not relevant to this Action.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including inter alia, information related to "knowledge of Your registration and/or attendance at seminars, presentations, talks, webinars, or conferences where ArcherDX products or AMP chemistry was discussed or presented."  Natera further objects to this Topic as vague and ambiguous, including the terms "knowledge," "registration and/or attendance," "seminars, presentations, talks, webinars, or conferences," "ArcherDX products," "AMP chemistry," "discussed" and "presented."  Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within ArcherDX's possession.  Natera further objects to this Topic to the extent it is duplicative of other discovery taken in this Action, including document requests, and/or to the extent it is more easily available through other less burdensome means.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

**TOPIC NO. 60**

Your knowledge of Your meetings with ArcherDX and the subject matter of those meetings.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of Civil Procedure by encompassing information not relevant to this Action.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including inter alia, information related to "knowledge of Your meetings with ArcherDX and the subject matter of those meetings." Natera further objects to this Topic as vague and ambiguous, including the terms "knowledge," "meetings" and "subject matter." Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within ArcherDX's possession.  Natera further objects to this Topic to the extent it is duplicative of other discovery taken in this Action, including document requests, and/or to the extent it is more easily available through other less burdensome means.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

- 14 -

**TOPIC NO. 61**

Your knowledge of Your subscription to ArcherDX mailing and/or emailing lists.

**RESPONSE**:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of Civil Procedure by encompassing information not relevant to this Action.  Natera further objects to this Topic as overly broad and unduly burdensome in scope, including inter alia, information related to "knowledge of Your subscription to ArcherDX mailing and/or emailing lists."  Natera further objects to this Topic as vague and ambiguous, including the terms "knowledge," "subscription" and "mailing and/or emailing lists." Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within ArcherDX's possession.  Natera further objects to this Topic to the extent it is duplicative of other discovery taken in this Action, including document requests, and/or to the extent it is more easily available through other less burdensome means.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera will not provide a 30(b)(6) witness to offer testimony on this Topic.

**TOPIC NO. 62**

Your knowledge of ArcherDX as a supplier in Natera's internal purchasing system.

<u>**RESPONSE**</u>:

Natera hereby incorporates its General Objections set forth above as though fully set forth herein.  Natera objects to this Topic to the extent it seeks to improperly expand the scope of responsive information beyond that which is relevant to any party's claims or defenses or proportional to the needs of the case and beyond the scope of Rules 26 of the Federal Rules of Civil Procedure.  Natera further objects to this Topic as overly broad, unduly burdensome, vague and ambiguous, including the terms "knowledge," "supplier" and "internal purchasing system." Natera further objects to this Topic to the extent it seeks information that is protected from disclosure by applicable privileges, immunities and protections, including without limitation, the attorney-client privilege, attorney work product doctrine, consulting expert privilege and/or any other applicable constitutional, statutory or common law privilege or protection.  Natera also objects to this Topic on the basis that it seeks information that is publicly available or that is already within ArcherDX's possession.  Natera further objects to this Topic as seeking information that is more properly sought through other types of discovery, including written discovery requests.

Subject to, and without waiving the foregoing objections, and based on its understanding of the Topic, Natera responds as follows: Natera is willing to meet and confer on this Topic.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
dfahnestock@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Natera, Inc.*

OF COUNSEL:

Bhanu K. Sadasivan
William G. Gaede, III
Jodi L. Benassi
MCDERMOTT WILL & EMERY LLP
415 Mission Street, Suite 5600
San Francisco, CA  94105
(650) 815-7400

Mandy H. Kim
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA  92612
(949) 757-6061

July 23, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 23, 2021, copies of the foregoing were caused to be served

upon the following in the manner indicated:

Brian E. Farnan, Esquire                                    *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Defendants*


Edward R. Reines, Esquire                                 *VIA ELECTRONIC MAIL*
Derek C. Walter, Esquire
Kaitlin Paulson, Esquire
Concord Cheung, Esquire
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
*Attorneys for Defendants*


Christopher T. Marando, Esquire                      *VIA ELECTRONIC MAIL*
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC  20036
*Attorneys for Defendants*


*/s/ Derek J. Fahnestock*
_____
Derek J. Fahnestock (#4705)

# EXHIBIT O

## Pai, Alice

| | |
|---|---|
| **From:** | Benassi, Jodi <Jbenassi@mwe.com> |
| **Sent:** | Tuesday, August 24, 2021 9:05 AM |
| **To:** | ArcherDX Natera; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com |
| **Cc:** | Natera-ArcherDX MWE Team; dfahnestock; JBlumenfeld@MNAT.com; Raucci, Anthony D. |
| **Subject:** | RE: Natera v. Archer (20-cv-125):  30(b)(6) Designations |


Counsel,

Subject to Natera's objections and responses to Defendants' 30(b)(6) notice, Natera designates Bernhard Zimmerman to testify regarding non-privileged factual information for topics 55-56.

We will identify a witness for topic 49 shortly.

Regards,
Jodi

JODI BENASSI
Associate
 McDermott Will & Emery LLP  415 Mission Street, Suite 5600, San Francisco, CA 94105-2616
**Tel** +1 628 218 3896    **Mobile** +1 408 202 6601    **Email** jbenassi@mwe.com
**Biography | Website | vCard | Twitter | LinkedIn**

---

**From:** Paulson, Kaitlin <Kaitlin.Paulson@weil.com>
**Sent:** Monday, August 23, 2021 9:43 PM
**To:** Natera-ArcherDX MWE Team <Natera-ArcherDXMWETeam@mwe.com>; jblumenfeld@mnat.com; dfahnestock <dfahnestock@morrisnichols.com>; Raucci, Anthony D. <araucci@MNAT.com>
**Cc:** ArcherDX.Natera@weil.com; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** Natera v. Archer (20-cv-125): 30(b)(6) Designations

**[ External Email ]**
**[ External Email ]**
Counsel:

Natera agreed to designate witness(es) for Defendants' 30(b)(6) topics 49, 55, and 56.  We are unable to find any designations from Natera on these three topics.  Please advise.

Regards,
Kaitlin




**Kaitlin Paulson**

*Weil, Gotshal & Manges LLP*
*201 Redwood Shores Parkway*
*Redwood Shores, CA 94065-1134*
kaitlin.paulson@weil.com

+1 650 802 3904 Direct
+1 650 802 3100 Fax

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.


*****************************************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
*****************************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.