IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATERA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-125 (LPS) |
| | ) | (CONSOLIDATED) |
| ARCHERDX, INC., ARCHERDX, LLC and | ) | |
| INVITAE CORP., | ) | **REDACTED - PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |

**NATERA, INC.'S LETTER BRIEF IN OPPOSITION TO
DEFENDANTS' DISCOVERY DISPUTE LETTER**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Jack B. Blumenfeld (#1014) |
|  | Derek J. Fahnestock (#4705) |
|  | Anthony D. Raucci (#5948) |
|  | 1201 North Market Street |
| OF COUNSEL: | P.O. Box 1347 |
|  | Wilmington, DE 19899-1347 |
| William G. Gaede, III | (302) 658-9200 |
| Bhanu K. Sadasivan | jblumenfeld@morrisnichols.com |
| Jodi L. Benassi | dfahnestock@morrisnichols.com |
| MCDERMOTT WILL & EMERY LLP | araucci@morrisnichols.com |
| 415 Mission Street, Suite 5600 |  |
| San Francisco, CA 94105 | *Attorneys for Plaintiff Natera, Inc.* |
| (650) 815-7400 |  |

Mandy H. Kim
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92612
(949) 757-6061

**Original Filing Date: October 1, 2021**
**Redacted Filing Date: October 8, 2021**

Dear Chief Judge Stark:

Plaintiff Natera, Inc. ("Natera") submits this response to Defendants' ArcherDX, Inc., ArcherDX, LLC and Invitae Corp. ("Defendants") September 29, 2021 Discovery Dispute Letter.

## I.   INTERROGATORY NO. 24

Defendants seek to turn their burden to show a lack of adequate written description on its head by requesting from the party without the burden not simply where each claim draws written description support (which would subvert the burden), but where it is present in a specific embodiment (which further distorts the law).  Indeed, Defendants' final invalidity contentions do not disclose claim-by-claim or element-by-element, their written description defense for each patent.  Despite Natera's consistent position that Defendants have not met their burden of showing why and how the asserted patents do not teach the claimed inventions, Natera agreed to – and did – supplement its response.  Contrary to Defendants' arguments, Natera identified numerous single embodiments in the specification that disclose each element of the asserted claims that are clearly reflected by the pin-cites to the specification in its supplemental response.  Moreover, it is entirely consistent with Natera's response to Defendants' request for admission that the specification discloses at least a single embodiment that includes all claim limitations.

During the parties' meet and confer on September 27, Defendants demanded Natera provide a claim-by-claim, element-by-element response, but refused to provide the same level of response to Natera's Interrogatory No. 5, which seeks Defendants' non-infringement positions on a claim-by-claim, element-by-element basis.  Ex. 1 at 9-16.  "The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive."  D.I. 60 at 5.  Defendants cannot have it both ways.

## II.   NATERA'S DEPOSITION PREPARATION OF ITS WITNESSES IS PROPER AND IN ANY EVENT, PRIVILEGED

Defendants' complaints of alleged improper "coaching" during witness preparation are unfounded and stem from Defendants' strategy of asking broad questions implicating legal issues and privilege to third party and Natera witnesses in an effort to obtain soundbites instead of factual information on the development of the inventions.  When Defendants' cherry-picked snippets are read in proper context, the testimony makes clear that (1) the questions were couched in legal language or invoked legal conclusions and opinions; (2) the witnesses were never instructed not to answer questions during their deposition; and (3) in fact, did not refuse to answer but answered to the best of their ability based on their understanding of the questions that were asked not to elicit facts, but legal conclusions better suited for experts or even contention interrogatories.

1

There is nothing improper about an inventor using caution when asked a vague question seeking opinion testimony on legal concepts years after the fact, rather than a question about particular facts within his knowledge.

Defendants' arguments as to the remaining three witnesses also fail.

The objections that such questions call for a legal conclusion or legal opinions were not improper, the witnesses were **not** instructed not to answer and did in fact, answer to the best of their ability in their capacity as scientists. Understanding that many of these are third party witnesses and that it actually received answers to its questions, Defendants broadly blame "Natera" for perceived deficiencies and seek unarticulated relief such as "a limiting jury instruction," which it never raised in any meet and confer, or a "list" of witnesses "who received this improper coaching." Defendants are not entitled to pry open privileged deposition preparation to look for things to complain about simply because they did not get the soundbites they wanted, and unsurprisingly, cite no authority to do so.

### III.    NATERA DID NOT IMPROPERLY INSTRUCT DR. ZIMMERMANN

Defendants' argument that they were somehow "thwarted" or unable to "thoroughly" depose Dr. Zimmermann on Defendants' question as to why Natera waited to file certain applications and/or sue Defendants because of an improper instruction is simply wrong. It is not Natera's conduct that was improper here but Defendants'. In fact, Dr. Zimmermann was asked this question at least 17 times in argumentative fashion and clearly provided answers. Ex. 4 at 201:5-211:16. Natera's counsel's objections were not "vague" at all. Rather, during the entire line of repeated, harassing and argumentative questioning, counsel clearly objected multiple times on grounds that the questions were asked and answered, argumentative, seeking legal conclusions, and further, cautioned the Dr. Zimmermann not to answer unless he could make statements without divulging privileged legal strategy. *See, e.g., id.* at 201:9-12; 203:9-11; 204:10-13; 204:19-22; 205:9-13; 205:19-25; 206:25-207:1.

2

Defendants' attempt to rest on an obligation by Natera to interrupt the deposition or move for a protective order after harassing the witness on questions that touch on privilege and attorney work product would provide perverse incentives and is baseless. Moreover, Defendants' request that the Court order Dr. Zimmermann to sit for further deposition should not be permitted. Defendants already "thoroughly" deposed Dr. Zimmermann.  In fact, they used all 7 hours permitted under the Federal Rules.  Ex. 4 at 267:5-12.  Defendants are merely trying to force Dr. Zimmermann to sit for another deposition because they wasted all of their allotted time under the Federal Rules asking questions entirely outside the scope of testimony for which Dr. Zimmermann was designated.  Defendants should not be permitted to bring Dr. Zimmermann back to continue to engage in this improper deposition questioning conduct.  In any event, calling **Dr. Zimmermann back would not change any of the clear answers he has already given on these questions**.  *Id.* at 213:17-22 (When Dr. Zimmermann was asked, "is your testimony going to be any different from what you have testified to the same question the last five or six times?" he answered, "My testimony would not be substantially different, no.").

IV.     **NATERA PROVIDED A PREPARED 30(B)(6) WITNESS FOR TOPIC 55 AND NO FURTHER DEPOSITIONS ARE NECESSARY**

Dr. Zimmermann was prepared to testify – and did testify – as to Natera's first knowledge of the accused products.

Given this ambiguity, Dr. Zimmermann appropriately for more specificity as to what the specific accused product was that he was being asked about.  Defendants' counsel did not provide the requested specificity or show him any documents.  Ex. 4 at 185:2-186:22.  Now, Defendants take Dr. Zimmermann's testimony out of context.

.
Defendants' are simply making an improper attempt to have another bite at the apple after wasting all of their allotted 30(b)(6) deposition time as discussed above.

3

        Respectfully,

        */s/ Derek J. Fahnestock*

        Derek J. Fahnestock (#4705)

DJF/lo
Attachments
cc:    All Counsel of Record (*via* CM/ECF and e-mail)

4