

October 12, 2021

**VIA E-FILING**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street                    **FILED UNDER SEAL**
Wilmington, DE 19801-3556

      RE:    *Natera, Inc. v. ArcherDX, Inc., et al.*
              C.A. No. 20-cv-125-LPS

Dear Judge Stark,

    Defendants write regarding the discovery issue set forth below. The statement below is the same in substance as Defendants' September 29 submission regarding Interrogatory No. 24, with the exception of date changes to reflect the passage of time. *See* D.I. 341. Defendants re-submit this letter solely to comply with the Court's October 4, 2021 oral order. *See* D.I. 348.

## I.    INTERROGATORY NO. 24 ("SPECIFICATION EMBODIMENTS")

    Natera continues to resist identifying the single embodiments in the specification that allegedly correspond to the asserted claims of the '814, '172, '482, and '220 patents, as required by Interrogatory No. 24. *See* Ex. A at 35–37 ("Separately, for each asserted claim of the '814, '172, '482, and '220 patent, identify any single embodiment in the specification that you contend discloses each element of the claim as arranged in the claim."). This is despite Natera's representation from six weeks ago in its response to Defendants' motion to compel that it would identify such embodiments. D.I. 311 at 1. The Court denied Defendants' previous motion on the basis of Natera's belated promise to answer Interrogatory No. 24, a representation Natera refused to make in meet and confer. *See* D.I. 336 at 5 ("Defendants' request that Natera be ordered to respond to Interrogatory No. 24 is DENIED, as Natera has agreed to supplement its interrogatory response by Defendants' requested date."). Yet, in its supplemental response, Natera ***did not identify the single embodiments*** for each asserted claim. Ex. A at 35–37. Instead, Natera provided a wall of string cites that covers most of the substance of the patents, including virtually every single one of multiple embodiments across the 200-page specifications. *Id.*

    This is wholly deficient and improper on its face, particularly in view of Natera's prior RFA responses. Indeed, Natera has admitted that for claim 1 of each of the asserted patents the specification "discloses at least a single embodiment that includes all claim limitations." Ex. B at 16-21. Interrogatory No. 24 simply asks Natera to identify the specific embodiments that it seemingly contends exist. There is no burden here. Natera simply needs to provide a pincite for each asserted claim, and Natera has (presumably) already determined what to cite in light of Defendants' requests for admission (at least with respect to claim 1). Natera's refusal to identify the embodiments is unreasonable and prejudicial. Defendants respectfully request the Court compel Natera to identify the single embodiments forthwith.

2

                                              Respectfully submitted,

                                              /s/ Brian E. Farnan

                                              Brian E. Farnan

cc: Counsel of Record (Via E-Mail)