# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**Derek J. Fahnestock**
(302) 351-9347
dfahnestock@morrisnichols.com

April 13, 2023

The Honorable Gregory B. Williams                    *VIA ELECTRONIC FILING*
United States District Court                              *and HAND DELIVERY*
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:    *Natera, Inc. v. ArcherDX, Inc.*, et al.
           C.A. No. 20-125 (GBW)

Dear Judge Williams:

      Pursuant to the Court's Oral Order (D.I. 563), Plaintiff Natera, Inc. ("Natera") submits this letter outlining its respective position as it relates to case narrowing prior to the 5-day jury trial, which is scheduled to begin on May 8, 2023.

      Natera has been committed to case narrowing since the outset of this case in 2020. While Natera has asserted five patents and 45 claims, it has never objected to dropping certain patents and/or claims in this case. Contrary to Defendants' ArcherDX, Inc., ArcherDX, LLC and Invitae Corp.'s ("Defendants") assertion that "Natera is planning to assert 45 claims at trial" (D,I, 561, at 2), the parties have an agreement in principle with respect to Natera's case narrowing for trial. On March 30, Defendants requested that Natera identify its final set of claims for trial, no more than a total of 10 claims across no more than 3 patents. Ex. A, 3/30/2023 Sieger email at 2. On April 3, Natera agreed to Defendants' proposal contingent on Defendants' agreement to narrow the numerous invalidity and equitable defenses currently asserted in the case. *Id.*, 4/3/2023 Kim email at 1.

      As evidenced through the parties' correspondences and meet and confers, the issue is not the narrowing of asserted claims. Rather, it is Defendants' unwillingness to meaningfully narrow their invalidity defenses for trial, effectively keeping Natera in the dark and causing undue prejudice to Natera until the eve of trial. At this point, Defendants have only proposed (1) identifying two prior art grounds per patent; (2) dropping one of their indefiniteness grounds; and (3) dropping their equitable defenses of unclean hands and inequitable conduct based on failure to disclose materials. Even with Defendants' proposed narrowing, Defendants still maintain numerous invalidity and equitable defenses, including multiple grounds and/or theories under each

The Honorable Gregory B. Williams
April 13, 2023
Page 2

of (i) written description, (ii) enablement, (iii) indefiniteness, (iv) applicants did not claim what they regarded as their invention, (v) invalidity under Section 102(f) for improper inventorship, (vi) prosecution laches, and (vii) inequitable conduct for improper inventorship. Even setting aside the number of grounds within each statutory category, that is at least 7 defenses per claim – three of which are jury issues above and beyond any prior art-based defenses, and four of which will be tried to the Court. And this assumes that Defendants drop their defenses of unclean hands (on two separate grounds), inequitable conduct based on alleged failure to disclose materials, and one of their indefiniteness grounds.

Defendants cannot possibly present all of their Section 112 and prior art defenses to the jury within the time constraints of a 5-day trial in which Defendants will have no more than half the total allotted trial time, and Defendants must know this. The equitable defenses also promise to demand a significant amount of the Court's time for a bench trial. As such, Defendants should be required to narrow all of their defenses, for both the allotted 5 days for a jury trial and a short contemporaneous or subsequent bench phase.

Natera made a reasonable proposal, requesting that Defendants identify the invalidity defenses Defendants may assert at trial (including both jury and bench phases), which will consist of (1) no more than two Section 102 and/or 103 grounds for any one asserted claim; and (2) no more than two Section 112 grounds and/or equitable defenses for any one asserted claim. Natera also proposed that it would identify the narrowed set of patents and claims within two days of the parties reaching an agreement, and that Defendants identify the narrowed set of defenses five days later. This is consistent with the case narrowing expected at the trial phase of a case. *See, e.g.*, *Boston Scientific Corp. et al. v. Nevro Corp.*, C.A. No. 16-cv-01163-CFC-CJB (D. Del. Sept. 20, 2021), Oral Order (ordering for trial that "Defendant shall identify for Plaintiff no later than 10/1/21 no more than two obviousness combinations per claim and no more than two other defenses per claim").

Defendants argue that the majority of their Section 112 defenses have purportedly overlapping factual issues. Surely if Defendants' Section 112 defenses are really "overlapping," they could easily identify and narrow them without any prejudice where trial is less than one month away. The very fact that they refuse to narrow Section 112 defenses at all demonstrates a desire to keep Natera in the dark, and shows that both narrowing and disclosure are needed. Natera has raised this issue with Defendants, but Defendants have refused to narrow their invalidity defenses that they intend to present at trial in a reasonable manner that will allow the parties to present their case within the Court's time constraints. To meaningfully narrow the issues for trial, Defendants should be ordered to reduce the number of invalidity theories they currently assert consistent with Natera's proposal and provide Natera with that information in advance of the jury trial beginning on May 8, 2023.

The Honorable Gregory B. Williams
April 13, 2023
Page 3

Respectfully,

*/s/ Derek J. Fahnestock*

Derek J. Fahnestock (#4705)

DJF/rah
Enclosures
cc:     All Counsel of Record (via electronic mail; w/attachment)