

April 10, 2023

**VIA E-FILING**
The Honorable Gregory B. Williams
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555                                   **FILED UNDER SEAL**

Re:   *Natera, Inc. v. ArcherDX, Inc., et al.*
      <u>C.A. No. 20-cv-125-GBW</u>

Dear Judge Williams:

Pursuant to the Court's April 4 order (D.I. 557), Defendants ArcherDX, Inc. ArcherDX, LLC, and Invitae Corp. ("Defendants") respectfully request an order compelling Plaintiffs Natera, Inc. ("Natera") to produce a focused set of documents related to a recent agreement or potential agreement between Natera and IDT involving the exact patents and products at issue in this case.

In just the last few weeks, Defendants have discovered that Natera has entered into negotiations related to the patents asserted in this case ***and*** several of the products accused of infringement, which are now owned by IDT. It is Defendants' understanding that Natera and IDT either have reached, or are close to reaching, a license agreement or covenant not-to-sue on the asserted patents for minimal or no value, potentially establishing that nearly ██████████ of the reasonable royalties demanded by Natera are without merit. Natera has not denied that such an agreement of some type exists, but has instead refused to produce any documents whatsoever relating to its recent dealings with IDT.

As such, Defendants respectfully request that the Court compel Natera to produce any agreements, including covenants not-to-sue, and related correspondence with IDT. Defendants note that trial is scheduled to begin in just a few weeks' time on May 8, and thus respectfully request a prompt ruling on this issue so that the discovery can be evaluated and incorporated into the trial proceedings.

<u>**Background**</u>

This case concerns PCR amplification methods used in DNA testing kits employed for oncology applications. Natera asserts that five of its patents have been infringed by the use of certain DNA testing products: FusionPlex, VariantPlex, LiquidPlex, ArcherMET, STRATAFIDE, and PCM.

Natera is seeking damages in the form of lost profits and reasonable royalties, and alleges that it is entitled to the following royalties for the alleged infringement by each of the accused products:



This table shows that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ of the total claimed royalty damages, is derived from the FusionPlex, VariantPlex, ArcherMET, and LiquidPlex products.

This is critical, because, in December 2022, Defendants and IDT executed an agreement pursuant to which IDT acquired the FusionPlex, VariantPlex, ArcherMET, and LiquidPlex products ("IDT Accused Products") from Defendants' product portfolio.  Following this transaction, Natera has neither sought to join IDT in this case nor initiated an infringement lawsuit against IDT.  Based on this and other information, it is evident that Natera and IDT have agreed upon or are close to agreeing upon terms regarding the IDT Accused Products, which Natera has claimed to be infringing in this case.  In multiple communications and meet and confers, Natera has not denied this.

**The Pending Discovery Dispute**

Considering IDT's ownership of the IDT Accused Products, which represent 83% of the royalties Natera is pursuing, any agreement between Natera and IDT is highly responsive to the issues in this case.

On March 7, 2023, after it became clear that Natera has been engaged in discussion with IDT, Defendants requested that Natera produce relevant documents and communications with IDT related to the asserted patents and this case, including any draft or executed license or settlement agreements. Ex. 1 at 13. Since then, Natera has not refuted that it communicated with IDT about this case, nor has it denied the existence of some form of agreement, whether it be a license or a covenant not to sue.  The parties have spent weeks exchanging emails and conferring on this issue. If no agreement between Natera and IDT exists, Natera surely would have simply stated as such and put the issue to bed, rather than force Defendants to escalate the issue to the point of requiring Court involvement.

Of course, any agreement or potential agreement is not just highly relevant, but also directly responsive to discovery requests Defendants have served in this case. For example, Defendants' Interrogatory No. 13 requests that Natera "[i]dentify all agreements that refer or relate to the Patents-in-Suit or Related Patents (including but not limited to every license agreement, settlement agreement, royalty agreement, assignment agreement, corporate agreement, compensation agreement, shareholder agreement, indemnification agreement, covenant not-to-sue, release, patent agreement, banking agreement, title, financing statement, lien, security interest). For each such agreement, identify the parties, the effective date, and the business terms and provisions including, but not limited to, any products or processes licensed or otherwise

covered by or the subject of the agreement, any royalty rate or payment provided for by the agreement, and the basis on which royalties or other payments are/were calculated." Ex. 2. To the extent Natera has an agreement with IDT, it should promptly supplement its response to Interrogatory No. 13.

Likewise, Defendants' RFP No. 38 requests that Natera produce "[a]ll documents which refer to or relate to the subject matter of any Interrogatory…" Ex. 3. Defendants' RFP No. 24 requests "[a]ll documents relating to licenses and agreements… concerning the Patents-In-Suit … or any product, system or method that Natera contends embodies any of the inventions disclosed or claimed in the Patents-In-Suit …" Ex. 3. Both requests capture the documents sought in the instant motion, and there is no basis for Natera to refuse to produce the documents.

It is difficult to imagine anything that could be more relevant to the damages issues in this case than a non-litigation license agreement or covenant not to sue between Natera and a third party that involves **both** the patents-in-suit and the products-in-suit. Likewise, given the limited scope of what is being sought here, Natera cannot contend that the requested discovery is burdensome or disproportionate. Natera has never made any suggestion to this effect over the course of the parties' weeks-long discussions.

Defendants therefore respectfully request that Natera be compelled to produce any agreements they have with IDT or correspondence related to any such agreement or potential agreement. In the event that a finalized agreement is not presently in place, Natera should be required to provide documents showing the negotiations with IDT that have transpired.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Mail)