

April 13, 2023

**VIA E-FILING**
The Honorable Gregory B. Williams
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

    Re:    *Natera, Inc. v. ArcherDX, Inc., et al.*
              <u>C.A. No. 20-cv-125-GBW</u>

Dear Judge Williams:

    Pursuant to the Court's April 11 order (D.I. 563), Defendants ArcherDX, Inc. ArcherDX, LLC, and Invitae Corp. ("Defendants") respectfully request an order narrowing the scope of this case in advance of the upcoming trial on May 8.

    Plaintiff Natera, Inc. ("Natera") currently asserts 45 claims across 5 patents. Defendants have done their best to offer compromises and move case narrowing negotiations forward, having agreed to narrow their prior art based defenses twice previously without reciprocation from Natera and also agreeing to drop their unclean hands, inequitable conduct based on failure to disclose materials, and one of their indefiniteness defenses. Defendants' case narrowing proposal is as follows:

- **<u>Natera</u>**: Immediately narrows to 10 asserted claims across no more than three patents.

- **<u>Defendants</u>**: Within 14 days after Natera narrows to 10 claims, Defendants narrow defenses as follows:

    o Two prior art defenses per patent.

    o Three § 112 defenses per patent that are all based on an undisputedly common set of facts.

    o Inventorship, prosecution laches, and one indefiniteness defense.

This proposal is reasonable for all parties. Defendants' prior art defenses are substantially limited, and Defendants' § 112 defenses are all based on the same set of facts to such a degree that even Natera's own validity expert did not deem it necessary to present separate opinions on them. Defendants proposed narrowing is thus more than sufficient to allow Natera to adequately prepare for trial. At the same time, it is not burdensome in the slightest for Natera to reduce to 10 claims across no more than three patents. At the May 12, 2022 status conference that took place ***nearly a year ago***, Natera stated it was ready then to narrow its asserted claims to 10. Ex. 1 at 15:10-16:1. Natera thus has no excuse whatsoever for refusing to narrow immediately.

While Natera should be focused on practical issues related to trial preparation and logistics, it is instead apparently using the case narrowing process solely as a means to gain tactical advantage. Indeed, Natera stubbornly resists even the minimal narrowing they themselves previously proposed nearly a year ago and have instead made insincere proposals that demand onerous limitations upon Defendants. This unconstructive behavior is best illustrated by the following comparison of Natera's proposals from March 29 and April 3:

- **Natera March 29 Proposal for Defendants**: "(1) no more than two combinations of obviousness for any one asserted claim; (2) no more than one anticipation defense for any one asserted claim; and (3) no more than two Section 112 grounds and/or equitable defenses for any one asserted claim."

- **Natera April 3 Proposal for Defendants**: "(1) no more than two Section 102 and/or 103 grounds for any one asserted claim; and (2) no more than two Section 112 grounds and/or equitable defenses for any one asserted claim."

Ex. 2 at 2, 5. Thus, on March 29, Natera proposed that Defendants be limited to *five* defenses per claim, but just five days later, Natera insisted that Defendants be limited to *four* defenses per claim. Over time, Natera's proposals have moved in the wrong direction and have become increasingly onerous, confirming that Natera is not engaged in good faith discussions for trial management purposes, but is instead simply trying to get the best deal possible to help itself on the merits. Under Natera's current proposal, for instance, Defendants could choose one § 112 defense per patent, but would then need to drop either their inventorship or laches defense. The underlying issue is clear: Natera recognizes the strength of Defendants' § 112 and equitable defenses and seeks to limit them by any means possible.

Natera's attempt to strip away so many of Defendants' key defenses before the Court or jury has had any opportunity to consider them on the merits is improper and, if allowed, would violate due process, particularly given that Natera is seeking injunctive relief. There is no trial management justification either. Natera has stated in meet-and-confer that Defendants' §112 defenses are "not already sufficiently narrowed and focused." As Defendants have pointed out multiple times, however, there is a significant overlap of relevant issues among Defendants' non-prior art based defenses. Even Natera's own expert tacitly admits this; Dr. Spellman's report ***addresses written description in a mere single page*** and merely incorporates other sections of his report by reference. Nor did Natera dispute Defendants' statement on April 3 characterizing Defendants' Section 112 defenses as "having an undisputedly overlapping factual core." Ex. 2 at 1.

For the reasons above, Defendants respectfully request that the Court adopt Defendants' Proposed Case Narrowing Order.

Respectfully submitted,

*/s/ Brian E. Farnan*

Brian E. Farnan

cc: Counsel of Record (Via E-Mail)