*Read In Open Court 5/15/23* /s/

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATERA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARCHERDX, INC., ARCHERDX, LLC and INVITAE CORP., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 20-125 (GBW) <br> ) (CONSOLIDATED) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) |

## VERDICT FORM

**Instructions:** When answering the following questions and completing this Verdict Form, please follow the directions provided and follow the Jury Instructions that you have been given. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein:

1. "Natera" refers to Plaintiff Natera, Inc.

2. "Defendants" refers to Defendants ArcherDX, Inc., ArcherDX, LLC and Invitae Corp.

3. The "'172 Patent" refers to U.S. Patent No. 10,557,172.

4. The "'708 Patent" refers to U.S. Patent No. 10,597,708.

5. The "'220 Patent" refers to U.S. Patent No. 10,731,220.

We, the jury, unanimously find as follows.

## DIRECT INFRINGEMENT

1. Has Natera proven by a preponderance of the evidence that Defendants directly infringed any asserted claim of the '172 patent? (a "YES" answer is a finding for Natera; a "NO" answer is a finding for Defendants):

| CLAIM | YES | NO |
|---|---|---|
| 1 | ✓ |  |
| 6 | ✓ |  |
| 8 | ✓ |  |

2. Has Natera proven by a preponderance of the evidence that Defendants directly infringed any asserted claim of the '220 patent? (a "YES" answer is a finding for Natera; a "NO" answer is a finding for Defendants):

| CLAIM | YES | NO |
|---|---|---|
| 1 | ✓ |  |
| 3 | ✓ |  |
| 4 | ✓ |  |
| 6 | ✓ |  |
| 7 | ✓ |  |

3. Has Natera proven by a preponderance of the evidence that Defendants directly infringed any asserted claim of the '708 patent? (a "YES" answer is a finding for Natera; a "NO" answer is a finding for Defendants):

| CLAIM | YES | NO |
|---|---|---|
| 1 | ✓ |  |
| 19 | ✓ |  |

## SAFE HARBOR

4. Have Defendants proven by a preponderance of the evidence that use of the PCM products was reasonably related to the development and submission of information to the U.S. Food and Drug Administration (also known as the FDA)? (a "YES" answer is a finding for Defendants; a "NO" answer is a finding for Natera):

    YES: _____          NO: ___✓_____

## INDIRECT INFRINGEMENT

5. Has Natera proven by a preponderance of the evidence that Defendants indirectly infringed any asserted claim of the '172 patent either by induced infringement or contributory infringement? (a "YES" answer is a finding for Natera; a "NO" answer is a finding for Defendants):

| CLAIM | INDUCED INFRINGEMENT | | CONTRIBUTORY INFRINGEMENT | |
|---|---|---|---|---|
| | YES | NO | YES | NO |
| 1 | | ✓ | | ✓ |
| 6 | | ✓ | | ✓ |
| 8 | | ✓ | | ✓ |

6. Has Natera proven by a preponderance of the evidence that Defendants indirectly infringed any asserted claim of the '220 patent either by induced infringement or contributory infringement? (a "YES" answer is a finding for Natera; a "NO" answer is a finding for Defendants):

| CLAIM | INDUCED INFRINGEMENT | | CONTRIBUTORY INFRINGEMENT | |
|---|---|---|---|---|
| | YES | NO | YES | NO |
| 1 | | ✓ | | ✓ |
| 3 | | ✓ | | ✓ |
| 4 | | ✓ | | ✓ |
| 6 | | ✓ | | ✓ |
| 7 | | ✓ | | ✓ |

3

7. Has Natera proven by a preponderance of the evidence that Defendants indirectly infringed any asserted claim of the '708 patent either by induced infringement or contributory infringement? (a "YES" answer is a finding for Natera; a "NO" answer is a finding for Defendants):

| CLAIM | INDUCED INFRINGEMENT | | CONTRIBUTORY INFRINGEMENT | |
|---|---|---|---|---|
| | YES | NO | YES | NO |
| 1 | | ✓ | | ✓ |
| 19 | | ✓ | | ✓ |

4

## VALIDITY: ANTICIPATION AND OBVIOUSNESS

8. Have Defendants proven by clear and convincing evidence that any of the following claims of the '172 patent are invalid because it would have been anticipated based on Iafrate? (a "YES" answer is a finding for Defendants; a "NO" answer is a finding for Natera):

| CLAIM | INVALID DUE TO ANTICIPATION | |
|---|---|---|
| | YES | NO |
| 1 | | ✓ |
| 6 | | ✓ |
| 8 | | ✓ |

9. Have Defendants proven by clear and convincing evidence that any of the following claims of the '220 patent are invalid because it is anticipated based on Iafrate? (a "YES" answer is a finding for Defendants; a "NO" answer is a finding for Natera):

| CLAIM | INVALID DUE TO ANTICIPATION | |
|---|---|---|
| | YES | NO |
| 1 | | ✓ |
| 3 | | ✓ |
| 4 | | ✓ |
| 6 | | ✓ |
| 7 | | ✓ |

