IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NATERA, INC., )
)
        Plaintiff, )
)
v. ) C.A. No. 20-125 (GBW)
) (CONSOLIDATED)
ARCHERDX, INC., ARCHERDX, LLC and )
INVITAE CORP., )
)
        Defendants. )

## [PROPOSED] JUDGMENT

Pursuant to the JURY VERDICT of May 15, 2023, (D.I. 609) and the Court's Order of September 5, 2023 (D.I. 663), JUDGMENT is hereby entered as follows:

IT IS ORDERED AND ADJUDGED that judgment be and hereby is entered in favor of Natera, Inc. ("Natera") and against Defendants ArcherDX, Inc., ArcherDX, LLC, and Invitae Corporation (collectively, "Defendants") with respect to Natera's claims for direct infringement of:

    (i) claims 1, 6, and 8 of U.S. Patent No. 10,557,172 ("the '172 Patent")

    (ii) claims 1 and 19 of U.S. Patent No. 10,597,708 ("the '708 Patent")

    (iii) claims 1, 3, 4, 6, and 7 of U.S. Patent No. 10,731,220 ("the '220 Patent")

IT IS FURTHER ORDERED AND ADJUDGED that judgment be and hereby is entered in favor of Natera and against Defendants that the '172 Patent, the '708 Patent and the '220 Patent are not invalid;

IT IS FURTHER ORDERED AND ADJUDGED that judgment be and hereby is entered in favor of Natera and against Defendants that Defendants' use of the PCM product was not

reasonably related to the development and submission of information to the U.S. Food and Drug Administration;

IT IS FURTHER ORDERED AND ADJUDGED that judgment be and hereby is entered in favor of Natera and against Defendants with respect to the '172 Patent and the '220 Patent that Defendants have failed to meet their burden of proving prosecution laches;

IT IS FURTHER ORDERED AND ADJUDGED that judgment be and hereby is entered in favor of Defendants against Natera that with respect to the '172 Patent, '220 Patent, and '708 Patent that Natera has failed to meet its burden of proving both induced and contributory infringement by Defendants;

IT IS FURTHER ORDERED AND ADJUDGED that judgment be and hereby is entered in favor of Natera and against Defendants for damages in the amount of $9,356,886 for lost profits as a result of Defendants' infringing sales of PCM, in the amount of $5,430,181 as reasonable royalty for Defendants' past sales in the United States of the accused products other than PCM, and in the amount of $4,564,963 as reasonable royalty for Defendants' past sales outside the United States of the accused products other than PCM, subject to any additional damages, enhanced damages, interest, fees, and/or costs that properly may subsequently be sought and awarded by the Court;

IT IS FURTHER ORDERED AND ADJUDGED that this JUDGMENT shall have the effect of denying as moot all oral and written motions made by the parties during the trial pursuant to Federal Rule of Civil Procedure 50(a), subject to such motions being renewed as post-trial motions.

This JUDGMENT is not a Final Judgment, and instead serves to trigger the time for filing post-trial motions on issues that were decided by the jury, as well as other post-trial matters, but

reserves Natera's motion for supplemental damages, interest and any ordered royalty to be filed following the Court's decision on the permanent injunction (*see* D.I. 614, D.I. 656).

Dated: September 19, 2023

_____
Honorable Gregory B. Williams
United States District Judge