5

10. Have Defendants proven by clear and convincing evidence that any of the following claims of the '708 patent are invalid because it would have been obvious to a person of ordinary skill in the art based on Blomquist in view of Forshew? (a "YES" answer is a finding for Defendants; a "NO" answer is a finding for Natera):

| CLAIM | INVALID DUE TO OBVIOUSNESS | |
|---|---|---|
| | YES | NO |
| 1 | | ✓ |
| 19 | | ✓ |

## VALIDITY: WRITTEN DESCRIPTION, DEFINITENESS, OR FAILURE TO CLAIM WHAT THE INVENTORS REGARDED AS THEIR INVENTION

11. Have Defendants proven by clear and convincing evidence that any of the following claims of the '172 patent are invalid because the patent lacks adequate written description, or fails to claim what the inventors regarded as their invention? (a "YES" answer is a finding for Defendants; a "NO" answer is a finding for Natera):

| CLAIM | INVALID DUE TO LACK OF WRITTEN DESCRIPTION | | INVALID FOR FAILURE TO CLAIM WHAT THE INVENTORS REGARDED AS THEIR INVENTION | |
|---|---|---|---|---|
| | YES | NO | YES | NO |
| 1 | | ✓ | | ✓ |
| 6 | | ✓ | | ✓ |
| 8 | | ✓ | | ✓ |

7

12. Have Defendants proven by clear and convincing evidence that any of the following claims of the '220 patent are invalid because the patent lacks adequate written description, or fails to claim what the inventors regarded as their invention? (a "YES" answer is a finding for Defendants; a "NO" answer is a finding for Natera):

| CLAIM | INVALID DUE TO LACK OF WRITTEN DESCRIPTION | | INVALID FOR FAILURE TO CLAIM WHAT THE INVENTORS REGARDED AS THEIR INVENTION | |
|---|---|---|---|---|
| | YES | NO | YES | NO |
| 1 | | ✓ | | ✓ |
| 3 | | ✓ | | ✓ |
| 4 | | ✓ | | ✓ |
| 6 | | ✓ | | ✓ |
| 7 | | ✓ | | ✓ |

13. Have Defendants proven by clear and convincing evidence that any of the following claims of the '708 patent are invalid because the patent is indefinite? (a "YES" answer is a finding for Defendants; a "NO" answer is a finding for Natera):

| CLAIM | INVALID DUE TO INDEFINITENESS | |
|---|---|---|
| | YES | NO |
| 1 | | ✓ |
| 19 | | ✓ |

8

## INVENTORSHIP

14. Have Defendants proven by clear and convincing evidence that any of the following claims of the '172 patent are invalid for failing to name the proper inventors? (a "YES" answer is a finding for Defendants; a "NO" answer is a finding for Natera):

| CLAIM | INVALID DUE TO IMPROPER INVENTORSHIP | |
|---|---|---|
| | YES | NO |
| 1 | | ✓ |
| 6 | | ✓ |
| 8 | | ✓ |

15. Have Defendants proven by clear and convincing evidence that any of the following claims of the '220 patent are invalid for failing to name the proper inventors? (a "YES" answer is a finding for Defendants; a "NO" answer is a finding for Natera):

| CLAIM | INVALID DUE TO IMPROPER INVENTORSHIP | |
|---|---|---|
| | YES | NO |
| 1 | | ✓ |
| 3 | | ✓ |
| 4 | | ✓ |
| 6 | | ✓ |
| 7 | | ✓ |

## DAMAGES

You are only to answer Question Nos. 16-18 below if you have found an Asserted Claim of the Patents-in-Suit to be infringed *and* not invalid.

16. What is the total amount of damages Natera has proven by a preponderance of the evidence that it is entitled to be paid for lost profits as a result of Defendants' infringing sales of PCM?

    Amount: $ 9,356,886

17. For any PCM sales on which you did not award lost profits, what is the total amount of damages Natera has proven by a preponderance of the evidence that it is entitled to be paid as a reasonable royalty for past sales of Defendants' PCM?

    Royalty Rate: 0 %

    Amount for Sales in the United States: $ 0

    Amount for Sales Outside United States: $ 0

18. What is the total amount of damages Natera has proven by a preponderance of the evidence that it is entitled to be paid as a reasonable royalty for Defendants' past sales of the accused products other than PCM?

    Royalty Rate: 10 %

    Amount for Sales in the United States: $ 5,430,181

    Amount for Sales Outside United States: $ 4,564,963

*Continue to next page.*

## UNANIMOUS VERDICT

UPON REACHING A UNANIMOUS VERDICT ON EACH QUESTION ABOVE, EACH JUROR MUST SIGN BELOW.

We, the jury, unanimously agree to the answers to the above questions and return them under the instructions of this Court as our verdict in this case.

REDACTED    REDACTED

Dated: 5/15/23

11